UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

J.W., a minor, by and through Amanda Williams
as Guardian and Next Friend,

      Plaintiff,

v.

The City of Jackson, Mississippi; Chokwe A.
Lumumba Jr.; Tony Yarber; Kishia Powell;
Robert Miller; Jarriot Smash; the Mississippi
State Department of Health; Jim Craig; Trilogy
Engineering Services LLC; and John Does 1-40,

      Defendants.

Civil Action No.: 3:21-cv-663-CWR-LGI

**MOTION TO DISMISS BY DEFENDANTS
MISSISSIPPI DEPARTMENT OF HEALTH AND JIM CRAIG**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Mississippi State Department of Health ("MSDH") and Jim Craig ("Craig") file this Motion to Dismiss all claims asserted against them in the Amended Complaint (Doc. No. 51, "Compl.") filed by Plaintiff J.W., a minor, by and through Amanda Williams as Guardian and Next Friend ("Plaintiff"). In support, MSDH and Craig state as follows:

1.     This lawsuit is about alleged lead contamination in drinking water provided by the City of Jackson ("City") to its residents, including Plaintiff. *See generally* Compl. Generally, the Complaint claims that the named Defendants – including the City, MSDH, Craig (Senior Deputy Director and Director of Health Protection at MSDH), related government employees, and a third-party contractor – made decisions that "led to Plaintiff's exposure to toxic lead in Jackson's drinking water."

2. Plaintiff asserts two counts against Craig only: <u>Count I</u> - a Section 1983 substantive due process claim of a violation of Plaintiff's right to bodily integrity; and <u>Count II</u> - a Section 1983 substantive due process claim of a violation of Plaintiff's right to be protected from state-created danger. Plaintiff also alleges one count against both MSDH and Craig: <u>Count III</u> - a state law negligence claim.

3. All three of these claims are legally insufficient on multiple grounds.

4. A single issue precludes Plaintiff's **Section 1983 claims**: she fails to establish a Constitutional right that clearly existed at the time of Craig's alleged conduct. This question of law is the cornerstone of any Constitutional claim against a state actor. It is required to defeat Craig's qualified immunity defense *and* it is required to state an actionable Section 1983 claim. Without a well-established Constitutional right, Plaintiff's Section 1983 claims fail. Moreover, even if the Court finds Plaintiff asserts such a right, Craig still is entitled to dismissal because – based on the facts alleged by Plaintiff – Craig's conduct was not objectively unreasonable (thus he has qualified immunity from trial) *and* Craig's conduct was not deliberately indifferent (thus he cannot be liable as a matter of law).

5. Likewise, Plaintiff's **state law negligence claim**, governed by the Mississippi Tort Claims Act ("MTCA"), fails as a matter of law for two reasons: because MSDH and Craig are entitled to immunity from liability under the MTCA's discretionary function exemption *and* because Plaintiff failed to comply with the MTCA's notice of claim requirements.

6. Accordingly, MSDH and Craig are entitled to dismissal on all claims.

7. In support of this Motion, Defendants rely upon the supporting memorandum of law filed concurrently herewith, as well as the following exhibit:

- Exhibit 1, Plaintiff's Notice of Claim Letter (redacted to exclude confidential information).

WHEREFORE, Defendants Mississippi Department of Health and Jim Craig respectfully request that this Court grant this Motion and dismiss all of Plaintiff's claims against them with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6). In addition and/or in the alternative, Defendants respectfully request this Court dismiss Plaintiff's negligence claim against them for Plaintiff's failure to comply with the MTCA's notice-of-claim requirements. Defendants request any and all further relief to which this Court finds they are entitled.

Respectfully submitted, this the 10th day of March, 2022.

>MISSISSIPPI STATE DEPARTMENT OF HEALTH AND JIM CRAIG
>*Defendants*
>
>By:   */s/ Meade W. Mitchell*
>       Meade W. Mitchell, MB # 9649
>
>ONE OF THEIR ATTORNEYS

OF COUNSEL:

Meade W. Mitchell, MB # 9649
Orlando R. (Rod) Richmond, MB # 9885
Phillip S. Sykes, MB # 10126
Edderek (Beau) Cole, MB # 100444
Margaret Z. Smith, MB # 104178
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Post Office Box 6010
Ridgeland, MS 39158-6010
Tel: 601-985-4560
Fax: 601-985-4500
Meade.Mitchell@butlersnow.com
Orlando.Richmond@butlersnow.com
Beau.Cole@butlersnow.com
Phillip.Sykes@butlersnow.com
Margaret.Smith@butlersnow.com

Gerald L. Kucia, MB #8716
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4072
Fax: (601) 359-2003
Gerald.Kucia@ago.ms.gov

## CERTIFICATE OF SERVICE

I, Meade W. Mitchell, one of the attorneys for Defendants Mississippi State Department of Health and Jim Craig, do hereby certify that I have this day served a true and correct copy of the above and foregoing document by filing it using the ECF system which sent notice of such filing to all counsel of record.

SO CERTIFIED, this the 10th day of March, 2022.

/s/ *Meade W. Mitchell*
MEADE W. MITCHELL

62737513.v1

4