

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

MAR 11 2022

ARTHUR JOHNSTON
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**J.W., A MINOR, BY AND THROUGH AMANDA WILLIAMS,**
**GUARDIAN AND NEXT FRIEND, ET AL.**                    **PLAINTIFFS**

**VS**                                    **CASE NUMBER 3:21-cv-00663-CWR-LGI**

**THE CITY OF JACKSON, ET AL.**                              **DEFENDANTS**

## ANSWER TO AMENDED COMPLAINT AND JURY TRIAL DEMAND

The City of Jackson, Mississippi, Chokwe A. Lumumba, Tony Yarber, Kishia Powell,

Robert Miller and Jerriot Smash (collectively Defendants), through counsel, respond to the

Amended Complaint as follows, denying Plaintiff is entitled to a jury trial:

Defendants deny the allegations in the unnumbered, second paragraph of the Amended

Complaint.

### INTRODUCTION

1.      Plaintiff initiated this civil action.  Otherwise, denied.

2.      Denied.

3.      Denied.

4.      Denied.

5.      Insufficient knowledge or information; therefore, denied, specifically denying the

validity of the alleged communications.

6.      Insufficient knowledge or information; therefore, denied.

7.      Denied.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Insufficient knowledge or information; therefore, denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     The City Council approved a contract for Trilogy Engineering Services LLC ("Trilogy') to perform a water treatment system corrosion control study and perform other engineering services. Otherwise, denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Except to admit Trilogy recommended the use of soda ash as a part of the City's corrosion-control treatment, denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Plaintiff initiated this civil action, seeking monies.  Otherwise, denied.

## JURISDICTION

43.    Plaintiff initiated this civil action, invoking 42 U.S.C. § 1983.  Otherwise, denied.

44.    Denied.

45.    Denied.

46.    The City of Jackson is a Mississippi municipality, subject to the personal jurisdiction of the Southern District of Mississippi.  Otherwise, denied.

47.    Mayor Chokwe Lumumba is a citizen and resident of Mississippi, subject to the personal jurisdiction of the Southern District of Mississippi.  Otherwise, denied.

48.    Yarber is a citizen and resident of Mississippi, subject to the personal jurisdiction of the Southern District of Mississippi.  Otherwise, denied.

49.    Except to admit Powell may be subject to the personal jurisdiction of the Southern District of Mississippi for acts she performed during her time as the City's public workers director, denied.

50.    Except to admit Smash may be subject to the personal jurisdiction of the Southern District of Mississippi for acts he performed during his time as the City's public workers director, denied.

51.    Except to admit Miller may be subject to the personal jurisdiction of the Southern District of Mississippi for acts he performed during his time as the City's public workers director, denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

## PARTIES

57.    Insufficient knowledge or information; therefore, denied.

58.    Denied.

59.    Denied.

60.    Jackson is a Mississippi municipality and the capital of Mississippi.  Jackson maintains and operates a public waterworks system consistent with its federal, state and local government obligations.  Otherwise, denied.

61.    Denied.

62.    Lumumba is the mayor of Jackson, performing the duties and responsibilities of that office in comportment with the law.  Otherwise, denied.

63.     Yarber is a former mayor of Jackson.  Otherwise, denied.

64.     Powell is a former public works director for Jackson.  Otherwise denied.

65.     Smash is a former-interim public works director for Jackson.  Otherwise denied.

66.     Miller is a former public works director for Jackson.  Otherwise, denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Jim Craig is the Senior Deputy for the Mississippi State Department of Health. Otherwise, denied.

