**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| J.W., a minor, by and through AMANDA WILLIAMS, Guardian and Next Friend. | Case No.: 3:21-cv-00663-CWR-LGI |
| Plaintiff, | Hon. Carlton W. Reeves |
| | Mag. LaKeysha Greer Isaac |
| v. | |
| THE CITY OF JACKSON, MISSISSIPPI; CHOKWE A. LUMUMBA, JR.; TONY YARBER; KISHIA POWELL; ROBERT MILLER; JARRIOT SMASH; THE MISSISSIPPI DEPARTMENT OF HEALTH; JIM CRAIG; TRILOGY ENGINEERING SERVICES, LLC; AND John Does 1-40 | |
| Defendants. | |

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE PARAGRAPHS 21, 22, 23, AND 301 OF PLAINTIFF'S AMENDED COMPLAINT AND JURY TRIAL DEMAND BY TRILOGY ENGINEERING SERVICES, LLC**

---

Defendant, Trilogy Engineering Services, LLC ('Trilogy"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12(f), hereby submits this Memorandum of Law in Support of its Motion to Strike Paragraphs 21, 22, 23, and 301 of Plaintiff's Amended Complaint and Jury Trial Demand (the "Motion to Strike").

**Plaintiff's Factual Allegations Against Trilogy**

1. On February 17, 2022, Plaintiff, J.W., a minor, by and through AMANDA WILLIAMS, Guardian and Next Friend ("Plaintiff"), filed the Amended Complaint and Jury Trial Demand (the "Amended Complaint") [ECF 51].

2. Plaintiff's claims are complex and are based on the alleged actions taken by numerous different parties over a prolonged period regarding the City of Jackson's potable water system. [ECF 51].

3. As it pertains Trilogy, Plaintiff asserts two causes of action for Professional Negligence and Negligence, alleging that Trilogy failed to properly perform certain engineering services. [ECF 51].

4. Despite Plaintiff's allegations sounding in negligence, and even though Trilogy performed a water treatment system corrosion control study and engineering services for the City of Jackson, the Amended Complaint includes irrelevant and highly inflammatory allegations regarding fundraising activities, professional licensing, and purported "sweetheart deals" which have no connection to Trilogy's services on the Project. [ECF 51].

5. Specifically, the Amended Complaint alleges that, at relevant times, "Trilogy was owned by Thessalonian LeBlanc ("LeBlanc"), *who is not an engineer*." [ECF 51, ¶ 21] (emphasis added). The Amended Complaint does not allege that Leblanc performed any engineering services and does not assert that it is illegal, unethical or actionable for a non-engineer to be an owner of an engineering firm.

6. The Amended Complaint further alleges that "[i]n 2014, LeBlanc held an *off-the-books fundraiser*" for the then-Mayor of Jackson, Tony Yarber. [ECF 51, ¶ 22] (emphasis added).

7. Moreover, the Amended Complaint alleges that "LeBlanc and Trilogy got a *sweetheart deal* – they were paid nearly as much to analyze the potential crisis as an actual fix to the problem would have cost in 2014." [ECF 51, ¶ 23] (emphasis added).

8.	Plaintiff's allegations regarding a purported fundraiser are restated in Paragraph 301, where Plaintiff alleges that "LeBlanc held an ***unreported campaign fundraiser for Yarber*** in 2014." [ECF 51, ¶ 301] (emphasis added).

9.	Plaintiff's allegations contained in Paragraphs 21, 22, 23, and 301 of the Amended Complaint regarding LeBlanc's licensing and fundraising, and the monies paid to Trilogy for its services, are blatantly irrelevant to the matter at issue in this litigation and are highly inflammatory. As such, said allegations should be stricken from the Amended Complaint to avoid any prejudice against Trilogy.

## Motion to Strike Standard

10.	Pursuant to Rule 12 of the Federal Rules of Civil Procedure, "[t]he Court may strike from a pleading . . . any redundant, ***immaterial, impertinent, or scandalous matter***." Fed. R. Civ. P. 12(f)(emphasis added).

