# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| J.W., a minor, by and through Amanda Williams, Guardian and Next Friend, | Case No. 3:21-cv-00663-CWR-LGI |
| *Plaintiff*, | Hon. Carlton W. Reeves<br>Mag. LaKeysha Greer Isaac |
| v. | |
| The City of Jackson, Mississippi; Chockwe A. Lumumba, Jr.; Tony Yarber; Kishia Powell; Robert Miller; Jerriot Smash; The Mississippi State Department of Health; Jim Craig; Trilogy Engineering Services, LLC; and John Does 1-40 | |
| *Defendants*. | |

## MEMORANDUM OF LAW IN OPPOSITION TO TRILOGY ENGINEERING SERVICES, LLC'S MOTION TO STRIKE CERTAIN PARAGRAPHS OF PLAINTIFF'S AMENDED COMPLAINT

Plaintiff, by and through their undersigned counsel and pursuant to L.U. Civ. R. 7 and Fed. R. Civ. P. 12(f), hereby submit this Memorandum of Law in Opposition to Defendant Trilogy Engineering Services, LLC's ("Trilogy") Motion to Strike Paragraphs 21, 22, 23, and 301 ("subject paragraphs") from Plaintiff's Amended Complaint.

## FACTUAL BACKGROUND

This Opposition to Defendant Trilogy's Motion to Strike arises from a case in which a child was exposed to toxic lead through the public water supply and was thus irreversibly harmed. The child—who is the Plaintiff in this cause of action—sued Defendant Trilogy and several government Defendants for creating and prolonging a public health crisis. Defendant Trilogy contracted with the City of Jackson for services and thus owed a duty to Plaintiff, which it breached, causing substantial, permanent damage to Plaintiff.

Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a), Plaintiff filed an Initial Complaint and Jury Trial Demand against the government Defendants for Constitutional violations and Defendant Trilogy for professional and simple negligence. Plaintiff filed an Amended Complaint and Jury Trial Demand (ECF No. 51) on February 17, 2022, for the same causes of action. Defendants asked for additional time to respond to Plaintiff's amended pleadings and Plaintiff did not oppose. (ECF No. 56).

On April 11, 2022, Defendant Trilogy filed its substantive answer in response to Plaintiff's Amended Complaint. (ECF No. 70). The following day—in violation of Fed. R. Civ. P. Rule 12(f)—Trilogy filed its Motion to Strike. (ECF No. 71). Thereafter, Trilogy filed its Memorandum of Law in Support of the Motion to Strike. (ECF No. 72). Trilogy's motion seeks to eliminate four material and pertinent

paragraphs from Plaintiff's claims before any discovery or initial disclosure has taken place.

The subject paragraphs involve Defendant Trilogy's owner, Thessalonian LeBlanc ("LeBlanc"). Paragraph 21 alleges that LeBlanc owned and managed Trilogy—an engineering firm—while she herself was not an engineer (ECF No. 51, ¶21). LeBlanc negotiated contracts with Defendant City of Jackson on behalf of Defendant Trilogy. *Id*. Paragraphs 22 and 301 allege that she held an unreported, off-the-books fundraiser for another Defendant in this matter — Defendant Tony Yarber (ECF No. 51, ¶¶22 and 301). LeBlanc's fundraiser happened while Defendant Yarber was running for Mayor of Jackson during a contentious, emergency election following the prior mayor's untimely death. (ECF No. 51, ¶¶139-40). Paragraph 23 alleges that LeBlanc and Trilogy received a "sweetheart deal" and were paid "nearly as much to analyze the potential crisis as an actual fix to the problem would have cost." (ECF No. 51, ¶23).

Defendant Trilogy seeks to strike these crucial allegations from Plaintiff's complaint under Fed. R. Civ. P. 12(f) and claims the allegations are immaterial, impertinent, scandalous, and unfairly prejudicial to Trilogy's ability to defend itself. However, Defendant Trilogy's motion is procedurally barred and fails on its merits. Trilogy does not meet the incredibly high standard necessary to strike material from pleadings. Thus, Trilogy's motion to strike should be denied.

# **RULE 12(F) STANDARD TO STRIKE FROM PLEADINGS**

Rule 12(f) of the Federal Rules of Civil Procedure provides the basis for when it would be appropriate for a court to strike allegations from a pleading. It states: "The court may strike … any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). It further states that the motion should be made before a movant substantively responds to the pleading at issue. Fed. R. Civ. P. 12(f)(2).

