IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

J.W., A MINOR, BY AND THROUGH AMANDA WILLIAMS,
GUARDIAN AND NEXT FRIEND,                                                     PLAINTIFF

VS                                           CASE NUMBER 3:21-cv-00663-CWR-LGI

THE CITY OF JACKSON, ET AL.                                                  DEFENDANTS

### JERRIOT SMASH'S MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR QUALIFIED IMMUNITY

Plaintiff brings two § 1983 claims against Jerriot Smash in his individual capacity. But, Plaintiff fails to allege Smash participated in any of the conduct giving rise to those claims. In fact, Smash is not mentioned in the "Introduction" or "Statement of Facts" sections of the Amended Complaint. *See* Am. Compl. [Doc. 51] at 2-9, 21-77. That is noteworthy because those are the only sections in which Plaintiff makes factual allegations. Plaintiff has not stated a § 1983 claim against Smash individually.

Additionally, and for the reasons stated in the City of Jackson's Motion for Judgment on the Pleadings and Memorandum in Support [Docs. 80-81], which Smash incorporates by reference, Plaintiff's state-created-danger claim fails as a matter of law.

Last, and for the reasons set forth in Tony Yarber's and Kisha Powell's Motion for Qualified Immunity and to Dismiss and Memorandum in Support [Docs. 82-83], and Chokwe A. Lumumba's and Robert Miller's Motion for Qualified Immunity and to Dismiss and Memorandum in Support [Docs. 84-85], all of which Smash incorporates by reference—including the qualified-immunity arguments—Plaintiff's bodily-integrity claim fails to state a claim against Smash because he too is entitled to qualified immunity.

## RELEVANT FACTUAL ALLEGATIONS

Smash is identified in the Amended Complaint in the first unnumbered paragraph as a defendant and "former Jackson Public Works Director." Am. Compl. [Doc. 51] at 1. He is mentioned a second time in the "Jurisdiction" section, where Plaintiff asserts—in conclusory terms—Smash is subject to the jurisdiction of this Court because "the acts and omissions giving rise to Plaintiff's claims took place in the State of Mississippi." *Id.* at 11 (¶ 50). Smash is next mentioned in the "Parties" section, in which Plaintiff identifies him as the "Interim Public Works Director for Jackson from approximately May 2016 to October 2017." *Id.* at 16 (¶ 65). Smash is not mentioned again in an averment until Count III, where Plaintiff claims—again, in conclusory terms—Smash did not exercise reasonable care "to perform a duty owed to Plaintiff." *See id.* at 81-86 (¶¶ 394-412).

## ARGUMENT AND AUTHORITIES

### I. Standard of Review

A Rule 12(b)(6) motion tests the sufficiency of a party's complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-63, 570 (2007). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.2d 631, 634 (5th Cir. 2014); *Petersen Indus., Inc. v. Hol-Mac Corp.*, No. 4:10-cv-152-CWR-FKB, 2011 U.S. Dist. LEXIS 13338, *3 (S.D. Miss. Feb. 9, 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Petersen Indus.*, 2011 U.S. Dist. LEXIS 13338, at *3-4 (quoting *Iqbal*, 556 U.S. at 678).

2

The facial plausibility standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Petersen Indus.*, 2011 U.S. Dist. LEXIS 13338, at *3 ("A plaintiff's complaint must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (quoting *Twombly*, 550 U.S. at 555).

The legal standard is the same for dismissal motions filed under Rule 12(c). *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209-10 (5th Cir. 2010); *Atwood v. Tullos*, 312 F. Supp. 3d 553, 559-60 (S.D. Miss. 2018) ("In deciding a 12(c) motion, the court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.") (internal quotations omitted).

The standard for a qualified immunity motion brought at the pleadings stage is the same as any other Rule 12(b)(6) or 12(c) motion, save for one difference: the burden is on the *plaintiff*, not the movant, to demonstrate the inapplicability of the defense. *Cantrell v. City of Murphy*, 666 F.3d 911, 918 (5th Cir. 2012).

**II.     Plaintiff Has Not Pleaded Smash Violated His or Her Constitutional Rights.**

Smash is entitled to qualified immunity because Plaintiff fails to identify even one act or omission by Smash that led to Plaintiff's alleged injuries. *See Williams v. Barbour*, Civ. Action No. 3:09CV179-DPJ-JCS, 2009 U.S. Dist. LEXIS 98114, *7 (S.D. Miss. Oct. 2, 2009) (quoting *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)); *see also Spikes v. McVea*, No. 19-30019, 2021 U.S. App. LEXIS 27612, *1 (5th Cir. Sept. 14, 2021) (noting the qualified-immunity inquiry must focus on the role of each defendant, not the collective action of a group of

defendants) (citing *Taylor v. Riojas*, 141 S. Ct. 52, 54 (2020); *Dyer v. Houston*, 964 F.3d 374, 382 n.6 (5th Cir. 2020)). Smash is not individually liable for the conduct of other government officials. *See generally Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999) ("Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent.").

