UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

J.W., a minor, by and through Amanda Williams
as guardian and next friend

        Plaintiffs,

v.                                                                                      Civil Action No.: 3:21-cv-663-CWR-LGI

The City of Jackson, Mississippi; Chokwe A.
Lumumba Jr.; Tony Yarber; Kishia Powell;
Robert Miller; Jarriot Smash; the Mississippi
State Department of Health; Jim Craig; Trilogy
Engineering Services LLC; and John Does 1-40,
        Defendants.

## MISSISSIPPI DEPARTMENT OF HEALTH AND JIM CRAIG'S RESPONSE TO MOTION TO CONSOLIDATE

Defendants Mississippi Department of Health ("MSDH") and Jim Craig ("Mr. Craig")(collectively "State Defendants") submit this Response to the Plaintiffs' Motion to Consolidate ("Motion"), as follows:[1]

1. Plaintiffs moved to consolidate the three Jackson water cases - case numbers 3:21-cv-663; 3:21-cv-667; and 3:22-cv-171 – for all purposes. However, Plaintiffs' requests to consolidate motion practice and employ master/short form complaints are premature and improperly fail to define needed post-consolidation procedures. The Plaintiffs' request for trial consolidation of all Plaintiffs is impermissible.

---

[1] State Defendants will serve a responsive pleading in 3:22-cv-171 and will assert qualified immunity defenses and MTCA defenses by June 17, 2022. By filing this response, the State Defendants expressly reserve all defenses, including, but not limited to, failure to state a claim for which relief can be granted under Rule 12(b)(6). Further, the State Defendants specifically preserve their defenses and incorporate the arguments in their motions to dismiss filed in #3:21-cv-663 and #3:21-cv-667.

2. Trial consolidation of a 1000 differing personal injury Plaintiffs should never be permitted.[2] Each Plaintiff is different – different potential lead exposures from sources that have nothing to do with the Jackson water; different potential lead exposures from the Jackson water (if any); different homes (with different aged piping leading to the home and different lead make-up of those pipes); different fact witnesses (such as family members) that will support each minor's injury claims; different doctors and other causation experts; different alleged exposure dates; different educations backgrounds and intelligence levels of the minor children; and different claims and types of alleged injury. Plaintiffs' claims are far too divergent to permit mass trial consolidation.

3. Plaintiffs also request motion consolidation and master and short form complaints. The Court should deny (or at least defer) those requests. Those requests are premature. The proceedings in 3:21-cv-663; 3:21-cv-667 are stayed pursuant to the Local Rules due to immunity motions (and 3:22-cv-171 soon will be). *See* L. U. Civ. R. 16(b)(3)(B). Though the Court can lift the stay to allow certain issues to proceed (such as formation of a Case Management Order on these issues), it has not.

4. Also, motion consolidation is not necessary as to the pending Rule 12 motions of the State Defendants in 3:21-cv-663 and 3:21-cv-667 (and the similar motion to filed in 3:22-cv-1710). They can be ruled on efficiently without consolidation.

5. As to future motion consolidation and master and short form complaints, Plaintiffs do not define the consolidated procedures to be employed. Plaintiffs' request for consolidated motion practice and master and short form complaints are conceptual proposals without details. Without specific procedures, a ruling consolidating motion practice and

---

[2] Plaintiffs devote the first few pages of the Motion to a recitation of a "Factual Background." That section is actually a recitation of allegations of the Complaint, i.e. Plaintiffs' version of facts. It is not a recitation of undisputed facts.

authorizing master and short form complaints impedes case efficiency and will lead to more motion practice.

6. The State Defendants do not oppose consolidating these matters for discovery. Although Plaintiffs did not propose discovery protocols in their Motion, that is understandable since discovery is stayed due to pending immunity motions. If the early motions are denied, the parties will have an opportunity to discuss and the Court will be permitted to consider proposed Case Management Order procedures concerning consolidated discovery.

7. Additionally, at some point, consolidated motion practice and master and short form complaints are features of consolidation the parties and Court should consider, as both could create efficiencies. This need not occur immediately given the stay. Consideration of the issues could easily (and we suggest should) occur after the Court rules on the early motions.

8. However, if the Court desires to consider the possibility of consolidated motion practice and master and short form complaints now, the Court should instruct the parties to meet in an attempt to negotiate an initial Case Management Order that deals with those two issues and, importantly, the procedures that should be employed.[3] Plaintiffs' counsel has addressed these issues in the past and State Defendants' counsel has addressed similar issues in many MDLs.

9. The procedures governing consolidated claims -including how rulings will apply to the consolidated matters, how the parties file motions as to all matters and how parties can file motions specific to particular Plaintiffs, master and short form complaints - are not straight-forward or defined in the Federal Rules of Civil Procedure. As such, the State Defendants request 30 days to confer to determine areas of agreement and submit a proposed Case Management Order on these issues.

---

[3] Plaintiffs seek to employ mechanisms like those in the Flint, Michigan water litigation. However, this is not that litigation and other procedures and protocols may be appropriate.

10. Based on the foregoing, Defendants Mississippi Department of Health and Jim Craig request that the Court deny Plaintiffs' request for consolidation of motion practice and master/short form complaints. Further, they request that the Court deny Plaintiffs' request for trial consolidation of all Plaintiffs, trial consolidation of 1000 Plaintiffs is impermissible. The State Defendants do not oppose discovery consolidation, but submit it will be necessary in the future to develop protocols for such consolidation. The State Defendants request any and all further relief to which this Court finds they are entitled.

Respectfully submitted, this the 10th day of June 2022.

                                      MISSISSIPPI STATE DEPARTMENT OF HEALTH and JIM CRAIG

                                      By:    */s/ Meade W. Mitchell*
                                                    Meade W. Mitchell, MB # 9649

OF COUNSEL:

Meade W. Mitchell, MB # 9649
Orlando R. (Rod) Richmond, MB # 9885
Phillip S. Sykes, MB # 10126
Edderek (Beau) Cole, MB # 100444
Margaret Z. Smith, MB # 104178
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Post Office Box 6010
Ridgeland, MS 39158-6010
Tel: 601-985-4560
Fax: 601-985-4500
Meade.Mitchell@butlersnow.com
Orlando.Richmond@butlersnow.com
Phillip.Sykes@butlersnow.com
Beau.Cole@butlersnow.com
Margaret.Smith@butlersnow.com

4

Gerald L. Kucia, MB #8716
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4072
Fax: (601) 359-2003
Gerald.kucia@ago.ms.gov

### CERTIFICATE OF SERVICE

I, Meade W. Mitchell, one of the attorneys for the Mississippi State Department of Health and Jim Craig, do hereby certify that I have this day served a true and correct copy of the above and foregoing document by filing it using the ECF system which sent notice of such filing to all counsel of record.

SO CERTIFIED, this the 10th day of June 2022.

*/s/ Meade W. Mitchell*
MEADE W. MITCHELL

64660471.v1