# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| J.W., a minor, by and through Amanda Williams, Guardian and Next Friend, | Case No. 3:21-cv-00663-CWR-LGI |
| *Plaintiffs*, | Hon. Carlton W. Reeves<br>Mag. LaKeysha Greer Isaac |
| v. | |
| The City of Jackson, Mississippi; Chockwe A. Lumumba, Jr.; Tony Yarber, Kishia Powell, Robert Miller; Jerriot Smash; The Mississippi State Department of Health; Jim Craig; Trilogy Engineering Services, LLC; and John Does 1-40,<br>*Defendants*. | |

## REBUTTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE CASES NUMBERED 3:21-663, 3:21-667, AND 3:22-171

Now that every response to Plaintiff's motion to consolidate is before this Court, it is clear all parties favor consolidation in some form at the present stage of litigation in the cases numbered 3:21-663 ("*J.W.*"), 3:21-667 ("*P.R.*"), and 3:22-171 ("*C.A.*") (collectively "the Jackson Water Cases"). Defendant Trilogy submitted a response reiterating that they do not oppose consolidation of these cases. (Doc. 96). Defendants Chokwe A. Lumumba, Jr., Tony Yarber, Kishia Powell, Jerriot Smash, Robert Miller, and the City of Jackson (collectively "the City Defendants") submitted a joint response also in favor of consolidation for the purposes of discovery and motion practice. (Doc. 97). Defendants Jim Craig and the Mississippi State Department of Health (collectively "the State Defendants") were the only ones to oppose consolidation for the purposes of motion practice and trial—but they were in favor of consolidation regarding discovery. (Docs. 94-95). In their opposition, the State Defendants even admit that consolidation for the purposes of

motion practice will benefit these proceedings and advise the Court to consider this procedure after their currently pending Motions to Dismiss are fully adjudicated.

A concern among the Defendants is the preservation of all initial arguments, answers, and motions currently awaiting adjudication. Trilogy, the City Defendants, and the State Defendants make clear that they do not intend to waive any argument or defense they have asserted thus far. However, consolidation of these matters will not cause any party to forfeit or refile any initial pleadings already before this Court as all responses and adjudication can take place in the consolidated docket. Further, any party could make motions and arguments in a subset of the consolidated litigation when appropriate.

In addition to consolidation, Plaintiff's counsel proposes implementing a Master Long Form Complaint and Short Form Complaint ("Long and Short Form Complaints" and "Form Complaints") to facilitate adding to the consolidated litigation future cases on behalf of additional individuals seeking relief for similar damages caused by these very same Defendants. During the May 27, 2022, Status Conference and in their original Motion, Plaintiffs introduced this idea as it had great success in similar complex litigation. No Defendant completely opposes the use of Form Complaints at some point in this litigation. The only disagreement seems to be when this tool should be utilized.

There is no doubt that the Jackson Water Cases present common questions of law and fact involving the same Defendants and similarly situated Plaintiffs. These cases also represent a convergence of many complicated doctrines, from mass tort litigation to environmental law to civil rights claims. Such complex litigation calls for careful planning and supervision to make the best use of this Court's time and to limit any unnecessary costs placed on all parties. Plaintiff seeks to introduce consolidation and Form Complaints to the Jackson Water Cases to improve efficiency

as early as possible. Tools like these can help this Court build a productive framework for the future of this litigation. Implementing these procedures as early as possible will benefit the parties and the Court as the cases proceed.

As such, Plaintiff asks this Court to order consolidation of the Jackson Water Cases for the purposes of discovery and motion practice, prior to the resolution of any pending motions. In addition to consolidation, Plaintiff also asks the Court to set a schedule for the Plaintiffs to move for leave to file Long and Short Form Complaints in the consolidated litigation. At a later date, Plaintiffs will seek consolidation of an appropriate subset of these cases for trial.

**ARGUMENT**

As discussed in Plaintiffs' Motion to Consolidate, Your Honor may consolidate actions involving common questions of law and fact if consolidation would avoid unnecessary costs or delay. *Moore v. Jackson Pub. Sch. Dist.*, No. 3:18-CV-817-CWR-FKB, 2020 U.S. Dist. LEXIS 153119 at *3 (S.D. Miss. Aug. 24, 2020) (quoting *Mills v. Beech Aircraft Corp.*, 712 F.2d 978, 989 (5th Cir. 1983). (Doc. 90 at 9-10). Consolidation is only improper if it would prejudice the rights of the parties. *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983) (citing *Dupont v. Southern Pacific Co.*, 366 F.2d 193, 195-96 (5th Cir.1966)). Otherwise, the district court is free to order consolidation despite objections from the parties. *Id*.

**I.     Consolidation for the Purpose of Discovery**

All Parties agree that consolidation should be granted for the purposes of discovery. Even the State Defendants acknowledge in their opposition that "[c]onsolidating these cases for discovery makes sense." (Doc. 95 at 4). Streamlining depositions, disclosures, document production, and written discovery would be cost-saving and beneficial to all parties while

promoting judicial economy. As no party objects, this Court should order consolidation of the Jackson Water Cases for the purpose of discovery.

