**LEVY KONIGSBERG LLP**
ATTORNEYS AT LAW
605 THIRD AVENUE, 33RD FLOOR
NEW YORK, NEW YORK 10158

NEW JERSEY OFFICE
QUAKERBRIDGE EXECUTIVE OFFICE
101 GROVERS MILL ROAD
LAWRENCEVILLE, NEW JERSEY 08648
TELEPHONE: (609) 720-0400
FAX: (609) 720-0457

(212) 605-6200
FAX: (212) 605-6290
WWW.LEVYLAW.COM

ALBANY OFFICE
90 STATE STREET
ALBANY, NEW YORK 12207
TELEPHONE: (518) 286-5068

JJORDAN@LEVYLAW.COM

August 26, 2022

*Via CM/ECF*

The Honorable Carlton W. Reeves
United States District Court for the Southern District of Mississippi
501 E. Court St., Suite 5.500
Jackson, Mississippi 39201

      Re:    *J.W. v. The City of Jackson, et al.* **3:21-cv-00663-CWR-LGI**
             *P.R. et al v. The City of Jackson, et al.*, **3:21-cv-00667-CWR-LGI**
             *C.A. et al. v. The City of Jackson, et al.*, **3:22-cv-00171-CWR-LGI**

Dear Judge Reeves,

      I am submitting this letter to apprise the Court of an intervening decision of the United States Court of Appeals for the Fifth Circuit, which addresses arguments briefed by counsel in opposition to the pending motions to dismiss in the above-captioned actions. I am attaching a copy of the decision, Exhibit "A," to this letter.

      In *Harris v. Clay County*, the Fifth Circuit affirmed the district court's denial of qualified immunity to Clay County Sheriff Huffman and Deputy Sheriff Scott. No. 21-60456, 2022 U.S. App. LEXIS 23749, at *2 (5th Cir. Aug. 24, 2022)(withdrawing and substituting its opinion in 40 F.4th 266). The Court ruled that Huffman and Scott violated Steven Harris' Fourteenth Amendment right to due process by allowing him to remain in custody for six years after he was deemed incompetent to stand trial and his civil commitment proceedings were dismissed for want of jurisdiction. *Id.*

      As relevant here, within a few days of the dismissal of the civil commitment proceedings, a sealed indictment alleged that Harris assaulted a jail guard while in custody. In relation to this indictment, the Sheriff and his deputy issued to the Circuit Court a "Diligence Declaration" in which they stated, "After diligent search and inquiry, [we] have been unable to find the within named Steven J. Harris in [our] county." *Id.* at *3-4. This statement was false as Steven Harris was in fact in Clay County's custody. The Fifth Circuit stated, "[t]hat lie allows a factfinder to infer that Huffman and Scott were covering something up – that they knew there was no longer any basis to hold Harris." *Id.* at *13.

Honorable Carlton W. Reeves
August 26, 2022
Page 2

The Fifth Circuit ruled that dishonesty may form a basis for a due process violation, stating, "Thus, the length of time Harris was held without a pending hearing—substantial as it was—is not the only basis for tying the sheriffs to the due process violation." *Id.* The Court of Appeals' ruling relied in part on the seminal employment age discrimination case, *Reeves v. Sanderson Plumbing*, which noted the "general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as 'affirmative evidence of guilt.'" 530 U.S. 133, 147, (2000)(citations omitted).

In their *Memorandum in Opposition* [ECF Dock. No. 114], Plaintiffs cite several efforts by the City of Jackson and its officials to cover up the water crisis in Jackson. Plaintiffs maintained that such dishonesty is one consideration, *inter alia*, giving rise to a due process violation. In support, Plaintiffs relied on the Sixth Circuit decisions in *Guertin* and *Waid*, which involved a set of circumstances eerily and regrettably similar to those pending before this Court. There, the Sixth Circuit found that multiple City and MDEQ officials' dishonest statements in the midst of the Flint Water Crisis supported a reasonable inference that they acted with deliberate indifference. *Guertin v. Michigan*, 912 F.3d 907, 921, 925-926 (6th Cir. 2019); *Waid v. Earley (In re Flint Water Cases)*, 960 F.3d 303, 325-330 (6th Cir. 2020).

The binding Fifth Circuit decision in *Harris* further bolsters the powerful import of the Sixth Circuit's decisions in *Guertin* and *In re Flint* and dictates in favor of denying the City Defendants' motions to dismiss.

Should the Court require anything more in this regard, please do not hesitate to let me know.

Respectfully submitted,

LEVY KONIGSBERG LLP

Jacob B. Jordan

JJ:amd
*Enclosure*
cc: Adam Stone, Esq. (*Via CM/ECF only*)
Amber Lynn Kipfmiller, Esq. (*Via CM/ECF only*)
Clarence Webster, III, Esq. (*Via CM/ECF only*)
Kaytie M. Pickett, Esq. (*Via CM/ECF only*)
Catoria Parker Martin, Esq. (*Via CM/ECF only*)
Claire Barker, Esq. (*Via CM/ECF only*)
John F. Hawkins, Esq. (*Via CM/ECF only*)
LaTanya J. Allen, Esq. (*Via CM/ECF only*)
Terris C. Harris, Esq. (*Via CM/ECF only*)
Gerald L. Kucia, Esq. (*Via CM/ECF only*)
Edderek Linnel Cole, Esq. (*Via CM/ECF only*)
Margaret Z. Smith, Esq. (*Via CM/ECF only*)

Honorable Carlton W. Reeves
August 26, 2022
Page 3

Meade W. Mitchell, Esq. (*Via CM/ECF only*)
Orlando R. Richmond, Sr., Esq. (*Via CM/ECF only*)
Phillip S. Sykes, Esq. (*Via CM/ECF only*)
Dennis Jason Childress, Esq. (*Via CM/ECF only*)
Davide Macelloni, Esq. (*Via CM/ECF only*)
Richard G. Daniels, Esq. (*Via CM/ECF only*)