IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **J.W.** | **PLAINTIFF** |
| **v.** | **CAUSE NO. 3:21-cv-663-CWR-LGI** |
| **THE CITY OF JACKSON, et al.** | **DEFENDANTS** |
| **P.R., et al.** | **PLAINTIFF** |
| **v.** | **CAUSE NO. 3:21-cv-667-CWR-LGI** |
| **THE CITY OF JACKSON, et al.** | **DEFENDANTS** |
| **C.A., et al.** | **PLAINTIFF** |
| **v.** | **CAUSE NO. 3:22-cv-171-CWR-LGI** |
| **THE CITY OF JACKSON, et al.** | **DEFENDANTS** |

**JERRIOT SMASH'S REPLY MEMORANDUM IN SUPPORT OF MOTION
FOR JUDGMENT ON THE PLEADINGS AND/OR QUALIFIED IMMUNITY**

In his initial briefing, Smash established Plaintiffs did not set forth factual averments, giving rise to their constitutional claims against him individually. Plaintiffs respond by attributing the allegedly negligent conduct of other defendants to Smash and introducing facts not included in Plaintiffs' pleadings. That response is eviscerated by well-established precedent, which requires Plaintiffs to identify Smash's specific conduct, and allege specific facts, giving rise to their asserted constitutional claims.

Plaintiffs concede they did not give the required pre-suit notice of their negligence claim, which is subject to the strictures of the Mississippi Tort Claims Act, in *J.W. v. The City of Jackson, et al.*, No. 3:21-cv-663, and *P.R., et al. v. The City of Jackson, et al.*, No. 3:21-cv-667. Nevertheless, they attempt – in vain – to preserve that claim by making unsupported legal arguments that fly in the face of Mississippi law. Nor do Plaintiffs dispute that government

1

officials, like Smash, acting within the course and scope of employment cannot be held individually liable under the MTCA.  Established law dictates the negligence claim should be dismissed.

Plaintiffs' opposition to Smash's dispositive motions is unavailing.  The Court should dismiss counts I, II, and III of Plaintiffs' pleadings against Smash in all three actions.

Further, and as set forth in Smash's initial memoranda, Smash is also entitled to qualified immunity for the additional reasons set forth in Tony Yarber and Kishia Powell's briefing on their Motion for Qualified Immunity and to Dismiss and Memorandum in Support and Mayor Chokwe A. Lumumba's and Robert Miller's briefing on their Motion for Qualified Immunity and to Dismiss and Memorandum in Support, all of which Smash incorporates by reference— including the qualified immunity arguments.

## ARGUMENT

**I.     Plaintiffs fail to plead constitutional claims against Smash in his individual capacity, because they do not demonstrate Smash's conduct gave rise to those claims.**

"Individual capacity claims against state actors under the civil rights statutes implicate a heightened pleading standard."  *Williams v. Barbour*, No. 3:09CV179-DPJ-JCS, 2009 U.S. Dist. LEXIS 98114, *6 (S.D. Miss. Oct. 2, 2009) (citing *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987)).  "[H]eightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury."  *Id.* at *7-*8 (citing *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999)).  The pleading standard requires "factual detail and particularity."  *Id.* at *7.  Plaintiffs do not dispute the heightened pleading standard applies here.

Plaintiffs' averments are devoid of requisite factual detail and particularity to state a constitutional claim against Smash.  The averments upon which Plaintiffs rely to refute that

contention are not sufficient. *See* Pls.' Resp. [Dkt. 114] at 55-56.[1]  The only allegations Plaintiffs point to against Smash individually are (1) that he succeeded another defendant as Jackson's public works director and, during his tenure, the City voted to accept Trilogy's recommendation. *See id*. at 55 (identifying "J.W. Doc. 51 ¶310-318; P.R. Doc. 41 ¶318-325; C.A. Doc. 1 ¶319-326").  But, those allegations do not identify Smash's individual involvement in any decision Plaintiffs claim caused them an injury. *See id.*

The second set of averments on which Plaintiffs rely in opposition to the instant motion summarize conduct Plaintiffs ascribe to other defendants. Like the allegations regarding the City following Trilogy's recommendation, those allegations fail to identify Smash's individual involvement in the acts or omissions giving rise to Plaintiffs' constitutional claims. *See id*. at 56 (identifying "J.W. Doc. 51 ¶402; P.R. Doc. 41 ¶409; C.A. Doc. 1 ¶410") (referring to the collective conduct of named defendants, not Smash's individual conduct).  None of the averments state what, if anything, Smash said or did to allegedly violate Plaintiffs' constitutional rights.  Moreover, the laundry list of allegations upon which Plaintiffs rely was used to support Plaintiffs' *negligence* claim, not their constitutional claims.  *See, e.g.*, 2nd Am. Compl. [Dkt. 41] at 106-11 (¶¶401-19).[2]

Plaintiffs provide no legal support for their position that those averments are sufficient to state a constitutional claim against Smash individually.  They do not, because they cannot.  The pleading standard for alleging a constitutional claim against a government official in his individual capacity requires more than generic pleadings; it requires Plaintiffs to allege "specific

---

[1] All references are to the Response filed in *P.R., et al. v. The City of Jackson, et al.*, No. 3:21-cv-667.

