## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

J.W., a minor, by and through Amanda                                    PLAINTIFF
Williams, Guardian and Next Friend,

v.                                                    Case No. 3:21-cv-00663-CWR-LGI
                                                              *consolidated with*
                                                      Case No. 3:21-cv-667-CWR-LGI
                                                      Case No. 3:22-cv-171-CWR-LGI

The City of Jackson, Mississippi, et al.                               DEFENDANTS

---

J.W., A MINOR, BY AND THROUGH AMANDA WILLIAMS
AS GUARDIAN AND NEXT FRIEND                                            PLAINTIFF

V.                                                    Case No. 3:21-cv-00663-CWR-LGI

THE CITY OF JACKSON, MISSISSIPPI, ET AL.                               DEFENDANTS

### ANSWER AND AFFIRMATIVE DEFENSES OF
### MISSISSIPPI STATE DEPARTMENT OF HEALTH – 3:21-cv-00663

Defendant Mississippi State Department of Health ("MSDH") submits its Answer and

Affirmative Defenses, as follows:[1]

### FIRST DEFENSE – ANSWER

MSDH responds to Plaintiff's Amended Complaint paragraph by paragraph, as follows:

As to the first unnumbered Paragraph under "Amended Complaint and Jury Trial Demand"

and before "Introduction," MSDH admits Plaintiff filed the instant lawsuit through his/her

purported Guardian and Next Friend. Otherwise, denied.

---

[1] The Court dismissed all claims asserted against Jim Craig in its Order of March 23, 2023. As such, no separate
Answer or Affirmative Defenses are required from Craig. In the event that it is determined that a response is
required of Craig, he adopts and incorporates the Answer and Affirmative Defenses of MSDH contained herein.

As to the second unnumbered Paragraph under "Amended Complaint and Jury Trial Demand" and before "Introduction," MSDH admits that Plaintiff asserts claims for personal injuries alleged in the Amended Complaint.  Otherwise, denied.

<u>**INTRODUCTION**</u>

1.    Admitted this is a civil action for damages filed by Plaintiff.  Otherwise, denied.

2.    Denied.

3.    MSDH admits that the City of Jackson maintains two separate water systems. Otherwise, denied.

4.    Denied, other than to admit the City of Jackson obtained the triennial test results for the period ending on 12/31/13.

5.    Denied for lack of sufficient knowledge and information.

6.    Denied for lack of sufficient knowledge and information.

7.    Denied for lack of sufficient knowledge and information.

8.    Denied for lack of sufficient knowledge and information.

9.    Denied for lack of sufficient knowledge and information.

10.    Denied.

11.    Denied.

12.    Denied.

13.    MSDH admits that MSDH discovered elevated lead levels in samples taken from the City of Jackson's drinking water during the triennial testing for the period of 1/1/13 – 12/31/15. Otherwise, denied.

14.    Denied.

15.    MSDH admits the City of Jackson and MSDH in January 2016 informed the public of the elevated lead levels in certain samples taken from the City of Jackson's drinking water

during the triennial testing conducted for the testing period of 1/1/13 – 12/31/15. Otherwise, denied.

16.     Denied.

17.     MSDH denies the lead levels in the City of Jackson water supply remain above the LCR action level but admit certain issues with City of Jackson's water system have not been fully addressed. Otherwise, denied.

18.     Denied.

19.     Denied.

20.     MSDH admits Trilogy Engineering was retained by the City of Jackson to conduct a corrosion study. Otherwise, denied.

21.     Denied for lack of sufficient knowledge and information.

22.     Denied for lack of sufficient knowledge and information.

23.     Denied for lack of sufficient knowledge and information.

24.     Denied for lack of sufficient knowledge and information.

25.     MSDH denies the allegations contained in Paragraph 25 for lack of sufficient knowledge and information, except to admit that one recommendation made by Trilogy to the City of Jackson was the use of soda ash.

26.     Denied for lack of sufficient knowledge and information.

27.     Denied for lack of sufficient knowledge and information.

28.     Denied for lack of sufficient knowledge and information, except to admit that Powell on at least one occasion indicated the City of Jackson water was safe to drink.

29.     MSDH admits that City of Jackson former Public Works Director Kishia Powell distinguished the situation in the City of Jackson from the situation in the City of Flint.  Otherwise, denied.

30.      Denied for lack of sufficient knowledge and information.

31.      Denied.

32.      MSDH admits that the City of Jackson lead levels were out of compliance with the SDWA and the EPA's Lead and Copper Rule ("LCR") until 2017 and that the City of Jackson had EPA Lead and Copper Rule compliance issues in other areas at various times thereafter. Otherwise, denied.

33.      MSDH admits that the Environmental Protection Agency issued an Emergency Administrative Order to the City of Jackson on March 27, 2020. Otherwise, denied.

34.      Denied.

35.      Denied.

36.      Denied.

37.      Denied.

38.      Denied.

39.      Denied.

40.      Denied.

41.      Denied.

42.      MSDH admits Plaintiff's Amended Complaint seeks compensatory and punitive damages and other available remedies. Otherwise, denied.

## **JURISDICTION**

43.      MSDH admits that Plaintiffs' Amended Complaint is a civil action alleging 42 U.S.C. § 1983 constitutional violations of the Fourteenth Amendment of the United States Constitution. Otherwise, denied.

44.      Denied.

45.      Denied.

46.     Upon information and belief, admitted that this Court may exercise personal jurisdiction over City of Jackson. Otherwise, denied.

47.     Upon information and belief, admitted the Court previously could exercise personal jurisdiction over Mayor Lumumba. Otherwise, denied.

48.     Upon information and belief, admitted the Court previously could exercise personal jurisdiction over former Mayor Yarber.  Otherwise, denied.

49.     Denied for lack of sufficient knowledge and information.

50.     Denied for lack of sufficient knowledge and information.

51.     Denied for lack of sufficient knowledge and information.

52.     MSDH admits this Court may exercise personal jurisdiction over MSDH. Otherwise, denied.

53.     MSDH admits this Court previously could exercise personal jurisdiction over Craig. Otherwise, denied.

54.     Denied for lack of sufficient information and knowledge.

55.     Denied for lack of sufficient knowledge and information.

56.     Denied for lack of sufficient information and knowledge.

## PARTIES

57.     MSDH is without sufficient knowledge or information to admit or deny the allegations of Paragraph 57 and, therefore, denies the same.

