

_____

No. 3:21-CV-663-CWR-LGI

J.W., *a minor, by and through Amanda Williams, Guardian and Next Friend, et al.*,

*Plaintiffs*,

v.

THE CITY OF JACKSON, MISSISSIPPI, *et al.*,

*Defendants.*

_____

CASE MANAGEMENT ORDER NO. 1
(SEVERING CASES)

_____

Before CARLTON W. REEVES, *District Judge*.

This first Case Management Order is intended to provide the parties, their lawyers, and the Clerk's Office with guidance on how we will administer the more than 2,000 civil actions that comprise the "Jackson Water Cases."[1]

---

[1] The Jackson Water Cases are those in which minors represented by attorneys at Chhabra & Gibbs, PA and Levy Konigsberg, LLP allege that the City of Jackson, the State of Mississippi, and Trilogy Engineering Services LLC are liable for damages caused by lead-contaminated drinking water.

### I. Prior Motions and Orders

Since July 2022, this cause number (No. 3:21-CV-663) has been consolidated with No. 3:21-CV-667 and No. 3:22-CV-171 for early motion practice and discovery purposes. *See* Docket No. 110. Motions filed in the lead case ('663) were deemed to be filed in '667 and '171 without need for separate docketing. *Id.* Similarly, Orders entered in the lead case applied to the member cases without separate docketing. *Id.*

The Court now applies this same structure to the later-filed Jackson Water Cases, which are located at No. 3:23-CV-243, No. 3:23-CV-246, No. 3:23-CV-250, and No. 3:23-CV-478. All motions filed in those cases are hereby adjudicated, as of today, in the same way and for the same reasons as the Orders entered in the lead case. *See* Docket Nos. 132 and 135. Further, the answers of the defendants filed in '663 are deemed filed in '667, '171, '243, '246, '250, and '478.

The Clerk's Office shall this day terminate the pending motions and the dismissed defendants in those later-filed cases. The Clerk's Office shall also administratively close all seven original civil actions. The parties need not make any other filings on those seven dockets.

### II. The Clerk's Procedures

The next issue is how the Clerk's Office will manage the 2,000+ individual claims contained in the seven original civil actions.

The Clerk of Court shall first designate a lead Deputy Clerk to serve as the point of contact for counsel, chambers staff, and any Special Master working on the Jackson Water Cases.

Upon entry of this Case Management Order, the Clerk's Office will create a Master Docket for *In re Jackson Water Cases* at

Cause No. 3:23-CV-614-CWR-LGI. The Master Docket shall include this Order and every filing from '663.

The Clerk's Office will determine how to list the plaintiffs. It may, for example, list a single plaintiff called "Jackson Water Cases plaintiffs," or instead list seven plaintiffs—one for each original cause number. The plaintiffs' attorneys identified on '663 will be imported into the Master Docket.

The Clerk's Office will then determine how to list the defendants on the Master Docket. In any event, the case shall proceed against only three defendants: the City of Jackson, Mississippi; the Mississippi Department of Health; and Trilogy Engineering Services, LLC. The defense attorneys for these parties identified on '663 will be imported into the Master Docket.

The imported attorneys, and any that later enter their appearance, will have filing privileges on the Master Docket and only the Master Docket.

When the Master Docket is complete, the Clerk's Office shall reserve the next 2,400 sequential civil cause numbers for individual plaintiffs of the Jackson Water Cases. Additional numeric sequencing will occur if a need arises.

Deputy Clerks shall take each plaintiff in the seven original Jackson Water cause numbers ('663, '667, '171, '243, '246, '250, and '478), sever them from their original cause number, and assign each plaintiff his or her own civil action number. Given that each plaintiff in '663 is duplicated in '246 and each plaintiff in '667 is duplicated in '243, the Deputy Clerks shall assign only one civil action number to each of these plaintiffs (as opposed to one for each case).

For example, the first plaintiff in '663, J.W., shall receive No. 3:23-CV-615-CWR-LGI. Deputy Clerks shall ensure that each individual plaintiff's docket contains this Order and the operative complaint from each individual plaintiff's original cause.[2] All of these cases shall be assigned to the District Judge and Magistrate Judge presently handling these matters.

The Deputy Clerks shall continue sequentially until each plaintiff identified in the seven original Jackson Water Cases has been severed and given a unique civil action number.

Should either presiding Judge, or an eventual Special Master, find it necessary to recuse themself from an individual plaintiff's case, an appropriate Order will be entered, and the Clerk of Court shall reassign that individual plaintiff's case in accordance with local procedures.

### III.  Procedures for the Attorneys

All filings by counsel and their staff, of every kind, shall be made on the Master Docket. Attorneys and their staff shall not upload any pleading, motion, entry of appearance, notice of service, or other filing to an individual plaintiff's cause number.

Every filing must include, in its caption, *In re Jackson Water Cases* and the Master Docket Number.

Every caption must then identify which plaintiff(s) it applies to. If all plaintiffs, the caption must say something like, "**This Document Relates to All Plaintiffs**." If the filing is intended

---

[2] In '663, the operative complaint is the Amended Complaint located at Docket No. 51. The Deputy Clerk will have to review the dockets of the remaining six cases ('667, '171, '243, '246, '250, and '478) and import that complaint into each plaintiff's individual cause number.