72.     Denied.

73.     Insufficient knowledge or information; therefore, denied.

74.     Insufficient knowledge or information; therefore, denied.

75.     Insufficient knowledge or information; therefore, denied.

## STATEMENT OF FACTS

**I.      To the extent a response is required, denied.**

76.     Admitted.

77.     Jackson's public water system provides water for human consumption.  Otherwise, denied.

78.     A majority of Jackson's population is Black.  Otherwise, denied.

79.     Admitted.

80.     Admitted.

81.     Denied.

82.     Denied.

83.    Admitted.

84.    Admitted.

85.    Except to admit the City has an aging water system, denied.

86.    Denied.

87.    Denied.

88.    Insufficient knowledge or information; therefore, denied.

89.    Denied.

90.    Denied.

91.    In 2011, MSDH identified Hinds County as a high-risk area for lead poisoning. Otherwise, denied.

92.    For the monitoring period from January 1, 2010 through December 31, 2012, for Water System No. MS0250008, the reported summary result was .0137 mg/l for lead. Otherwise, denied.

**II.    To the extent a response is required, denied.**

93.    Denied.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Insufficient knowledge or information; therefore, denied.

99.    Denied.

100.    Denied.

**III.    To the extent a response is required, denied.**

101.    Denied.

102.    Denied.

103.    Except to admit – upon information and belief – the pH level of certain segments of the Pearl River has fallen below 6.5 on occasion, denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Lime may be used as a part of corrosion control.  Otherwise, denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

**IV.    To the extent a response is required, denied.**

118.    Denied.

119.    For the monitoring period from January 1, 2007 through December 31, 2009, for Water System No. MS0250008, the reported summary result was .0048 mg/l for lead.  Otherwise, denied.

120.    For the monitoring period from January 1, 2011 through December 31, 2013, for Water System No. MS0250008, the reported summary result was .0137 mg/l for lead. Otherwise, denied.

121.    Except to admit the 2013 test results did not exceed the lead MCL or trigger mandatory action, denied.

122.    Denied.

123.    For the monitoring period from January 1, 2007 through December 31, 2009, for Water System No. MS0250012, the reported summary result was .0017 mg/l for lead. Otherwise, denied.

124.    For the monitoring period from January 1, 2011 through December 31, 2013, for Water System No. MS0250012, the reported summary result was .0017 mg/l for lead. Otherwise, denied.

**V.    To the extent a response is required, denied.**

125.    Denied.

126.    Insufficient knowledge or information; therefore, denied.

127.    Insufficient knowledge or information; therefore, denied.

128.    Insufficient knowledge or information; therefore, denied.

129.    Insufficient knowledge or information; therefore, denied.

130.    Insufficient knowledge or information; therefore, denied.

131.    Insufficient knowledge or information; therefore, denied.

132.    Insufficient knowledge or information; therefore, denied.

133.    Insufficient knowledge or information; therefore, denied.

134.    Insufficient knowledge or information; therefore, denied.

135.    Insufficient knowledge or information; therefore, denied.

136.    Insufficient knowledge or information; therefore, denied.

137.    The July 18, 2018 Press Release is quoted correctly; otherwise, denied.

138.    The July 18, 2018 Press Release is quoted correctly; otherwise, denied.

139.    Admitted.

140.    Admitted.

141.    Admitted.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Denied.

162.    Denied.

**VI.    To the extent a response is required, denied.**

163.    Denied.

164.    Denied.

165.    Except to deny the Maddox Road Well system served all of Byram, admitted.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

177.    Denied.

178.    Denied.

179.    Denied.

180.    Denied.

181.    Denied.

182.   Denied.

183.   Denied.

184.   Denied

185.   Denied.

186.   Denied.

187.   Denied.

188.   Denied.

189.   Denied.

**VII.   To the extent a response is required, denied.**

190.   Admitted.

191.   Denied.

192.   The SDWA speaks for itself.

193.   Denied.

194.   Denied.

195.   For the monitoring period from January 1, 2013 through December 31, 2015, for Water System No. MS0250008, Jackson reported summary results of .0286 mg/l.  Otherwise, denied.