12.	Under Rule 12(f), motions to strike should be granted where the pleadings to be stricken are "insufficient as a matter of law, immaterial in that they have no essential or important relationship to claim of relief . . . or are impertinent in that matter consists of statements that do not pertain, and are not necessary, to issues in question." *Fed. Deposit Ins. Corp. v. Butcher*, 660 F.Supp 1274, 1277 (E.D. Tenn. 1987). Allegations can be appropriately stricken when they have no possible relation to the controversy and may thereby cause prejudice to one of the parties. *E.S. v. Best W. Int'l, Inc.*, 510 F.Supp. 3d 420, 426 (N.D. Tex. 2021); *see also Spoon v. Bayou Bridge Pipeline, LLC*, 335 F.R.D. 468 (M.D. La. 2020); *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F.Supp. 200, 217 (D.N.J. 1993); *Williams v. Eckerd Family Youth Alt.*, 903 F.Supp. 1515 (M.D. Fla. 1995); *Brown v. Seebach*, 763 F.Supp. 574 (S.D. Fla. 1991) ("Motion to strike is appropriate remedy for elimination of redundant, immaterial, impertinent, or slanderous matters in any pleading").

11. For purposes of a motion to strike, immaterial matter is that "which has ***no essential or important relationship to the claim for relief*** or the defenses being pleaded, and impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Seattle v. Monsanto Co.*, 387 F.Supp. 3d 1141, 1163 (W.D. Wash. 2019) (quoting *The Chef'n Corp. v. Progressive Int'l Corp.*, No. C14-68 RAJ, 2014 WL 2050282, at *1 (W.D. Wash May 19, 2014)) (emphasis added). Furthermore, scandalous material is "that casting an excessively adverse light on the character of an individual or party." *OKC Corp v. Williams*, 461 F.Supp. 540, 550 (N.D. Tex. 1978); *see also Florance v. Buchmeyer*, 500 F.Supp. 2d 618, 645 (N.D. Tex. 2007) ("Scandalous in Rule 12(f) . . . 'refers to any allegation that unnecessarily reflects on the moral character of an individual'") (quoting *Cobell v. Norton*, 224 F.R.D. 266, 280 (D.D.C. 2004)); *Spencer v. Dixon*, 290 F.Supp. 531 (W.D. La. 1968) (striking from Plaintiff's amended complaint a series of allegations pertaining to defendant's active engagement in campaign for elections as immaterial and impertinent to the matters at issue); 5C Arthur R. Miller et al., *Federal Practice and Procedure* § 1382 (3d ed. 2018) (scandalous matter is defined as that which improperly casts a derogatory light on someone and any allegation that unnecessarily reflects on the moral character of an individual); 2 Milton I. Shadur, MOORE'S FEDERAL PRACTICE § 12.37[3] (3d ed. 2018).

## Argument

12. The Amended Complaint seeks damages from Trilogy for injuries purportedly resulting from the alleged acts and omissions regarding Trilogy's professional services offered in connection with the City of Jackson's potable water system.

13. However, the Amended Complaint includes allegations that have absolutely zero connection to Trilogy's scope of professional services on the Project, namely, to provide a water

treatment system corrosion control study and engineering services for the City of Jackson's potable water system.

14. First, the Plaintiff alleges that at the time of the Project LeBlanc, who is not an engineer, owned Trilogy. [ECF 51, ¶ 21] It is apparent that the credentials and professional licenses held by LeBlanc are not pertinent nor relevant to the allegations set forth by the Plaintiff in the Amended Complaint, especially since the engineering services provided by Trilogy for the Project were performed by Mr. Phillip Gibson, P.E., a licensed engineer.