"[A]n order striking a pleading is 'a drastic remedy to be resorted to only when required for the purposes of justice.'" *Mullen v. Nationwide Mut. Ins. Co.*, Civil Action No. 1:11cv351-HSO-MTP, 2011 U.S. Dist. LEXIS 141686 at *2 (S.D. Miss. 2011) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962). Motions under Rule 12(f) are viewed with disfavor and are infrequently granted. *Florance v. Buchmeyer*, 500 F.Supp. 2d 618 (N.D. Tex. 2007) (citing *FDIC v. Niblo*, 821 F.Supp. 411, 449 (N.D. Tex. 1993)).

Further, "[i]f there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied." *Pan Am. Life Ins. Co. v. Blanco*, 311 F.2d 424, 428 n.13 (5th Circuit 1962) (quoting 2 Moore's Fed. Prac., 2d ed., P12.21(2), pp. 2317-2318); *see also Augustus*, 306 F.2d at 869 (a motion to strike "should be granted only when the pleading to be stricken has no possible relation to the controversy.")

Finally, "[a]ny doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party." *Spoon v. Bayou Bridge Pipeline*, LLC, 335 F.R.D. 468, 471 (M.D. La. 2020) (quoting *Augustus*).

## ARGUMENT

As an initial matter, Trilogy's motion is procedurally improper. Fed. R. Civ. P. Rule 12(f)(2) requires a movant to file the motion prior to filing an answer. Trilogy filed its answer on April 11, 2022. (ECF No. 70). Only thereafter did Trilogy file the instant motion (ECF No. 71). And after that, Trilogy filed its Memorandum of Law in Support of the Motion to Strike. (ECF No. 72). Thus, Trilogy's motion is procedurally barred and should be denied on those grounds alone.

Trilogy's motion also fails on the merits because it does not meet the incredibly high standard required for a motion to strike under any analysis. Trilogy has not come close to meeting its burden in identifying if or how the subject paragraphs are immaterial, impertinent, or scandalous as required by Fed. R. Civ. P. Rule 12(f).

I. **DEFENDANT TRILOGY FAILS TO PROVE THE SUBJECT PARAGRAPHS ARE IMPERTINENT AND IMMATERIAL TO THIS CONTROVERSY AS REQUIRED UNDER RULE 12(F)**

Trilogy claims the subject paragraphs are "impertinent" and "immaterial" to the controversy. (ECF No. 72, ¶¶14-18). But to prove an allegation is immaterial or

5

impertinent pursuant to Fed. R. Civ. P. Rule 12(f), Trilogy must show the pleadings have "no essential or important relationship to the claim for relief," or that the pleadings consist of "statements that do not pertain, and are not necessary, to the issues in question," which Trilogy cannot. *Spoon v. Bayou Bridge Pipeline, LLC*, 335 F.R.D. 468, 470-71 (M.D. La. 2020) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2004)).

Trilogy further claims that the allegations in the subject paragraphs have "absolutely zero connection" to its alleged scope of professional services. (ECF No. 72, ¶13). Not only does this argument stand on the false premise that Trilogy's liability is limited to its scope of services, but it ignores that the paragraphs share an essential and important relationship to Plaintiff's claims for relief – not only as to Defendant Trilogy – but as to the other Defendants too. Thus, each allegation Trilogy seeks to strike must be analyzed in the context of those allegations as to all defendants. Trilogy concedes that Plaintiff's claims are complex and involve multiple parties. (ECF No. 72, ¶2). This concession is of particular relevance to the allegations contained in the subject paragraphs. Specifically, they can assist the jury in understanding how Jackson, a city in crisis, came to rely on Defendant Trilogy.

By early 2014, Jackson was aware that corrosive water was causing lead to leach from pipes into the public water system. (ECF No. 51, ¶125). As a result, then Mayor Chockwe Lumumba, Sr. instructed his administration to estimate the cost of

a repair that would fix the lead problem. Lumumba, Sr. worked with City Counsel to obtain funding for the repair from within the City's budget. The cost of the repair was $400,000. (ECF No. 51, ¶¶130-32 and ¶138). Unfortunately, Mayor Lumumba, Sr. passed away on February 25, 2014, before the repairs could start. (ECF No. 51, ¶139).