That said, "in a due process challenge to executive action, the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998); *see also Pena v. Givens*, 637 F. App'x 775, 782 (5th Cir. 2015) (unpublished). In *Lewis*, the Supreme Court emphasized that "only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" *Id.* at 846 (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 129 (1992)).

Not only must the executive action be conscience-shocking, but it must also be made with subjective "deliberate indifference." *Sanchez v. Oliver*, 995 F.3d 461, 473 (5th Cir. 2021). "'Deliberate indifference is an extremely high standard to meet.'" *Id.* (quoting *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)). In *Pierce v. Hearne Independent School District*, 600 F. App'x 194 (5th Cir. 2015), the Fifth Circuit stressed:

> A due process violation results from "*deliberate* decisions of government officials to deprive a person of life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and do not divest officials of qualified immunity." *Alton v. Texas A&M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999) (citation omitted). As the Seventh Circuit has explained, deliberate indifference entails "conduct that reflects complete indifference to risk—when the actor does not care whether the other person lives or dies, despite knowing that there is a significant risk of

4

>> death." *Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir.
>> 1991) (citations and internal quotations omitted).

*Id.* at 198 (emphasis in original). Plaintiff cannot demonstrate conscience-shocking, deliberate indifference with respect to Smash because Plaintiff fails to identify anything Smash did to cause his or her alleged injuries.

In *Williams v. Barbour*, the district court set forth the pleading requirement for alleging a constitutional claim against a government official in his individual capacity in the Fifth Circuit:

> The generic pleading requirements of [Rule] 8 govern suits against individual defendants in their official capacity. Oliver need only provide a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Plaintiffs suing government officials *in their individual capacities, however must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to a constitutional violation.*

2009 U.S. Dist. LEXIS 98114, *7 (emphasis added); *see also Spikes*, 2021 U.S. App. LEXIS 27612, *1 (noting the qualified-immunity inquiry must focus on the role of each defendant, not the collective action of a group of defendants); *Dyer*, 964 F.3d at 382 n.6. That pleading standard is consistent with *Iqbal* and *Twombly*, requiring "allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury." *Williams*, 2009 U.S. Dist. LEXIS 98114, *7-8 (quoting *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999)); *see generally Petersen Indus.*, 2011 U.S. Dist. LEXIS 13338, at *3-4 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (quoting *Iqbal*, 556 U.S. at 678); *Twombly*, 550 U.S. at 570 (requiring plaintiff to plead "enough facts to state a claim to relief that is plausible on its face").

5

The Amended Complaint does not identify any of Smash's conduct that may have caused an injury. That pleading deficiency is fatal to Counts I and II of the Amended Complaint against Smash. *See Williams*, 2009 U.S. Dist. LEXIS 98114, *10-11 (finding general, conclusory allegations of participation in a conspiracy was insufficient to demonstrate with "factual detail and particularity" how each defendant violated the plaintiff's constitutional rights). Therefore, those claims should be dismissed against Smash.

### III. Plaintiff does not plead a MTCA claim against Smash individually.

In addition to the arguments raised in the City of Jackson's Motion for Judgment on the Pleadings, the negligence claim should be dismissed as to Smash, individually, for an additional reason. To the extent Plaintiff asserts Count III against Smash in his individual capacity—*see generally* Am. Compl. [Doc. 51] at 16 (¶ 65)—it should be dismissed because Plaintiff pleads Smash "acted in the course and scope of [his] employment." *See, e.g.*, *id.* at 86 (¶ 410); *see also City of Clinton v. Tornes*, 252 So. 3d 34, 37 (Miss. 2018) ("While the MTCA permits a government employee to 'be joined in an action against a governmental entity in a *representative* capacity if the act or omission complained of is one for which the governmental entity may be liable,' the MTCA makes clear 'no employee shall be held *personally* liable for acts or omissions occurring within the course and scope of the employee's duties.'") (quoting MISS. CODE § 11-46-7(2) (Rev. 2012)) (emphasis in original); *Dearman v. Stone Cnty. Sch. Dist.*, Civ. No. 1:13-cv-267-HSO-RHW, 2014 U.S. Dist. LEXIS 37489, *19-20 (S.D. Miss. Mar. 21, 2014) ("The MTCA generally provides that employees of a governmental entity who act within the course and scope of employment are not personally liable for injuries arising from their acts or omissions.").

## CONCLUSION

For the forgoing reasons, the Court should dismiss Counts I, II and III against Smash.

RESPECTFULLY SUBMITTED, this the 12th day of May, 2022.

*/s/ Terris C. Harris*
TERRIS C. HARRIS

Terris C. Harris (MSB #99433)
THE COCHRAN FIRM-JACKSON, LLC
197 Charmant Place, Suite 2
Ridgeland, Mississippi 39157
Telephone: (601) 790-7600
tharris@cochranfirm.com
*Counsel for Jerriot Smash*

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2022, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which served a copy of the foregoing on all counsel of record.

*/s/ Terris C. Harris*
TERRIS C. HARRIS