## II. Consolidation for the Purpose of Motion Practice

Plaintiffs, the City Defendants, and Defendant Trilogy all agree that now is the appropriate time to consolidate the Jackson Water Cases for the purpose of motion practice. The City Defendants consent to consolidation despite their pending motions before this Court (three of which argue questions of immunity). Their only stipulation is that they have not waived and do not intend to waive any arguments or defenses already asserted in their initial responses. That leaves the State Defendants as the only parties opposed to motion practice consolidation at this stage of the litigation.

In their Opposition, the State Defendants fail to explain how consolidating these actions now will prejudice them. Instead, they argue that Plaintiffs' requests are premature because the Court could decide the pending motions without consolidation. (Doc. 95 at 1). The State Defendants admit, however, that their two pending motions in *J.W.* and *P.R.* are identical. As of today, the State Defendants filed an identical Motion to Dismiss in *C.A.*[1](*C.A.* Docs. 44-45). As their argument revolves entirely around the adjudication of their pending motions, the State Defendants make clear that they will consent to motion practice consolidation only after these three sets of motions are fully decided individually. Doing so would substantially delay this litigation when this Court could just consolidate these cases and Motions now, hear any oral arguments all at once, and rule on these identical motions together.

State Defendants further argue that consolidating motion practice in a manner that moots their initial responsive pleadings or otherwise requires them to be re-filed and re-briefed would be

---

[1] The City Defendants and Trilogy also filed answers and motions in *C.A.* today that are identical to their filings in *J.W.* and *P.R.* (*C.A.* Docs. 41-54).

4

prejudicial. (Doc. 95 at 9) That is not the issue here. No party in this matter is requesting that this Court reset the pending motion practice across the Jackson Water Cases. The City Defendants and Plaintiffs have conferred and agree that no argument or defenses should be waived by any party upon consolidation.

There is no reason why this Court cannot consider the fully briefed Motions to Dismiss regarding the State Defendants' qualified immunity and state tort claim defenses together, post-consolidation. In the face of the overwhelming efficiencies that will arise from consolidating these matters now, the State Defendants articulate no prejudice that they will suffer from such consolidation. Indeed, this Court stayed all deadlines for the pending motions to determine the efficiency of consolidation at this stage and Defendants raise no arguments showing why consolidating the cases now would be inappropriate.

### III. Post-Consolidation Procedures and Form Complaints

State Defendants object to Plaintiffs' proposal to institute Long and Short Form Complaints for the same reasons as their objection to motion practice consolidation: it is too early to implement Form Complaints because of unfinished early motion practice. They also argue that Plaintiffs do not define post-consolidation procedures. At the same time, the Defendants ask to be a part of finalizing these very same procedures. Plaintiffs agree that procedures should be put in place after this Court orders consolidation and that all parties should have a chance to be heard on the content of the final Form Complaints.

In the Flint Water Cases, Judge Judith E. Levy ordered consolidation and directed plaintiffs to file a motion for leave to file the form complaints. From there, plaintiffs and defendants had every opportunity to brief the court on these issues. After all parties had a chance to be heard, the court granted plaintiffs' counsel leave to file the final form complaints.

Like the court in Michigan, this Court should also grant consolidation and then give the parties the opportunity to be heard on the Form Complaints before adopting them in their final format. As such, Plaintiffs ask this Court order consolidation and establish a timeline for a motion for leave to file Form Complaints. Upon those orders, the parties can meet and confer about the Form Complaints and other post-consolidation procedures.

**IV.     Deferring Consolidation for the Purpose of Trial**

The State Defendants also raise objections to consolidation of all pending cases for trial. (Doc. 95 at 2, 4-8). The City Defendants also oppose "a single, consolidated trial for all current and future plaintiffs. (Doc. 97 at 2, n.2). Whether trial consolidation is permissible or desirable depends largely on the amount of common evidence among the cases. Manual for Complex Litigation, Fourth, § 11.631. As the Jackson Water Cases are firmly in the pretrial phase, Plaintiffs ask that this Court defer which cases to consolidate for trial until later in the litigation.

## CONCLUSION

For the reasons stated above, this Court should order pretrial consolidation for the Jackson Water Cases. Following consolidation, Plaintiff respectfully requests that the Court set a briefing schedule for Plaintiffs to file for leave to file Form Complaints.

WHEREFORE, Plaintiff respectfully requests this Court order consolidation of these matters.

Dated: June 17, 2022.

                                              Respectfully submitted,
                                              **LEVY KONIGSBERG LLP**

                                              /s/ Kimberly L. Russell
                                              Kimberly L. Russell, *PHV* 49630
                                              Amber R. Long, *PHV* 49271
                                              Corey M. Stern, *PHV* 49568
                                              John P. Guinan, *PHV* 49681

605 Third Avenue, 33rd Floor
New York, New York 10158
(212) 605-6298
klrussell@levylaw.com
along@levylaw.com
cstern@levylaw.com
jguinan@levylaw.com

-and-

**CHHABRA & GIBBS, P.A.**

/s/ Rogen K. Chhabra
Rogen K. Chhabra
Darryl M. Gibbs
120 N. Congress St., Suite 200
Jackson, MS 39201
(601) 948-8005
rchhabra@cglawms.com
dgibbs@cglawms.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2022, the foregoing document was filed via the U.S. District Court's CM/ECF electronic system and a copy thereof was served upon all counsel of record.

/s/ Kimberly L. Russell
Kimberly L. Russell