[2] All references are to the Second Amended Complaint filed *P.R., et al. v. The City of Jackson, et al.*, No. 3:21-cv-667.

conduct" and "specific facts giving rise to a constitutional violation." 2009 U.S. Dist. LEXIS 98114, *7; *see also Spikes v. McVea*, No. 19-30019, 2021 U.S. App. LEXIS 27612, *1 (5th Cir. Sept. 14, 2021) (noting the qualified-immunity inquiry must focus on the role of each defendant, not the collective action of a group of defendants) (citing *Taylor v. Riojas*, 141 S. Ct. 52, 54 (2020); *Dyer v. Houston*, 964 F.3d 374, 382 n.6 (5th Cir. 2020)).

*Williams v. Barbour* is illustrative. 2009 U.S. Dist. LEXIS 98114, *10-*11. There, the Court found the plaintiffs' factual allegations were insufficient to state a constitutional claim because they did not "state what, if anything, any of the [i]ndividual [d]efendants said or did" that gave rise to the plaintiffs' claims. *Id.* at *10. The *Williams* court specifically noted the plaintiffs' pleadings were insufficient because they failed to show how each defendant was involved in the decisions giving rise to the asserted claims. *Id.* The Court should reach the same result here.

Plaintiffs' pleadings do not identify one thing Smash said or did that gave rise to their claims. The pleadings do not demonstrate what role Smash played in the decision to follow Trilogy's recommendation. *See* Pls.' Resp. [Dkt. 114] at 55. The pleadings also do not show how Smash engaged in any of the summarized conduct ascribed to other defendants in the Fact sections of the pleadings. *See id*. at 56 (referring to the collective conduct of named defendants, not Smash's individual conduct, in the Claims section of their pleadings). Those pleadings deficiencies are fatal to plaintiffs' constitutional claims against Smash individually, which should be dismissed against him.

To the extent Plaintiffs use their response to revise their pleadings to attribute conduct, giving rise to their claims, to Smash, the Court should reject Plaintiffs' efforts. "[C]laims and supporting factual allegations must be raised in a complaint; it is not enough to present

4

supporting factual allegations in a response to a motion to dismiss." *Coleman v. Bunch*, Civ. Action No. 1:17-cv-186-HSO-JCG, 2018 U.S. Dist. LEXIS 81620, *6-*7 (S.D. Miss. Apr. 18, 2018) (citing *Cevallos v. Silva*, 541 F. App'x 390, 393-94 (5th Cir. 2013)); *Davis v. Hinton*, Civ. Action No. 1:15-cv-358-JCG, 2017 U.S. Dist. LEXIS 194246, *10 (S.D. Miss. Nov. 27, 2017); *see also Kitchens Bros. Mfg. Co. v. First Tenn. Bank N.A.*, Case No. 13-01710-NPO, 2016 Bankr. LEXIS 2488, *52 (S.D. Miss. Bankr. July 5, 2016) (holding that the new factual allegations in a response to a motion to dismiss are not properly before the Court when ruling on a motion to dismiss); *R.S. v. Starkville Sch. Dist.*, Civ. Action No. 1:12-CV-88-SA-DAS, 2013 U.S. Dist. LEXIS 134264, *14 (N.D. Miss. Sept. 19, 2013) (refusing to consider additional facts in a response memorandum that do not appeal in the complaint in ruling on a motion for judgment on the pleadings). The Court should not consider factual assertions raised in Plaintiffs' response. *U.S. ex rel. Rigsby v. State Farm Fire & Cas. Co.*, Civ. No. 1:06CV433-HSO-RHW, 2015 U.S. Dist. LEXIS 197006, *37-38 (S.D. Miss. Aug. 6, 2015) (citing *Roebuck v. Dothan Sec., Inc.*, 515 F. App'x 275, 280 (5th Cir. 2013)).

**II.     Plaintiffs did not give proper pre-suit notice of their negligence claim, which should be dismissed.**

Plaintiffs concede they initiated *J.W.*, 3:21-CV-663, and *P.R., et al.*, 3:21-CV-667, asserting a negligence claim governed by the Mississippi Tort Claims Act (MTCA), without giving the requisite 90-day notice. Pl. Resp. [Dkt. 114] at 82. Inexplicably, however, Plaintiffs do not agree to voluntarily dismiss the claim. Instead, Plaintiffs argue that consolidation of the three cases mooted the issue. That argument lacks merit for two reasons.

First, Plaintiffs' current position on the impact of consolidation on Smash's defenses is wholly inconsistent with an earlier position, and, therefore, barred by the doctrine of judicial estoppel. *See Green Tree Servicing, LLC v. Clayton*, 689 Fed. Appx. 363, (5th Cir. 2017)

5

(unpublished) ("Judicial estoppel is an equitable common law doctrine that prevents a party from assuming inconsistent positions in litigation.") (citing *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008)) (internal citations omitted). Judicial estoppel "protect[s] the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest." *Id.* That is exactly what Plaintiffs attempt to do here.