58.     Denied.

59.     Denied.

60.     MSDH admits the allegations contained in Paragraph 60 of the Amended Complaint at all relevant times.

61.     Denied.

62.    MSDH admits that Defendant Lumumba Jr. is the current mayor of the City of Jackson. MSDH has insufficient information to admit or deny the remaining allegations of Paragraph 62 and, therefore, denies same.

63.    MSDH admits that Defendant Tony Yarber is the former mayor of the City of Jackson.  MSDH has insufficient information to admit or deny the remaining allegations of Paragraph 63 and, therefore, denies same.

64.    MSDH admits that Defendant Kishia Powell is a former Public Works Director for the City of Jackson.  MSDH has insufficient information to admit or deny the remaining allegations of Paragraph 64 and, therefore, denies same.

65.    MSDH admits that Defendant Jarriot Smash is a former interim Public Works Director for the City of Jackson.  MSDH has insufficient information to admit or deny the remaining allegations of Paragraph 65 and, therefore, denies same.

66.    MSDH admits that Defendant Robert Miller is a former Public Works Director for the City of Jackson.  MSDH has insufficient information to admit or deny the remaining allegations of Paragraph 66 and, therefore, denies same.

67.    This paragraph is directed at "John Doe Defendants" and no response is required. To the extent a response is required, denied.

68.    This paragraph is directed at unnamed City of Jackson employees and no response is required.  To the extent a response is required, denied.

69.    Denied.

70.    MSDH admits that MSDH is a Department of the State of Mississippi established for the purposes set forth in the statutes of Mississippi, that the State of Mississippi has primacy of enforcement of the Safe Drinking Water Act and that MSDH is the State of Mississippi's department delegated with that power.  Otherwise, denied.

71.     MSDH admits that Defendant Jim Craig has been the Director of the Office of Health Protections since 2004, the Senior Deputy of MSDH since 2019, and the Emergency Planning Coordinator at all relevant times. Otherwise, denied.

72.     This paragraph is directed at "John Doe Defendants" and no response is required. To the extent a response is required, denied.

73.     Denied for lack of sufficient knowledge and information.

74.     Denied for lack of sufficient knowledge and information.

75.     Denied for lack of sufficient knowledge and information.

## STATEMENT OF FACTS

**I.     To the Extent a Response is Required, Admitted City Has Aging Water System. Otherwise, Denied.**

76.     MSDH admits the allegations of Paragraph 76 for all times relevant to the Amended Complaint.

77.     Admitted, other than denying for lack of sufficient information and knowledge of the exact population of the City of Jackson.

78.     MSDH admits the majority of the City of Jackson is African-American. Otherwise, denied for lack of sufficient knowledge and information.

79.     Admitted, except to deny MS025008 includes groundwater wells.

80.     Denied. Upon information and belief, the O.B. Curtis WTP was initially constructed and placed into operation in approximately 1996.

81.     Denied. Upon information and belief, the J.H. Fewell WTP was initially constructed and placed into operation in approximately 1914.

82.     Denied.

83.     Admitted.

84.    Admitted.

85.    Admitted.

86.    Denied.

87.    Denied for lack of sufficient knowledge and information.

88.    Denied for lack of sufficient knowledge and information.

89.    Denied for lack of sufficient knowledge and information.

90.    Denied for lack of sufficient knowledge and information.

91.    MSDH admits that Hinds County was one of several Mississippi Counties that was identified as high-risk for lead exposure based on certain data. MSDH denies the remaining allegations of Paragraph 91, other than to admit Plaintiffs cite isolated excerpts of the referenced article.

92.    MSDH admits the reported Lead and Copper Sample Summary Results for the City of Jackson for WS MS0250008 for 2011 – 2013 was 13.7 ppb (.0137 (mg/l)), admits the EPA Action Level Exceedance for lead is 15 ppb, and admits Plaintiffs' quote an isolated excerpt of an article.  MSDH denies the remaining allegations in Paragraph 92.

**II.    To the Extent a Response is Required, Denied.**

93.    Admitted that Paragraph 93 quotes an isolated excerpt from the cited article. Otherwise, denied.

94.    Admitted.

95.    Admitted.

96.    Admitted that Paragraph 96 quotes an isolated excerpt of the cited article. Otherwise, upon information and belief, admitted.

97.    Denied, other than to admit that lower pH can remove some of the oxide lining in service lines.

98.    Denied.

99.    Admitted that Paragraph 99 quotes an isolated excerpt of the cited article and that lower pH can remove some of the oxide lining in service lines.  Otherwise, denied.

100.    Denied.

## III.    To the Extent a Response is Required, Denied.

101.    MSDH admits the City of Jackson has had low pH in its water at certain times. Otherwise, denied.

102.    MSDH admits the City of Jackson has had low pH in its water at certain times. Otherwise, denied.

103.    Denied for lack of sufficient knowledge and information.

104.    Admitted that Paragraph 104 quotes an isolated excerpt of the cited article. Otherwise, denied for lack of sufficient knowledge and information.

105.    Denied for lack of sufficient knowledge and information.

106.    Denied for lack of sufficient knowledge and information.

107.    Denied for lack of sufficient knowledge and information.

108.    Denied for lack of sufficient knowledge and information.

109.    Admitted that Paragraph 109 reflects information listed on the cited website. Otherwise, denied for lack of sufficient information and knowledge.

110.    Admitted that Paragraph 110 quotes an isolated excerpt of the cited publication. Otherwise, denied for lack of sufficient information and knowledge.

111.    Denied for lack of sufficient information and knowledge.

112.    MSDH admits that Paragraph 112 quotes an isolated excerpt of the quoted article. Otherwise, denied.

113.    Admitted that lime is one of several chemicals that can be used to increase pH levels. Otherwise, denied.

114.    Denied for lack of sufficient knowledge and information.

115.    Admitted that the City of Jackson occasionally used powder lime for water treatment. Otherwise, denied for lack of sufficient knowledge and information.

116.    Admitted that Paragraph 116 quotes an isolated excerpt from the cited news article. Otherwise, denied for lack of information and knowledge.

117.    Denied.

**IV.    To the Extent a Response is Required, Denied.**

118.    Admitted that the triennial testing results showed an increase in lead from the prior triennial testing results for WS MS0250008. Otherwise, denied.