4

for fewer than all plaintiffs, the caption must say something like, "**This Document Relates to**" and then provide the individual plaintiff(s) initials and cause number(s).[3]

The Court recognizes that the Master Docket will ultimately contain thousands of entries. After consulting with its colleagues, however, it is persuaded that a single docket is, in the long run, more efficient than permitting counsel to file in and maintain more than 2,000 docket sheets.

The parties must use discretion and judgment in their filings. Filings that apply to all plaintiffs are preferred to those that pertain to an individual. If a party or attorney abuses the system with multiplicitous filings, the Court will not hesitate to schedule hearings, with client attendance mandatory, to discuss the problem and require more efficient litigation.

If counsel for the plaintiffs wishes to add new plaintiffs, they shall file on the Master Docket a motion to add plaintiff(s) and, for appellate record purposes, attach each proposed new plaintiff's short form complaint as an exhibit to the motion.[4] No additional filing fee is required. If granted, the Clerk of Court shall docket this Order and the new plaintiff's short form complaint on one of the remaining 2,400 reserved civil action numbers. Answers, if any, shall be filed on the Master

---

[3] If the number of plaintiffs involved in a motion renders their listing in the caption unwieldy, please write something like, "**This Document Relates to All Plaintiffs Identified in Exhibit 1**," and include as your first exhibit an attachment listing the relevant plaintiffs by their initials and individual cause number.

[4] The parties have not yet agreed to the contents of a short form complaint for new plaintiffs. The Court instructs the parties to submit a proposed short form complaint for new plaintiffs to the Court within seven days of the entry of this Order.

Docket. If a defendant declines to answer within 30 days, it will be deemed to have incorporated the defenses it asserted in '663. These new cases shall be assigned to the same District Judge and Magistrate Judge presiding over the Master Docket.

If an individual plaintiff's case settles, counsel shall file on the Master Docket a motion for settlement that identifies which cases have resolved.[5] Counsel shall then email to the District Judge's chambers the parties' proposed Agreed Order of Dismissal or Agreed Final Judgment. If the Court approves the motion, it will grant it on the Master Docket and direct the Clerk's Office to file the signed Agreed Order of Dismissal or Agreed Final Judgment on the individual plaintiff's unique cause number. That will close the individual plaintiff's case.

Attorneys previously admitted *pro hac vice* to practice in any of the seven original Jackson Water Cases shall not have to pay additional *pro hac vice* fees for any related case in this District. Should new out-of-state counsel wish to appear, however, the standard motion must be filed on the Master Docket, and the current filing fee paid one time.

### IV. Preservation of Claims, Defenses, and Arguments

All plaintiffs wish to proceed on the claims they asserted in '663, as those claims have been allowed or disallowed pursuant to the merits Orders issued in that action.

Similarly, all remaining defendants wish to proceed on the defenses they have asserted in '663, as those have been adjudicated in the merits Orders issued in that action.

---

[5] Plaintiffs must also comply with all state laws concerning minor settlement approval.

In the event any new plaintiffs are added, the parties have agreed not to relitigate at the trial court level those arguments addressed in the merits Orders entered in '663.

In the event any new plaintiffs are added, formal service of process is not required, as the parties agree that service of process will be effectuated upon the Court's entry of an Order granting the motion to add plaintiff(s).

This Order does not address whether the plaintiffs or the defendants may seek to raise new claims or defenses.

## V. Trials and Appeals

At this early juncture, and in the event summary judgment is denied as to some plaintiffs, the Court anticipates a first trial where no more than eight plaintiffs present their claims together.

This first Case Management Order does not set forth the procedures that the parties and the Clerk's Office must take should any party appeal a Final Judgment or Rule 54(b) Final Judgment issued on the Master Docket or an individual plaintiff's cause number. Additional discussion and consultation will be necessary.

It is the Court's intent to limit the filing of separate notices of appeal and the payment of separate appellate filing fees in this litigation whenever possible. Accordingly, any appeals taken from an Order or Judgment of the Court in this litigation shall be joint appeals as contemplated by Fed. R. App. P. 3(b)(1), and the appellants shall be subject to a single appellate filing fee. In any such appeal, the notice of appeal shall be filed only in the Master Docket. If the appeal is being taken by the plaintiffs, the notice shall be filed only in the Master Docket and either (1) designate that it applies to all plaintiffs, or (2)

identify the individual docket numbers of the plaintiffs who are taking the appeal. Similarly, if the appeal is taken by a defendant or defendants, the notice shall be filed only in the Master Docket and either (1) designate that it applies to all plaintiffs, or (2) identify the individual docket numbers of the plaintiffs against whom the appeal is taken. The Court may revisit or revise this procedure if it later determines that filings are required or needed in the individual plaintiffs' dockets.

## VI.  Amendment

This document does not and cannot anticipate future disagreements or uncertainties. Additional CMOs will be necessary.

In the event of a material disagreement or uncertainty regarding the topics addressed in this Order—or any dispute, in candor—the Court expects the parties to confer in good faith and seek to craft a mutual solution befitting their substantial experience and expertise. If an impasse is reached, however, any party may move to amend this Order under the usual Fifth Circuit standard for amendment of Case Management Orders.

## VII.  Moving Forward

Within seven days from today, the parties shall contact the chambers of the Magistrate Judge to schedule a case management conference that will address the timing of initial disclosures, a protective order, ESI, and any other subject the Magistrate Judge finds appropriate.

**SO ORDERED**, this the 25th day of September, 2023.

s/ CARLTON W. REEVES
*United States District Judge*