196.   Denied.

197.   Denied.

198.   In sufficient knowledge or information; therefore, denied.

199.   Insufficient knowledge or information; therefore, denied.

200.   Insufficient knowledge or information; therefore, denied.

201.   Insufficient knowledge or information; therefore, denied.

202.   Insufficient knowledge or information; therefore, denied.

203.    Insufficient knowledge or information; therefore, denied.

204.    Insufficient knowledge or information; therefore, denied.

205.    Insufficient knowledge or information; therefore, denied.

206.    Insufficient knowledge or information; therefore, denied.

207.    Insufficient knowledge or information; therefore, denied.

208.    Insufficient knowledge or information; therefore, denied.

209.    Insufficient knowledge or information; therefore, denied.

210.    Insufficient knowledge or information; therefore, denied.

211.    Insufficient knowledge or information; therefore, denied.

212.    Denied.

213.    Admitted.

214.    Denied.

215.    Denied.

216.    Denied.

217.    Insufficient knowledge or information; therefore, denied.

218.    Insufficient knowledge or information; therefore, denied.

219.    Insufficient knowledge or information; therefore, denied.

220.    Denied.

**VIII.    To the extent a response is required, denied.**

221.    Denied.

222.    Denied.

223.    Denied.

224.    Denied.

225.    Denied.

226. Denied.

227. Insufficient knowledge or information; therefore, denied.

228. Insufficient knowledge or information; therefore, denied.

229. Denied.

230. Insufficient knowledge or information; therefore, denied.

231. Insufficient knowledge or information; therefore, denied.

232. Denied.

233. Denied.

234. Denied.

235. Insufficient knowledge or information, therefore, denied.

236. Insufficient knowledge or information; therefore, denied.

237. Denied.

238. Denied.

239. Insufficient knowledge or information; therefore, denied.

240. Insufficient knowledge or information; therefore, denied.

241. Denied.

242. Denied.

243. Denied.

**IX.    To the extent a response is required, denied.**

244. Denied.

245. The Jackson Free Press quoted Powell as stating, "This is not a situation where you have to stop drinking the water." Otherwise, denied.

246. Denied.

247.    To paraphrase, Powell stated the LCR results reported to Jackson in January 2016 did not mean Jackson violated the Safe Drinking Water Act and Jackson's water was safe. Otherwise, denied.

248.    To paraphrase, Powell stated Flint did not have corrosion control measures, while Jackson did. Otherwise, denied.

249.    Denied.

250.    Denied.

251.    Yarber stated Jackson was not Flint and he did not want to sound the wrong alarm. Otherwise, denied.

252.    Denied.

253.    Denied.

254.    Powell stated "there is no lead in the drinking water as it leaves the plant." Otherwise, denied.

255.    Denied.

256.    Denied.

257.    Denied.

258.    Denied.

259.    Denied.

260.    Insufficient knowledge or information; therefore, denied.

261.    Denied.

262.    Denied.

263.    Denied.

264.    Denied.

265.    Denied.

266.    Denied.

267.    Denied.

268.    Denied.

X.      **To the extent a response is required, denied.**

269.    Admitted.

270.    Admitted.

271.    Admitted.

272.    Admitted.

273.    Admitted.

274.    Admitted.

275.    Denied.

276.    Denied.

277.    Denied.

278.    Denied.

279.    Denied.

280.    Admitted.

281.    Admitted.

282.    Denied.

283.    Denied.

XI.     **To the extent a response is required, denied.**

284.    Denied.

285.    Denied.

286.    Denied.

287.    Denied.

288.    Denied.

**XII.    To the extent a response is required, denied.**

289.    Insufficient knowledge or information; therefore, denied.

290.    Admitted.

291.    Denied.

**XIII.    To the extent a response is required, denied.**

292.    Denied.

293.    Denied.

294.    Denied.

295.    Denied.

**XIV.    To the extent a response is required, denied.**

296.    In February 2016, Jackson agreed to a Compliance Plan.  Otherwise, denied.

297.    Admitted

298.    Admitted.

299.    Denied.

300.    Admitted.

301.    Denied.

302.    Trilogy was retained to conduct, among other things, a corrosion control study.  Otherwise, denied.

303.    Denied.

304.    Denied.

305.    Denied.

306.    Denied.

307.    Denied.

308.    Admitted.

309.    The use of soda ash was one of Trilogy's recommendations to Jackson.  Otherwise, denied.

310.    Admitted.

311.    Denied.

312.    Jackson issued The July 18, 2018 Release, entitled "The City of Jackson Addresses Technical Violations Found in Water Treatment Process".  Otherwise, denied.