15. Therefore, the allegations set forth in Paragraph 21 not only lack any essential or important relationship to the claim for relief set forth by the Plaintiff in the Amended Complaint, but also cast a derogatory light upon LeBlanc by implying that LeBlanc, who is not an engineer, improperly owned Trilogy, unfairly prejudicing Trilogy and LeBlanc in their defense of this matter. As such, the allegations set forth in Paragraph 21 of the Amended Complaint should be stricken as they are impertinent, immaterial, and scandalous in violation of Rule 12, Federal Rules of Civil Procedure, and established case law.

16. Moreover, the Plaintiff alleges in Paragraph 22 that LeBlanc held an ***off-the-book-fundraiser*** for then-Mayor of Jackson Tony Yarber. [ECF 51, ¶ 22] (emphasis added). Later in the Amended Complaint, the Plaintiff labels the same fundraiser as ***unreported***. [ECF 51, ¶ 301] (emphasis added). Once again, the allegations pertaining to LeBlanc's fundraising efforts, whether for the benefit of Yarber or others, have no relevance to the scope of services provided by Trilogy on the Project, and are devoid of any essential or important relationship to the injuries and damages set forth by the Plaintiff in the Amended Complaint. Furthermore, these allegations have the sole intent of casting a negative light upon LeBlanc, highly prejudicing Trilogy's ability to defend against Plaintiff's claims. Therefore, the allegations set forth in Paragraphs 22 and 301 of the

Amended Complaint should be stricken as they are immaterial, impertinent, and scandalous, and unfairly prejudice Trilogy's ability to defend against Plaintiff's claims in violation of the Federal Rules of Civil Procedure and case law.

17.     Finally, Plaintiff alleges that Trilogy and LeBlanc obtained a *sweetheart deal*, as they were paid nearly as much for their services as it would have cost to resolve the issues. [ECF 51, ¶ 23] (emphasis added).  Once more, any reference to a so-called sweetheart deal received by Trilogy and LeBlanc has zero relevance to the issues being litigated and lacks the essential or important relationship to the claims and damages alleged by the Plaintiff.  Finally, in a strikingly similar fashion to the foregoing allegations, referring to the monies paid to Trilogy for its services on the Project as a "sweetheart deal" can only be interpreted as derogatory and unfairly prejudicial to Trilogy.  Therefore, the allegations set forth in Paragraphs 23 of the Amended Complaint should be stricken as they are immaterial, impertinent, and scandalous, and unfairly prejudice Trilogy's ability to defend against Plaintiff's claims in violation of the Federal Rules of Civil Procedure and case law.

## Conclusion

18.     Based on the foregoing, Trilogy respectfully requests this Court to enter an Order granting Trilogy's Motion to Strike Paragraphs 21, 22, 23, and 301, of Plaintiff's Amended Complaint as impertinent, immaterial, and scandalous.

**WHEREFORE**, Trilogy Engineering Services, LLC respectfully requests this Court to enter an Order granting Trilogy's Motion to Strike Paragraphs 21, 22, 23, and 301 of Plaintiff's Amended Complaint as impertinent, immaterial, and scandalous, and for any further relief as this Court may deem just and proper.

This, the 11th day of April, 2022.

Respectfully submitted,

By: */s/ Davide Macelloni*
Richard G. Daniels (FSB No. 236896)
Davide Macelloni (FSB No. 1010884)
DANIELS, RODRIGUEZ, BERKELEY
DANIELS & CRUZ, P.A.
*Attorneys for Trilogy Engineering Services, LLC*
4000 Ponce De Leon Blvd., Ste. 800
Coral Gables, FL 33146
(305) 448-7988
rdaniels@drdbc-law.com

*/s/ D. Jason Childress*
D. Jason Childress (MSB No. 103678)
WISE CARTER CHILD & CARAWAY, P.A.
401 E. Capitol Street, Suite 600 (39201)
Post Office Box 651
Jackson, MS 39205-0651
P: 601-968-5500
F: 601-968-5593
djc@wisecarter.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on April 11, 2022, I electronically filed an Appearance with the Clerk of the Court using ECF system which will send notification of such filing to all attorneys of record.

Respectfully submitted,

By: */s/ Davide Macelloni*
Davide Macelloni