An emergency election was held in April 2014, to quickly fill the vacant seat. (ECF No. 51, ¶140). During the election, LeBlanc held an unreported, off-the-books fundraiser for then-candidate Tony Yarber. (ECF No. 51, ¶¶22 and 301). Defendant Yarber won the election. (ECF No. 51, ¶140). Shortly thereafter, as Mayor, he stripped the money from the budget that was previously earmarked for the fix despite having a full understanding of the need for the repairs. (ECF No. 51,¶¶141-46).

Yarber and the city instead negotiated a contract with LeBlanc, on behalf of Trilogy, for certain, different engineering services designed to evaluate rather than fix the problem. The contract was for almost $400,000. (ECF No. 51, ¶¶22 and 298-303). This "sweetheart deal" cost nearly as much as the proposed repairs to the system identified by the Lumumba, Sr. administration. (ECF No. 51, ¶¶ 23).

Paragraph 21 of Plaintiff's Amended Complaint asserts that LeBlanc, who is not an engineer, owned and managed Trilogy—an engineering firm. (ECF No. 51,¶¶21 and 300). Trilogy claims that this paragraph is immaterial, impertinent, and irrelevant to the pleadings. (ECF No. 72, ¶¶14-15). But the fact that LeBlanc was

not an engineer while she owned, managed, and negotiated with Jackson on behalf of Trilogy is relevant for a plethora of reasons. For instance, it is plausible (if not likely) that LeBlanc's fundraising for Yarber was a motivating factor in his and the city's decision to contract with Trilogy, despite LeBlanc's lack of engineering qualifications. This is relevant to, *inter alia*, how a jury might evaluate the reasonableness of Yarber's and the City's conduct in addressing the crisis.

Paragraphs 22 and 301 of Plaintiff's Amended Complaint assert that LeBlanc held an "unreported" and "off-the-books" fundraiser for Yarber during his expedited campaign after Lumumba, Sr.'s death. (ECF No. 51, ¶¶22, 139-40). Trilogy maintains that these allegations are immaterial, impertinent, and devoid of any essential or important relationship to Plaintiff's claims. (ECF No. 72, ¶16). But LeBlanc's "unreported," "off-the-books" fundraiser matters not just to, but also beyond Trilogy's own liability. Again, to the extent LeBlanc's fundraising efforts influenced Yarber's decision to contract with Trilogy for various engineering services on behalf of the City of Jackson, this goes to how a jury might evaluate the reasonableness of Yarber's and the city's conduct in addressing the crisis.

Paragraph 23 of Plaintiff's Amended Complaint asserts that LeBlanc and Trilogy received a "sweetheart deal" under which Trilogy was paid nearly the same amount of money for work that could not repair the system, as it would have cost to actually fix the system. Trilogy claims that Paragraph 22 has "zero relevance" to

Plaintiff's claims, and is immaterial and impertinent. (ECF No. 72, ¶17). But again, these details are relevant to the jury's evaluation of the reasonableness of Yarber's and the city's conduct in addressing the crisis.

Thus, each of the subject paragraphs Trilogy seeks to strike contains allegations as to facts, acts, and/or events that are material and pertinent to Plaintiff's claims and are therefore relevant to this action.

## II. TRILOGY FAILS TO PROVE THE SUBJECT PARAGARPHS ARE SCANDALOUS AS DEFINED BY RULE 12(F)

Trilogy also claims that the subject paragraphs are "scandalous" and "unfairly prejudice Trilogy's ability to defend itself." (ECF No. 72, ¶¶ 15-17). But Trilogy fails to meet the standard prescribed by Fed. R. Civ. P. Rule 12(f) for a showing that an allegation is "scandalous." A "scandalous matter" casts a derogatory light on a party or person. *Spoon v. Bayou Bridge Pipeline*, LLC, 335 F.R.D. 468, 471 (M.D. La. 2020) "'Scandalous' in Rule 12(f) 'generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.'" *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 645 (N.D. Tex. 2007) (quoting *Cobell v. Norton,* 224 F.R.D. 266, 280 (D.D.C. 2004)).

Nowhere in its motion does Trilogy refute the truth of the allegations asserted within the paragraphs it asks the Court to strike, let alone explain how they cast a derogatory light on anyone. It can hardly be said that a (true) statement indicating

someone is not an engineer casts a derogatory light upon that person nor reflects on their moral character. Certainly, the language is not repulsive.