In support of their motion to consolidate – and in response to other named defendants' argument that consolidation "moots their initial responsive pleadings", Plaintiffs acknowledge they have conferred with Smash and "agree that no argument or defense should be waived by any party upon consolidation." Rebuttal Mem. [Dkt. 99] in *P.R., et al.*, No. 3:21-cv-667, at 4-5. Now, in opposition to Smash's dispositive motion, Plaintiffs make a complete 180, arguing consolidation moots or waives one of Smash's defenses. Plaintiff cannot take that inconsistent position now simply because their interests have changed from consolidating the cases to defeating one of Smash's dispositive-motion arguments. *See Cox v. Richards*, No. 3:16-cv-668-HTW-LRA, 2017 U.S. Dist. LEXIS 218429, *7 ("Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interest have changed, assume a contrary position.") (cleaned up) (citing *N.H. v. Me.*, 532 U.S. 742, 749 (2001)). And the Court should reject Plaintiffs' argument accordingly.

More importantly, Plaintiffs' argument is unsupported by, and irreconcilable with, Mississippi law. Strict application of the MTCA's notice provision is not controversial. *See generally Jones v. Miss. Inst. of Higher Learning*, 264 So. 3d 9, 27 (Miss. Ct. App. 2018) ("Strict compliance with statutory notice is required, regardless of why the plaintiff failed to provide notice.") Both the Northern and Southern Districts of Mississippi have enforced the strict-

compliance standard.  *Pickett v. Panola Cnty.*, No. 3:13-cv-95-DMB-SAA, 2015 U.S. Dist. LEXIS 11080, *18-*19 (N.D. Miss. Jan. 30, 2015).

Applying that standard here, because Plaintiffs failed to give the required notice of their negligence claim, the claim must be dismissed.  And no procedural tactic may be used to cure the defect, including consolidation.  *See generally Esco v. Madison Cnty.*, No. 2020-CA-01013-COA, 2021 Miss. App. LEXIS 472, *16 (Miss. Ct. App. Nov. 9, 2021) (finding that an amended complaint cannot cure a party's fundamental failure to provide required pre-suit notice); *Bunton v. King*, 995 So. 2d 694, 696 (Miss. 2008) (finding that the argument "an amended complaint cured the ninety-day-notice problem is without merit"); *see also Pickett v. Panola Cnty.*, No. 3:13-cv-95-DMB-SAA, 2015 U.S. Dist. LEXIS 11080, *18-*19 (rejecting argument that filing a supplemental complaint after the ninety-day notice period expired cured the procedural defect of not filing pre-suit notice).

The fact Plaintiffs may "refile" the negligence claim has no bearing on the Court's determination.  *Jones*, 264 So. 3d at 27 (finding that a claim subject to the MTCA's notice provision "should be dismissed without prejudice to [the] ability to refile the claim after [compliance] with the MTCA's pre-suit notice requirements.").

### III. Plaintiffs have not stated a negligence claim against Smash in his individual capacity.

As shown above, Plaintiffs may not use their response to revise their pleadings.  *See Coleman*, 2018 U.S. Dist. LEXIS 81620, *6-*7; *Davis v. Hinton*, 2017 U.S. Dist. LEXIS 194246, *10; *see also Kitchens Bros. Mfg. Co. v. First Tenn. Bank N.A.*, 2016 Bankr. LEXIS 2488, *52; *R.S.*, 2013 U.S. Dist. LEXIS 134264, *14.   Plaintiffs plead Smash "acted in the course and scope of [his] employment" only vis-à-vis their negligence claim.  Compl. [Doc. 41] at 111 (¶417).  The MTCA is clear: "[N]o employee shall be held personally liable for acts or

7

omissions occurring within the course and scope of the employee's duties. MISS. CODE § 11-46-7(2) (Rev. 2012). Plaintiffs make no allegations otherwise. And the Court should not read into Plaintiffs' pleadings factual assertions that were raised for the first time in Plaintiffs' response. *Rigsby*, 2015 U.S. Dist. LEXIS 197006, *37-38.

Therefore, Plaintiffs' reliance on *Ellis v. Lowndes County* is unavailing. *See* Pls.' Resp. [Dkt. 114] at 84-85 (noting the *Ellis* plaintiffs pleaded the defendant "acted both within and outside the course and scope of his duties."). Further, Plaintiffs do not even attempt to argue the allegations in their complaint substantiate a claim Smash acted outside the course and scope of his duties. Plaintiffs' negligence claim against Smash individually is due to be dismissed.

## CONCLUSION

For the foregoing reasons, Smash is entitled to dismissal.

RESPECTFULLY SUBMITTED, this the 26th day of September, 2022.

/s/ Terris C. Harris
TERRIS C. HARRIS

Terris C. Harris (MSB #99433)
THE COCHRAN FIRM-JACKSON, LLC
197 Charmant Place, Suite 2
Ridgeland, MS 39157
Telephone: (601) 790-7600
tharris@cochranfirm.com
*Counsel for Jerriot Smash*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on September 26, 2022, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which served a copy of the foregoing on all counsel of record.

              */s/ Terris C. Harris*
              TERRIS C. HARRIS