119.    Admitted that 4.8 ppb was the 1/1/07 - 12/31/09 90th percentile triennial testing result for WS MS0250008.  Otherwise, denied for lack of sufficient knowledge and information.

120.    Admitted that 13.7 ppb was the 1/1/10 – 12/31/13 90th percentile triennial testing result for WS MS0250008. Otherwise, denied for lack of sufficient knowledge and information.

121.    Admitted that Paragraph 121 partially quotes an excerpt of the cited article and the 2013 triennial results did not exceed the lead Action Level Exceedance or trigger mandatory action.  Otherwise, denied for lack of sufficient knowledge and information.

122.    Admitted that the lead levels of the Maddox Road Well Water System were lower than the lead levels for the MS0250008 for the triennial tests leading up to 2013. Otherwise, denied for lack sufficient of knowledge and information.

123.    Admitted that for the triennial testing period for 1/1/08 – 12/31/10, the lead level was 1.7 ppb for the 90th percentile of the Maddox Road Well Water System, WS MS0250012.

124.    Admitted that for the triennial testing period for 1/1/11 – 12/31/13, the lead level was 1.7 ppb for the 90th percentile of the Maddox Road Well Water System, WS MS0250012.

**V.    To the Extent a Response is Required, Denied.**

125.    MSDH denies the allegations of Paragraph 125 for lack of sufficient knowledge and information.

126.    MSDH denies the allegations of Paragraph 126 for lack of sufficient knowledge and information.

127.    MSDH denies the allegations of Paragraph 127 for lack of sufficient knowledge and information

128.    MSDH denies the allegations of Paragraph 128 for lack of sufficient knowledge and information.

129.    MSDH denies the allegations of Paragraph 129 for lack of sufficient knowledge and information.

130.    MSDH denies the allegations of Paragraph 130 for lack of sufficient knowledge and information.

131.    MSDH denies the allegations of Paragraph 131 for lack of sufficient knowledge and information.

132.    MSDH denies the allegations of Paragraph 132 for lack of sufficient knowledge and information.

133.    MSDH denies the allegations of Paragraph 133 for lack of sufficient knowledge and information.

134.    MSDH denies the allegations of Paragraph 134 for lack of sufficient knowledge and information.

135.    MSDH denies the allegations of Paragraph 135 for lack of sufficient knowledge and information.

136.    MSDH denies the allegations of Paragraph 136 for lack of sufficient knowledge and information.

137.    Admitted that Paragraph 137 quotes an isolated excerpt of the cited Press Release. Otherwise, denied for lack of sufficient knowledge and information.

138.    Admitted that Paragraph 138 quotes an isolated excerpt of the cited Press Release. Otherwise, denied for lack of sufficient knowledge and information.

139.    Admitted.

140.    Admitted.

141.    Admitted.

142.    MSDH denies the allegations of Paragraph 142 for lack of sufficient knowledge and information.

143.    MSDH denies the allegations of Paragraph 143 for lack of sufficient knowledge and information.

144.    MSDH denies the allegations of Paragraph 144 for lack of sufficient knowledge and information.

145.    MSDH denies the allegations of Paragraph 145 for lack of sufficient knowledge and information.

146.    MSDH denies the allegations of Paragraph 146 for lack of sufficient knowledge and information.

147.    MSDH denies the allegations of Paragraph 147 for lack of sufficient knowledge and information.

148.    Admitted that Mayor Yarber appointed Kishia Powell as the City of Jackson Public Works Director after taking office.  Otherwise, denied for lack of sufficient knowledge and information.

149.    MSDH denies the allegations of Paragraph 149 for lack of sufficient knowledge and information.

150.    MSDH denies the allegations of Paragraph 150 for lack of sufficient knowledge and information.

151.    Denied.

152.    Denied.

153.    MSDH denies the allegations of Paragraph 153 for lack of sufficient knowledge and information.

154.    Denied.

155.    MSDH denies the allegations in Paragraph 155 for lack of sufficient knowledge and information.

156.    MSDH denies the allegations in Paragraph 156 for lack of sufficient knowledge and information.

157.    Admitted that elevated lead levels were discovered in some samples collected from the City of Jackson's drinking water during triennial testing for the period 1/1/12 – 12/31/15, which were reported in January 2016. MSDH denies the lead levels in the City of Jackson water exceed the MPL presently.  MSDH admits the City of Jackson continued to have certain federal compliance issues.  Otherwise, denied.

158.    Admitted that Plaintiff quotes an isolated excerpt of a news article. MSDH denies the remaining allegations of Paragraph 158 for lack of sufficient knowledge and information.

159.    Admitted that Plaintiff quotes an isolated excerpt of a news article. MSDH denies the remaining allegations of Paragraph 159 for lack of sufficient knowledge and information.

160.    Denied.

161.    Other than to admit that Plaintiff quotes an isolated excerpt of a news article, MSDH denies the remaining allegations of Paragraph 161 for lack of sufficient knowledge and information.

162.    Denied.

**VI.    To the Extent a Response is Required, Denied.**

163.    MSDH admits the City of Jackson took its Well System offline in 2014 and temporarily merged the Well System with the Surface System. Otherwise, denied.

164.    MSDH admits the City of Jackson took its Well System offline in 2014 and temporarily merged the Well System with the Surface System. Otherwise, denied.

165.    Admitted.

166.    Admitted that the Maddox Road Well System typically had higher pH than the surface water from the Pearl River and the Reservoir.  Otherwise, denied.

167.    Denied.

168.    Admitted that the Maddox Road Well System typically had water with a pH over 8.  Otherwise, denied.

169.    Denied.

170.    Denied

171.    MSDH denies the allegations of Paragraph 171 for lack of sufficient knowledge and information.

172.    MSDH denies the allegations of Paragraph 172 for lack of sufficient knowledge and information.

173.    MSDH denies the allegations of Paragraph 173 for lack of sufficient knowledge and information.

174.    MSDH denies the allegations of Paragraph 174 for lack of sufficient knowledge and information.

175.    Denied.

176.    Admitted that elevated lead levels were discovered in some samples collected from the City of Jackson's drinking water during triennial testing for the period 1/1/12 – 12/31/15, which were reported in January 2016. MSDH admits the City of Jackson continued to have certain federal compliance issues, but denies the lead levels remain over the Action Level Exceedance presently. Otherwise, denied.