313.    Jackson issued The July 18, 2018 Release, entitled "The City of Jackson Addresses Technical Violations Found in Water Treatment Process".  Otherwise, denied.

314.    Denied.

315.    Denied.

316.    Denied.

317.    Denied.

318.    Denied.

319.    Denied.

320.    Denied.

321.    Trilogy recommended the switch.  Otherwise, denied.

322.    Denied.

323.    Denied.

**XV.    To the extent a response is required, admitted.**

324.    Admitted.

325.    The Emergency Administrative Order speaks for itself.

326.    The Cover Letter speaks for itself.

327.    The Emergency Administrative Order speaks for itself.

328.    The Emergency Administrative Order speaks for itself.

329.    The Emergency Administrative Order speaks for itself.

330.    The Emergency Administrative Order speaks for itself.

331.    Denied.

332.    Denied.

333.    Denied.

XVI.    **To the extent a response is required, denied.**

334.    Denied.

335.    Admitted.

336.    Denied.

337.    Denied.

338.    The quote from the Notice of Compliance is in the Notice.  Otherwise, denied.

339.    The director of the Enforcement and compliance Assurance Division for the EPA made that statement.  Otherwise, denied.

340.    Denied.

341.    Denied.

342.    Denied.

343.    Denied.

344.    Denied.

345.    Denied.

XVII.    **To the extent a response is required, denied.**

346.    Denied.

347.    The first sentence is denied.  Insufficient knowledge or information regarding the remainder; therefore, denied.

348.    Insufficient knowledge or information; therefore, denied.

349.    Insufficient knowledge or information; therefore, denied.

350.    Insufficient knowledge or information; therefore, denied.

351.    Insufficient knowledge or information; therefore, denied.

352.    Insufficient knowledge or information; therefore, denied.

353.    Insufficient knowledge or information; therefore, denied.

354.    Insufficient knowledge or information; therefore, denied.

355.    Denied.

356.    Denied.

**XVIII.** **To the extent a response is required, denied.**

357.    Denied.

358.    Insufficient knowledge or information; therefore, denied.

359.    Denied.

360.    Insufficient knowledge or information; therefore, denied.

361.    Denied.

**XIX.**    **To the extent a response is required, denied.**

362.    Insufficient knowledge or information; therefore, denied.

363.    Insufficient knowledge or information; therefore, denied.

364.    Insufficient knowledge or information; therefore, denied.

365.    Insufficient knowledge or information; therefore, denied.

366.    Insufficient knowledge or information; therefore, denied.

367.   Insufficient knowledge or information; therefore, denied.

368.   Denied.

369.   Insufficient knowledge or information; therefore, denied.

370.   Insufficient knowledge or information; therefore, denied.

371.   Insufficient knowledge or information; therefore, denied.

372.   Insufficient knowledge or information; therefore, denied.

373.   Denied.

374.   Insufficient knowledge or information; therefore, denied.

## CLAIMS FOR RELIEF

### COUNT I

375.   Defendants incorporate by reference all preceding allegations set forth above as if fully stated herein.

376.   Denied.

377.   Denied.

378.   Denied.

379.   Denied.

380.   Denied.

381.   Denied *in toto*.

382.   Denied.

### COUNT II

383.   Defendants incorporate by reference all preceding allegations set forth above as if fully stated herein.

384.   Denied.

385.   Denied.

386.    Denied.

387.    Denied.

388.    Denied.

389.    Denied.

390.    Denied.

391.    Denied.

392.    Denied *in toto*.

393.    Denied.

## COUNT III

394.    Defendants incorporate by reference all preceding allegations set forth above as if fully stated herein.

395.    Denied.

396.    Insufficient knowledge or information; therefore, denied.

397.    Insufficient knowledge or information; therefore, denied.

398.    Denied.

399.    Insufficient knowledge or information; therefore, denied.

400.    Insufficient knowledge or information; therefore, denied.

401.    Denied.

402.    Denied *in toto*.

403.    Denied.

404.    Denied.

405.    Denied.

406.    Denied.