Despite the unoffensive and true nature of this statement, Trilogy claims Plaintiff's (truthful) allegation that LeBlanc is not an engineer implies something improper regarding LeBlanc's ownership of the company (ECF No. 72 at ¶15). Such a subjective inference derived from an undisputed assertion does not meet the standard. Rather,"[i]n determining whether a party's pleading is impertinent or scandalous, a court should view all well-pleaded facts in their most favorable light" and "the general rule [is] that in deciding motions to strike a court should not consider matters outside the pleadings…" *OKC Corp. v. Williams*, 461 F. Supp. 540, 550 (N.D. Tex. 1978). Thus, the Court should reject Trilogy's attempt to read Plaintiff's simple statement that LeBlanc is not an engineer in the most negative light and to consider implications outside the pleadings.

Trilogy further claims that at least some of the subject paragraphs are "scandalous" because they "have the sole intent of casting a negative light" (ECF No. 72, ¶16) on LeBlanc. To be clear, there is no "sole intent" behind any allegation Plaintiff asserts. All allegations are asserted to bring forth the truth of all Defendants' actions, which independently and collectively created and prolonged the public water crisis in Jackson. A pleading is not "scandalous" merely because "the matter offends the sensibilities of the objecting party if the challenged allegations describe

acts or events that are relevant to the action." *United States v. Coney*, 689 F. 3d 365, 380, (5th Cir. 2012) (quoting *Hope ex rel. Clark v. Pearson*, 38 B.R., 423, 424-25 (Bankr. M.D. Ga. 1984)).

An unreported fundraiser during a short, contentious, emergency mayoral election is relevant to the facts. LeBlanc hosted the unreported fundraiser for Yarber and her company got a contract with the city after Yarber won the election. While confronting this information might make Defendants uncomfortable, it does not make the allegations scandalous. The acts and events in the subject paragraphs could be and likely are relevant in determining the liability of multiple Defendants, including but not limited to Trilogy.

Further, Trilogy claims that "any reference to a so-called 'sweetheart deal' received by Trilogy and LeBlanc has zero relevance to the issues being litigated." (ECF No. 72, ¶17), and is therefore "scandalous, and unfairly prejudice Trilogy's ability to defend against Plaintiff claims." (ECF No. 72, ¶17). But beyond general missives and inferences, Trilogy makes no effort to explain why it believes such to be true. While Trilogy might not enjoy the language used by Plaintiff in their allegations, that just is not the test for whether words are inflammatory. In failing to explain how any of these references are scandalous or unfairly prejudicial, Trilogy does not meet the standard to strike from the pleadings under Rule 12(f) and thus its motion should be denied.

## III. THE CASES TRILOGY RELIES ON DO NOT SUPPORT ITS MOTION TO STRIKE

The case law Trilogy relies upon in its motion to strike does not support granting its motion for a variety of reasons. Indeed, in several of the cases Trilogy cites, the courts denied defendants motions to strike paragraphs from the plaintiffs' pleadings in circumstances like those presented here. For instance, in *E.S. v. Best W. Int'l, Inc.*, 510 F. Supp. 3d 420, 426 (N.D. Texas 2021), the court denied a hotel chain's motion to strike "salacious and unopposed allegations" about the hospitality industry's participation in sex trafficking. Similar to Trilogy's assertions, the defendant hotel chain claimed that the paragraphs were impertinent and meant to merely "flame emotions." *E.S. v. Best W. Int'l, Inc.*, 510 F. Supp. 3d 420 at 435. The court denied the motion because it found that the paragraphs provided appropriate context to the plaintiff's suit and did not meet the Rule 12(f) motion to strike standard. *Id.* The paragraphs Trilogy asks the Court to strike here are milder than allegations of involvement in the sex trafficking industry that the court declined to strike in *Best W. Int'l, Inc.*.

Further, in *Spoon v. Bayou Bridge Pipeline*, LLC, 335 F.R.D. 468 (M.D. La. 2020), the court denied defendants' motions to strike because the motions were procedurally improper and because the allegations were relevant to the controversy. Similarly, in *OKC Corp. v. Williams*, 461 F. Supp. 540, 550 (N.D. Tex. 1978), the court denied the U.S. Securities and Exchange Commission's motion to strike

paragraphs from plaintiff's pleadings, explaining, "[w]hen taken as true, the challenged paragraphs are certainly relevant to [plaintiff's] claims and do not contain the extreme sort of accusation that unnecessarily reflects adversely on the defendants." *OKC Corp.*, 461 F. Supp. at 550. These cases, cited by Trilogy, in which the courts denied motions to strike support the same result in this case.