177.    MSDH denies the allegations of Paragraph 177 for lack of sufficient knowledge and information.

178.    Denied.

179.    MSDH denies the allegations of Paragraph 179 for lack of sufficient knowledge and information.

180.    MSDH denies the allegations of Paragraph 180 for lack of sufficient knowledge and information.

181.    MSDH denies the allegations of Paragraph 181 for lack of sufficient knowledge and information.

182.    Denied.

183.    Denied.

184.    MSDH denies the allegations for lack of sufficient knowledge and information.

185.    MSDH denies the allegations for lack of sufficient knowledge and information.

186.    MSDH denies the allegations for lack of sufficient knowledge and information.

187.    MSDH denies the allegations for lack of sufficient knowledge and information.

188.    Denied.

189.    Denied.

**VII.    To the Extent a Response is Required, Admitted LCR Samples Taken In June 2015 Revealed Exceedance.  Otherwise, Denied.**

190.    MSDH admits drinking water samples were collected by the City of Jackson by City of Jackson homeowners pursuant to EPA instruction and guidance for the triennial testing for the period of 1/1/13 – 12/31/15 and that Mississippi Public Health Laboratory performed testing of the samples in the summer of 2015. Otherwise, denied.

191.    MSDH admits that MSDH found that 22% of the samples collected had lead levels of 15 ppb or higher. Otherwise, denied.

192.    MSDH admits that MSDH is a delegated authority for oversight in Mississippi of the SDWA in accordance with the applicable law.  Otherwise, denied as the SDWA speaks for itself.

193.    MSDH admits that the lab results generated in the summer of 2015 ultimately showed 22% of the samples collected in June 2015 had lead levels of 15 ppb or higher. Otherwise, denied.

194.    Denied for lack of sufficient knowledge and information.

195.    MSDH admits the allegations of Paragraph 195 as to WS MS0250008. Otherwise, denied.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Admitted.

200.    Denied for lack of sufficient knowledge and information.

201.    Denied for lack of sufficient knowledge and information.

202.    Denied.

203.    Denied.

204.    Denied.

205.    Denied.

206.    Denied.

207.    Denied.

208.    Denied for lack of sufficient knowledge and information.

209.    Denied for lack of sufficient knowledge and information.

210.    Denied.

211.    Admitted, except to deny it is appropriate for LCR testing.

212.    Admitted that pre-flushing can yield lower lead test levels.  Otherwise, denied.

213.    Admitted.

214.    Denied, other than to admit the MSDH received the EPA's February 2016 letter.

215.    Denied.

216.    Denied.

217.    Denied.

218.    Denied.

219.    Denied.

220.    Denied.

**VIII.    To the Extent a Response is Required, Denied.**

221.    MSDH admits that MSDH informed the City of Jackson of the test results from the 1/1/12 – 12/31/15 triennial testing for the City of Jackson in January 2016.  MSDH admits the lead levels exceeding 15 ppb in 22% of samples collected.  Otherwise, denied.

222.    Denied.

223.    Denied.

224.    MSDH admits that approximately 22% of the samples the City of Jackson collected had lead levels of 15 ppb or higher and that MSDH informed the City of Jackson in January 2016. Otherwise, denied.

225.    Denied.

226.    Denied.

227.    Denied.

228.    Denied.

229.    Denied.

230.    Denied.

231.    Denied.

232.    Denied.

233.    Denied.

234.    Denied.

235.    Denied.

236.    Denied, other than to admit that MSDH issued a press release on February 26, 2016 with recommendations for safe water drinking to young children and pregnant women.

237.    Denied.

238.    Denied.

239.    Admitted.

240.    Admitted.

241.    Denied.

242.    Denied.

243.    Denied.

**IX.    To the Extent a Response is Required, Denied.**

244.    Denied.

245.    MSDH admits that Paragraph 245 quotes an isolated portion of the cited source. Otherwise, denied for lack of sufficient knowledge and information.

246.    Upon information and belief, MSDH denies the allegations of Paragraph 246.

247.    Admitted.

248.    Upon information and belief, MSDH denies the allegations of Paragraph 248, except to admit that Plaintiff quotes an isolated statement from a news article and that Powell distinguished Flint and Jackson.

249.    Upon information and belief, MSDH denies the allegations of Paragraph 249, except to admit that Plaintiff quotes an isolated statement from a news article.

250.    Denied.

251.    MSDH admits Plaintiff quotes an isolated excerpt of a news article.  Otherwise, denied for lack of sufficient knowledge and information.

252.    Denied.

253.    Denied.

254.    MSDH admits that Plaintiff quotes an isolated statement from a news article.

255.    Denied.

256.    MSDH denies the allegations of Paragraph 256 for lack of sufficient knowledge and information.

257.    MSDH denies the allegations of Paragraph 257, except to admit that Plaintiff quotes an isolated statement from a news article.

258.    MSDH denies the allegations of Paragraph 258 for lack of sufficient knowledge and information.

259.    MSDH denies the allegations of Paragraph 259 for lack of sufficient knowledge and information.

260.    MSDH denies the allegations of Paragraph 260 for lack of sufficient knowledge and information.

261.    Denied.

262.    Denied.

263.    MSDH denies the allegations in Paragraph 263, except to admit Plaintiff references isolated data from lead and copper testing in February 2016.

264.    MSDH denies the allegations in Paragraph 264, except to admit Plaintiff references isolated data from lead and copper testing in February 2016.

265.    Upon information and belief, MSDH denies the allegations of Paragraph 265, except to admit that Plaintiff quotes an isolated statement from a news article.

266.    Denied.

267.    MSDH denies the allegations of Paragraph 267 for lack of sufficient information and knowledge.

268.    MSDH admits MSDH issued a Compliance Plan in 2016 to the City of Jackson, admits the City of Jackson did not comply with certain aspects of the Compliance Plan, and admits

Plaintiff quotes an isolated excerpt of a news article. Otherwise, denied for lack of sufficient knowledge and information.

X.    **To the Extent a Response is Required, Admitted MSDH Issued a Compliance Plan and the City Did Not Comply with All Aspects of Same. Otherwise, Denied.**

269.    Admitted.

270.    Admitted.

271.    Admitted.

272.    Admitted.

273.    Admitted.

274.    Admitted.

275.    Admitted that the City of Jackson did not comply with certain aspects of the Compliance Plan issued by MSDH. Otherwise, denied.