407.    Denied.

408.    Denied.

409.    Denied.

410.    Upon information and belief, admitted.

411.    Denied.

412.    Denied.

## COUNT IV

413.    Defendants incorporate by reference all preceding allegations set forth above as if fully stated herein.

414.    Insufficient knowledge or information; therefore, denied.

415.    Insufficient knowledge or information; therefore, denied.

416.    Insufficient knowledge or information; therefore, denied.

417.    Insufficient knowledge or information; therefore, denied.

418.    Insufficient knowledge or information; therefore, denied.

419.    Denied.

420.    Denied.

421.    Denied.

422.    Denied.

423.    Denied.

424.    Denied.

425.    Denied.

## COUNT V

426.    Defendants incorporate by reference all preceding allegations set forth above as if fully stated herein.

427.    Insufficient knowledge or information; therefore, denied.

428.   Insufficient knowledge or information; therefore, denied.

429.   Insufficient knowledge or information; therefore, denied.

430.   Insufficient knowledge or information; therefore, denied.

431.   Insufficient knowledge or information; therefore, denied.

432.   Denied.

433.   Denied.

434.   Denied.

435.   Denied.

436.   Denied.

437.   Denied.

## DEMAND FOR JURY TRIAL

438.   Plaintiff is not entitled to a jury trial on Count III of their Amended Complaint.

## RELIEF REQUESTED

439.   Denied *in toto*, specifically denying Plaintiff is entitled to any relief from Defendants.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted, and his or her claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

Plaintiff brings suit as "guardian and next friend" may lack capacity to do so under Federal Rules of Civil Procedure 17(b) and (c). Under Mississippi law, "A person becomes a guardian for a minor only on appointment by the court." MISS. CODE § 93-20-201(1). Plaintiff has not established that he or she has been court-appointed as guardians.  Under Rule 17(c), Plaintiff may

sue as "next friends" if the Court, in its discretion, determines that Plaintiff will adequately protect the minors' interests.

## THIRD AFFIRMATIVE DEFENSE

Mayor Lumumba is entitled to qualified immunity to suit for Plaintiff's § 1983 claims.

## FOURTH AFFIRMATIVE DEFENSE

Miller is entitled to qualified immunity to suit for Plaintiff's § 1983 claims.

## FIFTH AFFIRMATIVE DEFENSE

Smash is entitled to qualified immunity to suit for Plaintiff's § 1983 claims.

## SIXTH AFFIRMATIVE DEFENSE

Powell is entitled to qualified immunity to suit for Plaintiff's § 1983 claims.

## SEVENTH AFFIRMATIVE DEFENSE

Yarber is entitled to qualified immunity to suit for Plaintiff's § 1983 claims.

## EIGHTH AFFIRMATIVE DEFENSE

The acts Plaintiff alleges occurred did not violate Plaintiff's clearly established constitutional rights of which a reasonable person would have known.

## NINTH AFFIRMATIVE DEFENSE

Defendants assert that they and their officials, employees, and/or agents acted in good faith and neither directly nor indirectly performed any acts whatsoever which would constitute a violation of any laws or regulations or a violation of any right or any duty owed to Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Defendants and their officials, employees, and/or agents were performing their duties in a reasonable manner consistent with the exigent circumstances that emerged or existed at the time.

In all manners, the actions of said Defendants and/or their officials, employees and/or agents were reasonable and proper based upon the exigent circumstances that existed at the time.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against the City of Jackson under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), for violation of Plaintiff's constitutional rights pursuant to § 1983.

## TWELFTH AFFIRMATIVE DEFENSE

No official policy, practice, or custom has been promulgated, existed and/or served to deprive Plaintiff of his or her constitutional rights.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive and exemplary damages from the City of Jackson fails as a matter of law under § 1983. *City of Newport v. Fact Concerts*, 453 U.S. 247 (1981).