Trilogy also relies on cases that decided motions to strike insufficient defenses. These cases do not support Trilogy's motion to strike paragraphs here because courts perform a different analysis when determining whether to strike defenses. Rather than assessing whether statements have any relevancy to the controversy or are scandalous, in deciding motions to strike defenses courts instead determine whether, as a matter of law, the defendant sufficiently alleged facts supporting a legally cognizable defense. *See Fed. Deposit Ins. Corp. v. Butcher*, 660 F. Supp 1274, 1277 (E.D. Tenn. 1987) (granting the plaintiff's motion to strike the defendants' defenses and counterclaims because they were insufficient as a matter of law); *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp 200, 217 (D.N.J. 1993) (partially granting the plaintiff's motion to strike defenses as there were insufficient facts to support the equitable defense of acquiescence); *Seattle v. Monsanto Co.*, 387 F. Supp. 3d 1141, 1163 (W.D. Wash. 2019) (granting the plaintiff's motion to strike defenses because they were unsupported by any facts that would entitle the defendant to relief).

In the cases that Trilogy cites in which motions to strike paragraphs from complaints were granted, the motions were granted due to statutory insufficiencies in the pleadings that Trilogy does not allege here. For instance, in *Williams v. Eckerd Family Youth Alt.*, 908 F. Supp. 908, 912-13 (M.D. Fla. 1995)[1], the court partially granted the defendant's motion to strike references to the Florida Civil Rights Act because the plaintiffs had not filed a charge of discrimination with the Florida Commission on Human Relations to exhaust their administrative remedies prior to filing their complaint. Similarly, the court in *Brown v. Seebach*, 763 F. Supp. 574, 583 (S.D. Fla. 1992), struck plaintiff's allegations from the pleadings as they were not permitted by Florida law. There are no statutory insufficiencies in the allegations Trilogy seeks to strike from Plaintiff's Amended Complaint, thus *Williams* and *Brown* do not support Trilogy's motion to strike.

Lastly, *Spencer v. Dixon*, 290 F. Supp. 531 (W.D. La. 1968), is readily distinguishable from the circumstances here. The court in *Spencer* granted a motion to strike paragraphs from the plaintiffs' complaint because it contained "scandalous, insulting, and abusive language in irrelevant criticism of a judge, impairing the dignity of the court and respect for its authority in violations of the laws of Louisiana." *Spencer*, 290 F. Supp. at 532. The four Paragraphs Trilogy seeks to

---

[1] Trilogy cites to *Williams v. Eckerd Family Youth Alt.*, 903 F. Supp. 1515 (M.D. Fla. 1995). That opinion was amended, however, and Plaintiff cite to the amended opinion instead.

strike from the pleadings in no way rise to the level of the scandalous, insulting, and abusing language and irrelevant criticism about the judiciary which "permeated" the complaint in *Spencer*. Thus, the case law Trilogy cites in support of its motion to strike does not provide support for striking paragraphs from Plaintiff's Amended Complaint.

As Trilogy has failed to prove that the four paragraphs which it seeks to strike from Plaintiff's Amended Complaint are irrelevant to the issues in controversy in this case or derogatory or scandalous to Trilogy or LeBlanc, Trilogy's motion should be denied.

# **CONCLUSION**

WHEREFORE, Plaintiff J.W., a minor, by and through Amanda Williams, Guardian and Next Friend, by and through undersigned counsel and pursuant to L. U. Civ. R. 7 and Fed. R. Civ. P. 12(f), hereby submit this Memorandum of Law in Opposition of Trilogy Engineering Services, LLC ("Defendant") and their Motion to Strike Paragraphs 21, 22, 23, and 301 of the Amended Complaint and Jury Trial Demand.

Dated: May 2, 2022.

Respectfully submitted,

**LEVY KONIGSBERG LLP**

/s/ Kimberly L. Russell
Kimberly L. Russell, *PHV* 49630
Corey M. Stern, *PHV* 49568
John P. Guinan, *PHV* 49681
605 Third Avenue, 33rd Floor
New York, New York 10158
(212) 605-6298
klrussell@levylaw.com
cstern@levylaw.com
jguinan@levylaw.com

-and-

**CHHABRA & GIBBS, P.A.**

/s/ Rogen K. Chhabra
Rogen K. Chhabra

Darryl M. Gibbs
120 N. Congress St., Suite 200
Jackson, MS 39201
(601) 948-8005
rchhabra@cglawms.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2022, the foregoing document was filed via the U.S. District Court's CM/ECF electronic system and a copy thereof was served upon all counsel of record.

/s/ Kimberly L. Russell
Kimberly L. Russell