276.    Admitted that MSDH issued a letter to the City of Jackson on March 22, 2016. Otherwise, denied as the MSDH letter speaks for itself.

277.    Denied.

278.    Denied for lack of sufficient knowledge and information.

279.    Denied.

280.    Admitted.

281.    Admitted.

282.    Admitted that the City of Jackson did not comply with all aspects of the Compliance Plan issued by MSDH. Otherwise, denied.

283.    Admitted that the City of Jackson did not comply with all aspects of the Compliance Plan issued by MSDH.   Otherwise, denied.

**XI.     To the Extent a Response is Required, Denied.**

284.    Denied.

285.    Admitted that Paragraph 285 quotes an isolated excerpt of the cited article. Otherwise, denied.

286.    Admitted that Paragraph 286 quotes an isolated excerpt of the cited article. Otherwise, denied for lack of sufficient knowledge and information.

287.    Admitted.

288.    Admitted.

**XII.     To the Extent a Response is Required, Denied.**

289.    Denied.

290.    Admitted that the City of Jackson issued some boil water notices between 2016 and 2020.

291.    Denied.

**XIII.    To the Extent a Response is Required, Denied.**

292.    Denied for lack of sufficient knowledge and information.

293.    Denied for lack of sufficient knowledge and information.

294.    Denied for lack of sufficient knowledge and information.

295.    Denied for lack of sufficient knowledge and information.

**XIV.    To the Extent a Response is Required, Denied.**

296.    Admitted that MSDH issued a Compliance Plan for City of Jackson in February 2016.  Otherwise, denied.

297.    Admitted.

298.    Admitted.

299.    Admitted that a Trilogy contract was approved by Jackson's City Council. Otherwise, denied for lack of sufficient knowledge and information.

300.    Denied for lack of sufficient knowledge and information.

301.    Denied for lack of sufficient knowledge and information.

302.    Admitted that Trilogy was retained to conduct a corrosion control study. Otherwise, denied for lack of sufficient knowledge and information.

303.    Denied, as the Trilogy 2017 report speaks for itself.

304.    Denied for lack of sufficient knowledge and information.

305.    Admitted that Paragraph 305 quotes an excerpt from the cited article.  Otherwise, denied for lack of sufficient knowledge and information.

306.    Denied for lack of sufficient knowledge and information.

307.    Denied for lack of sufficient knowledge and information.

308.    Admitted.

309.    Admitted that soda ash was one corrosion control measure recommended by Trilogy.  Otherwise, denied.

310.    Admitted that this was one corrosion control recommendation by Trilogy. Otherwise, denied.

311.    Denied for lack of sufficient knowledge and information.

312.    Admitted.

313.    Admitted.

314.    Denied for lack of sufficient knowledge and information.

315.    Denied for lack of sufficient knowledge and information.

316.    Denied for lack of sufficient knowledge and information.

317.    Denied for lack of sufficient knowledge and information.

318.    Denied for lack of sufficient knowledge and information.

319.    Denied for lack of sufficient knowledge and information.

320.    Denied for lack of sufficient knowledge and information.

321.    Denied for lack of sufficient knowledge and information, except to admit that one recommendation of Trilogy was use of soda ash.

322.    Denied for lack of sufficient knowledge and information.

323.    Admitted that Paragraph 323 quotes an isolated excerpt of the cited article. Otherwise, denied for lack of sufficient knowledge and information.

**XV.    To the Extent a Response is Required, Admitted.**

324.    Admitted.

325.    Admitted, though the Emergency Administrative Order speaks for itself.

326.    Admitted, though the Cover Letter speaks for itself.

327.    Denied.

328.    Denied, as the Emergency Administrative Order speaks for itself.

329.    Denied, as the Emergency Administrative Order speaks for itself.

330.    Denied, as the Emergency Administrative Order speaks for itself.

331.    Denied for lack of sufficient knowledge and information.

332.    Denied for lack of sufficient knowledge and information.

333.    Admitted that Paragraph 333 quotes an excerpt of the cited article. Otherwise, denied for lack of sufficient knowledge and information.

**XVI.    To the Extent a Response is Required, Admitted City Continues to Have Certain Federal Compliance Issues. Otherwise, Denied.**

334.    Denied.

335.    Admitted.

336.    Denied, as the Notice of Noncompliance speaks for itself.

337.    Denied, as the Notice of Noncompliance speaks for itself.

338.    Denied, other than to admit Plaintiff quotes an isolated excerpt of the Notice of Noncompliance.

339.    Admitted that the EPA issued an Emergency Administrative Order for the reasons stated therein.

340.    Admitted that the City of Jackson has experienced staffing shortages.  Otherwise, denied for lack of sufficient knowledge and information.

341.    Admitted that Paragraph 341 quotes an isolated excerpt from the cited article. Otherwise, denied for lack of sufficient knowledge and information.

342.    Denied for lack of sufficient knowledge and information.

343.    Denied for lack of sufficient knowledge and information.

344.    Admitted that Paragraph 344 quotes an isolated excerpt from the cited article. Otherwise, denied for lack of sufficient knowledge and information.

345.    Admitted that Paragraph 345 quotes an isolated excerpt from the cited article. Otherwise, denied for lack of sufficient knowledge and information.

**XVII.  To the Extent a Response is Required, Denied.**

346.    Admitted that certain levels of lead exposure may lead to health consequences. Otherwise, denied.

347.    Admitted that Paragraph 347 quotes an isolated excerpt from the EPA and that certain levels of lead exposure may result in health consequences.  Otherwise, denied.

348.    Admitted that Paragraph 348 quotes an isolated excerpt of information from the World Health Organization and that certain levels of lead exposure may result in health consequences.  Otherwise, denied.

349.    MSDH admits that certain levels of lead exposure in children may result in health conditions. Otherwise, denied.

350.    Admitted that Paragraph 350 contains a partial quote from the EPA website, with the more complete quote stating: "In rare cases, ingestion of lead can cause seizures, coma and even death." Otherwise, denied.

351.    Admitted that certain levels of lead exposure may result in health effects and that Paragraph 359 quotes an excerpt from the EPA website. Otherwise, denied.

352.    Admitted that Paragraph 352 quotes an excerpt from the EPA website and that certain levels of lead exposure may result in health conditions. Otherwise, denied.