## FOURTEENTH AFFIRMATIVE DEFENSE

Under Fifth Circuit precedent and 42 U.S.C. § 1988, state law governs apportionment of fault for liability under 42 U.S.C. § 1983. Mississippi law requires that fault be apportioned between joint tortfeasors, including those immune from suit or not named as defendants, absent a conscious and deliberate pursuit of a common plan to commit a tortious act. MISS. CODE § 85-5-7. To the extent any Defendant is at fault, which is denied, fault should be allocated to each Defendant in direct proportion to his or her percentage of fault, taking into account the percentage of fault borne by other parties, including but not limited to the owners of Plaintiff's homes and underlying water service lines.

## FIFTEENTH AFFIRMATIVE DEFENSE

Minor Plaintiff may live in a home with lead paint and/or lead blinds, or may have been exposed to lead through sources other than the City of Jackson's public water supply, which may be a superseding or intervening cause of any injuries Plaintiff claims.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent minor Plaintiff had a court-appointed guardian before October 19, 2021, the statute of limitations ceased to toll under Mississippi Code § 15-1-53, and Plaintiff's claims are time-barred.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent any employee of the City of Jackson's alleged actions constitute fraud or a criminal offense, The City of Jackson has not waived its immunity for state law claims for the conduct of such employee under Mississippi Code §§ 11-46-5 and -7.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Under Mississippi Code § 11-46-9(1)(a), Defendants are not liable for any of Plaintiff's asserted state law claims because such claims arose out of action of a legislative nature.

## NINETEENTH AFFIRMATIVE DEFENSE

Under Mississippi Code Ann. § 11-46-9(1)(b), Defendants are not liable for any of Plaintiff's asserted state law claims because such claims arose out of any act or omission of an employee of a governmental entity exercising ordinary care in reliance upon, or in the execution or performance of, or in the failure to execute or perform, a statute, ordinance or regulation, whether or not the statute, ordinance or regulation be valid.

## TWENTIETH AFFIRMATIVE DEFENSE

Under Mississippi Code § 11-46-9(1)(d), Defendants are not liable for any of Plaintiff's asserted state law claims because such claims are based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Under Mississippi Code § 11-46-9(1)(g), Defendants are not liable for any of Plaintiff's asserted state law claims because such claims arise out of out of the exercise of discretion in determining whether or not to seek or provide the resources necessary for the purchase of equipment, the construction or maintenance of facilities, the hiring of personnel and, in general, the provision of adequate governmental services.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Under Mississippi Code § 11-46-9(1)(p), Defendants are not liable for any of Plaintiff's asserted state law claims arising out of a plan or design for construction or improvements to public property, including, but not limited to, public buildings, highways, roads, streets, bridges, levees, dikes, dams, impoundments, drainage channels, diversion channels, harbors, ports, wharfs or docks, where such plan or design has been approved in advance of the construction or improvement by the legislative body or governing authority of a governmental entity or by some other body or administrative agency, exercising discretion by authority to give such approval, and where such plan or design is in conformity with engineering or design standards in effect at the time of preparation of the plan or design.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Mississippi Tort Claims Act, Mississippi Code § 11-46-11, *et seq.*, requires that Plaintiff give notice of any tort claims in writing, delivered in person or by registered or certified United States mail, at least ninety (90) days before instituting suit. No action whatsoever may be maintained by the claimant until the claimant receives a notice of denial of claim or the tolling period expires, whichever comes first, after which the claimant has an additional ninety (90) days to file suit; failure to file within the time allowed is an absolute bar to any further proceedings under this chapter. Mississippi Code § 11-46-11(3)(b). Plaintiff did not serve the required notice.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The statute of limitations for Mississippi Tort Claims Act claims is one year, plus ninety-five (95) days from the date of the serving notice of claim. To the extent minor Plaintiff had a court-appointed guardian on or before July 15, 2020, and Plaintiff suffered his or her injuries on or before July 15, 2020, Plaintiff's claims are not tolled under Mississippi Code § 15-1-53 and are time-barred under Mississippi Code § 11-46-11(3)(a).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims under the Mississippi Tort Claims Act survive to trial, those claims must be tried without a jury under Mississippi Code § 11-46-13, and Defendants deny that Plaintiff has any right to a trial by jury on that claim.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Under Mississippi Code § 11-46-15(2) Plaintiff is barred from recovery of exemplary or punitive damages, pre-judgment interest, or attorneys' fees against Defendants for any claims under the Mississippi Tort Claims Act.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants plead as an affirmative defense Mississippi Code § 11-46-15(1)(c), which caps liability for all claims against a government entity or its employee arising out of a single occurrence at Five Hundred Thousand Dollars ($500,000).