353.    Denied for lack of sufficient knowledge and information.

354.    Denied for lack of sufficient knowledge and information.

355.    Denied.

356.    Denied.

**XVIII.    To the Extent a Response is Required, Denied.**

357.    Denied.

358.    Denied for lack of sufficient knowledge and information.

359.    Denied.

360.    Denied for lack of sufficient knowledge and information.

361.    Denied.

**XIX.    To the Extent a Response is Required, Denied.**

362.    Denied for lack of sufficient knowledge and information.

363.    Denied for lack of sufficient knowledge and information.

364.    Denied for lack of sufficient knowledge and information.

365.    Denied for lack of sufficient knowledge and information.

366.    Denied for lack of sufficient knowledge and information.

367.    Denied for lack of sufficient knowledge and information.

368.    Denied.

369.    Denied for lack of sufficient knowledge and information.

370.    Denied for lack of sufficient knowledge and information.

371.    Denied for lack of sufficient knowledge and information.

372.    Denied.

373.    Denied.

374.    Denied.

## CLAIMS FOR RELIEF

### COUNT I

375.    MSDH adopts and incorporates by reference its defenses and responses to the preceding paragraphs.

376.    Denied.

377.    Denied.

378.    Denied.

379.    Denied.

380.    Denied.

381.    Denied.

382.    Denied.

### COUNT II

383.    MSDH adopts and incorporates by reference its defenses and responses to the preceding paragraphs.

384.    Denied.

385.    Denied.

386.    Denied.

387.    Denied.

388.    Denied.

389.    Denied.

390.    Denied.

391.    Denied.

392.    Denied.

393.    Denied.

## COUNT III

394.    MSDH adopts and incorporates by reference its defenses and responses to the preceding paragraphs.

395.    Denied.

396.    Denied.

397.    Denied.

398.    Denied.

399.    Denied as to MSDH and/or its employees, including Craig. Otherwise, denied for lack of sufficient knowledge and information.

400.    Denied as to MSDH and/or its employees, including Craig. Otherwise, denied for lack of sufficient knowledge and information.

401.    Denied.

402.    Denied.

403.    Denied.

404.    Denied.

405.    Denied.

406.    Denied.

407.    Denied.

408.    Denied. Plaintiffs are not entitled to relief from MSDH.

409.    Denied. Plaintiffs are not entitled to relief from MSDH.

410.    Admitted, on information and belief, as to Craig and other MSDH employees.

411.    Denied.

412.    Denied.

## **COUNT IV**

413.    MSDH adopts and incorporates by reference its defenses and responses to the preceding paragraphs.

414.    Denied for lack of sufficient knowledge and information.

415.    Denied for lack of sufficient knowledge and information.

416.    Denied for lack of sufficient knowledge and information.

417.    Denied for lack of sufficient knowledge and information.

418.    Denied for lack of sufficient knowledge and information.

419.    Denied for lack of sufficient knowledge and information.

420.    Denied for lack of sufficient knowledge and information.

421.    Denied.

422.    Denied.

423.    Denied.

424.    Denied.

425.    Denied.

## COUNT V

426.    MSDH adopts and incorporates by reference its defenses and responses to the preceding paragraphs.

427.    Denied for lack of sufficient knowledge and information.

428.    Denied for lack of sufficient knowledge and information.

429.    Denied for lack of sufficient knowledge and information.

430.    Denied for lack of sufficient knowledge and information.

431.    Denied for lack of sufficient knowledge and information.

432.    Denied for lack of sufficient knowledge and information.

433.    Denied.

434.    Denied.

435.    Denied.

436.    Denied.

437.    Denied.

## DEMAND FOR JURY TRIAL

438.    Admitted Plaintiff demands trial by jury. Denied Plaintiff is entitled to same as to Count III.

## RELIEF REQUESTED

439.    Denied, including subparagraphs a. through f.  MSDH denies all allegations of negligence and wrongdoing directed at MSDH and/or its employees, including Craig.  MSDH denies Plaintiff is entitled to any relief from MSDH.

To the extent MSDH failed to respond to any allegation in the Amended Complaint, those allegations are denied.

## AFFIRMATIVE DEFENSES

### SECOND DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and it should be dismissed, in whole or in part, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### THIRD DEFENSE

Plaintiff has not shown that he/she has suffered a concrete injury that is fairly traceable to the conduct of MSDH.  Plaintiff fails to particularize where he/she lived in Jackson, when, and for how long.  Plaintiff failed to establish his/her standing to bring this suit.

### FOURTH DEFENSE

Plaintiff filed suit as "guardian and next of friend" of the minor but may lack capacity to do so under Federal Rules of Civil Procedure 17(b) and (c).  Under Mississippi law, "[a] person becomes a guardian for a minor only on appointment by the court."  Miss. Code Ann. § 93-20-201(1).  Plaintiff has not established she has been appointed by a court as guardian.  Under Rule 17(c), Plaintiff may sue as "next of friend" only if the court, in its discretion, determines that Plaintiff will adequately protect the minors' interests.

### FIFTH DEFENSE

MSDH employees, including Craig, are entitled to qualified immunity to suit for Plaintiff's claims under 42 U.S.C. § 1983 ("Section 1983").

### SIXTH DEFENSE

Plaintiff fails to state a viable Section 1983 claim because the alleged conduct of Craig and/or other MSDH employees did not violate a clearly established constitutional right of which a reasonable person should have known at the time the conduct occurred.

## SEVENTH DEFENSE

MSDH and its employees, including Craig, acted in good faith and neither directly nor indirectly performed any acts which would constitute a violation of any law or regulation or a violation of any right or any duty owed to Plaintiffs.

## EIGHTH DEFENSE

MSDH and its employees, including Craig, were performing their duties in a reasonable manner consistent with the exigent circumstances that emerged or existed at the time.

## NINTH DEFENSE

No official policy, practice, or custom has been promulgated, existed, and/or served to deprive Plaintiff of his/her constitutional rights.

## TENTH DEFENSE

Plaintiff's demand for punitive/exemplary damages, pre-judgment/post-judgment interest, and attorneys' fees are not valid remedies under the Mississippi Tort Claims Act ("MTCA"), *see* Miss. Code Ann. § 11-46-15(2), and should be dismissed.

## ELEVENTH DEFENSE

Mississippi law requires that fault be apportioned between all joint tortfeasors, including those immune from suit or not named as defendants. Miss. Code Ann. § 85-5-7. Fault should be allocated to each Defendant or non-party in direct proportion to its, his or her percentage of fault.