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff received specific notice from the City of Jackson regarding the potential risks of lead contamination and chose to ingest the water anyway, and to the extent Plaintiff is responsible for lead exposure from sources other than the public water supply, those damages, if any, should be diminished in proportion to the amount of negligence attributable to the person injured under Mississippi Code § 11-7-15.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to mitigate his or her damages.

## THIRTIETH AFFIRMATIVE DEFENSE

One or more superseding and/or intervening causes -- such as a preexisting medical condition or conditions --preclude any finding of liability for damages on the part of these Defendants.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The measure of Plaintiff's damages, if any, are based upon guesswork, speculation, and conjecture.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims under Section 1983 are preempted by the Safe Drinking Water Act.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Under Mississippi Code § 11-46-7(2), the individual Defendants – namely Mayor Lumumba, Yarber, Powell, Smash, and Miller, cannot be held personally liable for acts or omissions occurring within the course and scope of his or her employment.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

All actions taken by Defendants and/or their officials, employees and/or agents during the incident complained of were within the scope of their employment and jurisdiction in the good faith belief that their actions were reasonable, proper, and lawful.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

That at all times pertinent herein Defendants and/or their officials, employees and/or agents were and are presently duly qualified and herein engaged in the performance of their regularly assigned duties and further these individual officials employees and/or agents at all times herein acted in good faith and without malice.

RESPECTFULLY SUBMITTED, this the 11th day of March, 2022.

_____
CLARENCE WEBSTER, III

Clarence Webster, III (MSB #102111)
Kaytie M. Pickett (MSB #103202)
Adam Stone (MSB #10412)
Amber L. Kipfmiller (MSB #105758)
JONES WALKER LLP
190 E. Capitol Street, Suite 800
Jackson, MS 39201
Telephone: (601) 949-4900
Facsimile: (601) 949-4804
cwebster@joneswalker.com
kpickett@joneswalker.com
astone@joneswalker.com
akipfmiller@joneswalker.com
*Counsel for the City of Jackson*

/s/ Terris C. Harris
TERRIS C. HARRIS

Terris C. Harris (MSB #99433)
THE COCHRAN FIRM-JACKSON, LLC
197 Charmant Place, Suite 2
Ridgeland, MS 329157
Telephone: (601) 790-7600
tharris@cochranfirm.com
*Counsel for Tony Yarber, Kishia Powell
and Jerriot Smash*

/s/ John F. Hawkins
JOHN F. HAWKINS

John F. Hawkins, Esquire (MSB #9556)
HAWKINS LAW, P.C.
226 North President Street (39201)
Post Office Box 24627
Jackson, Mississippi 39225-4627
Telephone: (601) 969-9692
Facsimile: (601) 914-3580
john@hgattorneys.com
*Counsel for Mayor Chokwe A.
Lumumba and Robert Miller*

CERTIFICATE OF SERVICE

I hereby certify that I have this date filed the foregoing with the Clerk of Court via hand-delivery and a true and correct copy of the foregoing document was served upon all counsel of record by the Court's CM/ECF electronic system.

Dated: March 11, 2022.

CLARENCE WEBSTER, III