## TWELFTH DEFENSE

Plaintiff may live in homes with lead paint and/or lead blinds and/or may have been exposed to lead through sources, which may be a superseding or intervening cause of any injuries alleged by Plaintiff.

## THIRTEENTH DEFENSE

Some or all of Plaintiff's claims are barred by the statute of limitations.

## FOURTEENTH DEFENSE

To the extent Plaintiffs in the consolidated actions lived in different areas within the City of Jackson at different times, were serviced by different water lines, and claim differing levels and times of exposure, Plaintiffs do not assert a right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences, and are therefore misjoined under Federal Rule of Civil Procedure 20(a)(1).

## FIFTHEENTH DEFENSE

To the extent any MSDH employee, including Craig, alleged actions constituted fraud, malice, libel, slander, defamation, or any criminal offense other than traffic violations, MSDH is immune from liability for the conduct of such employee under Miss. Code Ann. §§ 11-46-5(2) and 11-46-7(2).

## SIXTEENTH DEFENSE

Under Miss. Code Ann. § 11-46-9(1)(a), MSDH and its employees, including Craig, are not liable for any of Plaintiff's asserted state law claims because such claims arose of an action of a legislative nature.

## SEVENTEENTH DEFENSE

Under Miss. Code Ann. § 11-46-9(1)(b), MSDH and its employees, including Craig, are not liable for any of Plaintiff's asserted state law claims because such claims arise out of any act or omission of an employee or a governmental entity exercising ordinary care in reliance upon, or in the execution or performance of, or in the failure to  execute or perform, a statute, ordinance, or regulation, whether or not the statute, ordinance, or regulation be valid.

## EIGHTEENTH DEFENSE

Under Miss. Code Ann. § 11-46-9(1)(d), MSDH and its employees, including Craig, are not liable for any of Plaintiff's asserted state law claims because such claims are based upon the

exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof.

## NINETEENTH DEFESNE

Under Miss. Code Ann. § 11-46-9(1)(e), MSDH and its employees, including Craig, are not liable for any of Plaintiff's asserted state law claims because such claims arise out of an injury caused by adopting or failing to adopt a statute, ordinance, or regulation.

## TWENTIETH DEFENSE

Under Miss. Code Ann. § 11-46-9(1)(g), MSDH and its employees, including Craig, are not liable for any of Plaintiff's asserted state law claims because such claims arise out of the exercise of discretion in determining whether or not to seek or provide the resources necessary for the purchase of equipment, the construction or maintenance of facilities, the hiring of personnel and, in general, the provision of adequate governmental services.

## TWENTY-FIRST DEFENSE

Under Miss. Code Ann. § 11-46-9(1)(p), MSDH and its employees, including Craig, are not liable for any of Plaintiff's asserted state law claims because such claims arise out of a plan or design for construction or improvements to public property, including, but not limited to, public buildings, highways, roads, streets, bridges, levees, dikes, dams, impoundments, drainage channels, diversion channels, harbors, ports, wharfs or docks, where such plan or design has been approved in advance of the construction or improvement by the legislative body or governing authority of a governmental entity or by some other body or administrative agency, exercising discretion by authority to give such approval, and where such plan or design is in conformity with engineering or design standards in effect at the time of preparation of the plan or design.

## TWENTY-SECOND DEFENSE

Plaintiff's state law claims are barred by any and all other liability exceptions set forth in

Miss. Code Ann. § 11-46-9 that may be shown under the facts of this case.

### TWENTY-THIRD DEFENSE

Plaintiff's state law claims must be dismissed because he/she failed to comply with the MTCA's pre-suit notice requirements set forth in Miss. Code Ann. § 11-46-11.

### TWENTY-FOURTH DEFENSE

Miss. Code Ann. § 11-46-15(1)(c) caps liability for all claims against a government entity or its employee arising out of a single occurrence at Five Hundred Thousand Dollars ($500,000.00).

### TWENTY-FIFTH DEFENSE

To the extent any Plaintiff's state law claims survive to trial, those claims must be tried without a jury under Miss. Code Ann. § 11-46-13(1). Plaintiff has no right to a trial by jury on that claim.

### TWENTY-SIXTH DEFENSE

To the extent applicable, MSDH asserts all defenses available under Rule 8(c) and 12(b) of the Federal Rules of Civil Procedure.

### TWENTY-SEVENTH DEFENSE

Pursuant to Fed. R. Civ. P. 12(b)(3), MSDH and Craig raise the defense of improper venue and, alternatively, reserve the right to move to transfer this to another venue on the grounds that Defendants cannot receive a fair and impartial trial in this venue.

### TWENTY-EIGHTH DEFENSE

To the extent Plaintiff received specific notice regarding the potential risks of lead contamination and chose to ingest the water anyway, and to the extent Plaintiff is responsible for lead exposure from sources other than the public water supply, his/her damages, if any, should be

diminished in proportion to the amount of negligence attributable to the person injured under Miss. Code Ann. § 11-7-15.

### TWENTY-NINTH DEFENSE

Plaintiff failed to mitigate his/her alleged damages.

### THIRTIETH DEFENSE

One or more superseding and/or intervening causes – such as Plaintiff's preexisting medical conditions – preclude any finding of liability for damages on the part of MSDH or its employees.

### THIRTY-FIRST DEFENSE

Plaintiff's claims are based on guesswork, speculation, or conjecture only and Plaintiff may not, therefore, have recovery against MSDH or its employees. Even if Plaintiff consumed water from the public sources at issue during the time period at issue, which is denied, and even if such water was capable of causing injury, which is denied, Plaintiff's exposure, if any, was insufficient to cause injury or permit recovery against MSDH or its employees.

### THIRTY-SECOND DEFENSE

Some or all of Plaintiff's claims are preempted by the Safe Drinking Water Act and/or other federal laws.

### THIRTY-THIRD DEFENSE

Under Miss. Code Ann. § 11-46-7(2), Craig and any other unnamed MSDH employee cannot be held personally liable under state law for any acts or omissions occurring within the course and scope of their employment with MSDH.  Under Miss. Code Ann. §§ 11-46-5(3) and 11-46-7(7), Plaintiff cannot overcome the presumption that any act or omission by Mr. Craig or any other MSDH employee was within the course and scope of his or her employment.

### THIRTY-FOURTH DEFENSE

The acts or omissions of third parties over whom MSDH and its employees, including Craig, had no control, whose acts or omissions MSDH and its employees, including Craig, had no reason to anticipate, and for whom MSDH and its employees are not liable, proximately caused or contributed to the damages, injuries, and losses, if any, sustained by Plaintiff. These acts or omissions of third parties constitute efficient, intervening causes of Plaintiff's damages, injuries, and losses, if any, and supersede any alleged wrongful act or omission on the part of MSDH and its employees, including Craig.

### THIRTY-FIFTH DEFENSE

Plaintiff's claims are barred by the public duty doctrine, as any alleged duties imposed on MSDH and its employees, including Craig, that give rise to Plaintiff's claims are duties to the general public and not to any specific Plaintiff.  Thus, the alleged negligent performance of or failure to perform any such duty must be regarded as an injury to the public and not to any individual member of the public, and Plaintiff cannot show that they have any direct or distinctive interest that sets them apart from all other members of the public.

### THIRTY-SIXTH DEFENSE

Plaintiff failed to join persons indispensable to this action; therefore, pursuant to Fed. R. Civ. P. 19, and the Amended Complaint should be dismissed or this action should be stayed pending the grant of appropriate relief by the Court.

### THIRTY-SEVENTH DEFENSE

If Plaintiff has previously filed a lawsuit seeking damages as a result of exposure to lead, and that suit is still pending, this Court lacks jurisdiction under the priority of jurisdiction rule

### THIRTY-EIGHTH DEFENSE

MSDH and its employees, including Craig, are entitled to a credit, prorated reduction or percentage reduction in the amount of any settlement Plaintiff has entered or may enter into and/or a credit of any benefits received by Plaintiff.

### THIRTY-NINTH DEFENSE

To the extent that all or part of Plaintiff's claims which are the basis of this lawsuit have either been settled or adjudicated, the doctrines of res judicata, collateral estoppel, payment and release, laches waiver, and accord and satisfaction bar Plaintiff's claims against MSDH and its employees, including Craig.

### FORTIETH DEFENSE

MSDH and its employees, including Craig, deny that Plaintiff is entitled to recover punitive damages in this case.  In the alternative, any award of punitive damages against MSDH and its employees, including Craig, would violate the Constitution of the United States including, but not limited to, the due process and equal protection clauses of the Fourteenth Amendment, and the "double jeopardy" clause of the Fifth Amendment as applied to the states through the Fourteenth Amendment.  Moreover, the award of punitive damages in multiple cases for the same alleged conduct violates the Constitution, as does the award for punitive damages that bear no proportional relationship to any actual damages.  An award of punitive damages would also amount to an excessive fine in violation of the Eighth Amendment to the Constitution.

### FORTY-FIRST DEFENSE

MSDH and its employees, including Craig, deny that Plaintiff is entitled to recover punitive damages in this case.  In the alternative, any award of punitive damages against MSDH and its employees, including Craig, would violate the Constitution of the State of Mississippi, including, but not limited to, the right of due process, Article 3, Section 14; the prohibition against twice

being placed in jeopardy for the same offense, Article 3, Section 22; and the prohibition against the imposition of excessive fines, Article 3, Section 28.

## FORTY-SECOND DEFENSE

MSDH and its employees, including Craig, deny that Plaintiff is entitled to recover punitive damages in this case. In the alternative, the scheme of punitive damages as imposed in Mississippi establishes no consistent, recognizable, or rational standard for submitting punitive damages to the jury or for appellate review of a punitive damages award, nor is such scheme related to or supported by Mississippi's interests in protecting its own consumers or its own economy. MSDH and its employees, including Craig, received no fair notice either of the conduct that would subject it to punitive damages or of the severity of punitive damages that might be imposed under Mississippi law. Mississippi law does not ensure that punitive damage awards bear a reasonable relationship to compensatory damages; the jury instructions given under Mississippi law are inadequate; and juries under the Mississippi scheme have unbridled discretion in the amount of their award. Therefore, the Mississippi scheme of punitive damages violates Defendants' rights to procedural and/or substantive due process under the Fourteenth Amendment to the United States Constitution and Section Fourteen of the Mississippi Constitution. Further, Mississippi's scheme of punitive damages places undue burdens on interstate commerce, in violation of the United States Constitution.

## FORTY-THIRD DEFENSE

MSDH adopts, by reference, all defenses pled by the other present and former Defendants in this cause which are applicable to the claims of Plaintiff against MSDH.

## **FORTY-FOURTH DEFENSE**

The Amended Complaint does not describe all claims asserted against MSDH with sufficient particularity to permit MSDH to ascertain what other defenses may exist. MSDH and Craig therefore reserve the right to assert all defenses that may pertain to the Amended Complaint once the precise nature of such claims has been ascertained.

Respectfully submitted, this the 6th day of April, 2023.

MISSISSIPPI STATE DEPARTMENT OF HEALTH

By: */s/ Meade W. Mitchell*
Meade W. Mitchell, MB #9649

ONE OF ITS ATTORNEYS

OF COUNSEL:

Meade W. Mitchell, MB # 9649
Orlando R. (Rod) Richmond, MB # 9885
Phillip S. Sykes, MB # 10126
Edderek (Beau) Cole, MB # 100444
Margaret Z. Smith, MB # 104178
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Tel: 601-985-4560
Fax: 601-985-4500
Meade.Mitchell@butlersnow.com
Orlando.Richmond@butlersnow.com
Phillip.Sykes@butlersnow.com
Beau.Cole@butlersnow.com
Margaret.Smith@butlersnow.com

Gerald L. Kucia, MB #8716
Special Assistant Attorney General
OFFICE OF THE ATTORNEY
GENERAL CIVIL LITIGATION
DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4072
Fax: (601) 359-2003
Gerald.kucia@ago.ms.gov

## <u>CERTIFICATE OF SERVICE</u>

I, Meade W. Mitchell, one of the attorneys for Defendant Mississippi State Department of Health, do hereby certify that I have this day served a true and correct copy of the above and foregoing document by filing it using the ECF system which sent notice of such filing to all counsel of record.

SO CERTIFIED, this the 6th day of April, 2023.

*/s/ Meade W. Mitchell*
MEADE W. MITCHELL

68373082.v1