IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**IN RE JACKSON WATER CASES**　　　　　　**CAUSE NO. 3:23-CV-614-CWR-LGI**

**THIS DOCUMENT RELATES TO ALL
PLAINTIFFS**

## MEMORANDUM IN SUPPORT OF DEFENDANTS' OPPOSED MOTION TO STAY DISCOVERY AND ENTRY OF SCHEDULING ORDERS

Defendants have filed a Motion for Pre-Discovery ("*Lone Pine*") Case Management Order ("*Lone Pine* CMO Request"). If granted, the *Lone Pine* CMO will provide time for Plaintiffs to present *prima facie* information for their claims (i.e., exposure, injuries, causation) before full-scale discovery in this mass tort—currently totaling 2,139 Plaintiffs—begins. This motion works in concert with the *Lone Pine* CMO Request by seeking a limited stay as follows:

- **First**, Defendants request a stay of the entry of a scheduling order and any discovery **pending the Court's ruling on Defendants' *Lone Pine* CMO Request**. Defendants anticipate that this stay would be approximately six weeks.

- **Second**, if the Court grants Defendants' *Lone Pine* CMO Request, in whole or in part, Defendants request a stay of the entry of a scheduling order and any discovery **pending the completion of compliance and enforcement of the terms of the *Lone Pine* CMO**. Defendants estimate this would be approximately six months after the *Lone Pine* CMO is entered.

This request is limited and does not impact other case management issues, such as the adoption of a protective order and ESI protocol. These matters can proceed while the *Lone Pine* motion is being decided by the Court and while compliance with and enforcement of the *Lone Pine* CMO is proceeding. This motion applies only to the entry of scheduling orders and discovery

1

obligations pending a *Lone Pine* CMO ruling and then, if a *Lone Pine* CMO is granted in whole or in part, a stay of overall discovery pending its completion.[1]

I. **MOTION TO STAY ENTRY OF SCHEDULING ORDER AND DISCOVERY OBLIGATIONS PENDING RULING ON THE *LONE PINE* CMO REQUEST**

On September 25, 2023, the Court entered Case Management Order No. 1 (CMO-1). CMO-1 states in part that "[w]ithin seven days from today [i.e., October 2, 2023], the parties shall contact the chambers of the Magistrate Judge to schedule a case management conference that will address the timing of initial disclosures, a protective order, ESI, and any other subject the Magistrate Judge finds appropriate." Case No. 3:21-CV-00063, Doc. 146 (CMO-1), at 8. The parties contacted Magistrate Judge Isaac in accordance with CMO-1 and a conference is presently scheduled for October 18, 2023. In advance of that conference, Defendants request that the Court stay discovery and the entry of scheduling orders[2] until the Court rules on the *Lone Pine* CMO Request.

Defendants' *Lone Pine* CMO Request was filed on October 10, 2023. Plaintiffs have 14 days to file their Response, meaning by October 24, 2023, and Defendants' Rebuttal will be due

---

[1] The Court has discretion to enter this relief under multiple provisions in the Federal Rules of Civil Procedure. Rule 1 is the starting point: "[t]hese rules govern the procedure in all civil actions and proceedings in the United States district courts [ ] . . . They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). Rules 16 and 26 repeatedly refer to the Court's ability to extend deadlines and implement procedures to efficiently manage the litigation. *See, e.g.,* Fed. R. Civ. P. 16(a), 16(b)(1)(B), 16(b)(3)(B), 16(b)(4), 16(c)(2) (multiple provisions in (A)-(P)), 16(d), 26(a)(1)(A), 26(a)(1)(C)-(D), 26(b). *See also Dietz v. Bouldin*, 579 U.S. 40, 45, 136 S. Ct. 1885, 1891 (2016) ("this Court has long recognized that a district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'").

[2] These requirements include the submission of a proposed case management order, *see* Local Civil Rule 16(c), service of disclosures under Fed. R. Civ. P. 26(a) (Local Civil Rule 26.1(a)(1)) within 14 days after the conference, *see* Local Civil Rule 16(d) and 26(a)(1), and entry of a case management order under Local Civil Rule 16(f).

seven days thereafter. S.D. Miss. Loc. Civ. Rule 7(b)(4). Assuming no extensions are requested, the *Lone Pine* CMO Request will be fully briefed by the first week of November 2023. Subject to the Court's schedule, a ruling could be made within approximately six weeks.[3] This is a short window, considering the importance of the request for a *Lone Pine* CMO and its impact on the scale and scope of this litigation as a whole.

## II.     MOTION TO STAY DISCOVERY PENDING COMPLETION OF COMPLIANCE AND ENFORCEMENT OF *LONE PINE* CMO.

If the Court enters a *Lone Pine* CMO, in whole or in part, the timing and sequence of all discovery will change. After the compliance period for Plaintiffs has concluded, some (perhaps many) of the current 2,139 cases may be subject to dismissal under the *Lone* CMO's enforcement provisions.

A stay of overall discovery in the meantime is warranted. To proceed otherwise would waste resources for all parties—a fact that is more significant where, as here, two Defendants are public, taxpayer-funded entities. It would be a waste for the Court to obtain proposals, entertain potential briefing, and enter a litigation-wide discovery CMO if, as anticipated, some (perhaps many) cases were determined to be without merit. Instead, once the *Lone Pine* compliance and enforcement period has concluded, the parties will be a position to meaningfully present the Court with proposed case management and scheduling orders for forthcoming discovery, consistent with efficient case management principles. *See, e.g.,* Manual for Complex Litig., 4th ed., § 22.6 (Mass Torts: Case-Management Orders); § 11.212 (Pretrial Procedures: Scheduling Order).

---

[3] Defendants acknowledge there could be further delay if the *Lone Pine* CMO Request were decided by the Magistrate Judge via Report & Recommendation and objections were filed with the District Court. As described in Defendants' Memorandum in Support of the *Lone Pine* CMO Request, this occurred in *Acuna*—where the plaintiffs' objections to entry of a *Lone Pine* CMO were rejected time and again by the District Court and, later, by the Fifth Circuit.

Defendants estimate the *Lone Pine* CMO compliance and enforcement period would take six months. This is based on Defendants' *Lone Pine* CMO Request and the proposed Order, which contains a 90-day period for Plaintiffs to comply. Defendants would thereafter serve notices of deficiency to noncompliant Plaintiffs and present the Court with a list of Plaintiffs who did not present the required information and/or did not cure deficiencies. These lists will enable the Court to dismiss any noncompliant cases thereafter. The instant request to stay pauses merits discovery for all parties—an effort that will unquestionably be at tremendous expense and burden for all parties, their counsel, and the Court—while this procedure plays out.

Finally, the relief requested here is not novel or extraordinary; courts have entered a stay of discovery until the *Lone Pine* process has concluded, including in the cases cited in Defendants' *Lone Pine* CMO Request. Indeed, in the leading and controlling authority, *Acuna v. Brown & Root Inc.*, the Fifth Circuit ruled that "the district court did not commit clear error or an abuse of discretion in **refusing to allow discovery to proceed without better definition of plaintiffs' claims.**" *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340–41 (5th Cir. 2000) (emphasis added).[4] The same is true here. !!

## CONCLUSION

Defendants request that the Court enter an Order staying all discovery obligations and entry of a scheduling order until the Court has ruled on Defendants' Motion for Entry of Pre-Discovery (*"Lone Pine"*) Case Management Order.

---

[4] *See also, e.g., Abner v. Hercules, Inc.*, Case No. 2:14-cv-00063-KS-MTP, Doc. 36 (Case Management Order No. 1, Nov. 10, 2014) (Parker, M.J.), ¶5 ("Except as provided herein or made upon motion and good cause shown, **no other discovery shall be conducted in this case until Plaintiff[]s have complied with this order and the Court has entered a Case Management Order governing further discovery and trial**.") (emphasis added), attached as Ex. 1.

4

Defendants further request that, if the Court enters a *Lone Pine* CMO (whether granting Defendants' request in whole or in part), it enter a stay of all discovery until the periods of compliance and enforcement of all *Lone Pine* CMO requirements have been completed.

Defendants pray for all other relief to which they are entitled.

Respectfully submitted, this the 10th day of October 2023.

**MISSISSIPPI STATE DEPARTMENT OF HEALTH**

By:   */s/ Meade W. Mitchell*
      Meade W. Mitchell, MB #9649
      ONE OF ITS ATTORNEYS

OF COUNSEL:

Meade W. Mitchell, MB #9649
Orlando R. (Rod) Richmond, MB #9885
Edderek (Beau) Cole, MB #100444
Margaret Z.Smith, MB #104178
H. Barber Boone, MB #102266
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, Mississippi 39157
Post Office Box 6010
Ridgeland, Mississippi 39158-6010
Tel: 601-985-4560
Fax: 601-985-4500
Meade.Mitchell@butlersnow.com
Orlando.Richmond@butlersnow.com
Beau.Cole@butlersnow.com
Margaret.Smith@butlersnow.com
Barber.Boone@butlersnow.com


Charles F. Morrow, MB #10240
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
Post Office Box 171443
Memphis, Tennessee 38187-1443
Tel:  (901) 680-7200
Fax: (901) 680-7201
Chip.Morrow@butlersnow.com


Gerald L. Kucia, MB #8716
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERALCIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4072
Fax: (601) 359-2003
Gerald.kucia@ago.ms.gov

                              **THE CITY OF JACKSON, MISSISSIPPI**

By:   */s/ Clarence Webster, III*
         Clarence Webster, III, MB #102111
         ONE OF ITS ATTORNEYS

OF COUNSEL:

Clarence Webster, III, MB #102111
Kaytie M. Pickett, MB #103202
Adam Stone, MB #10412
JONES WALKER LLP
190 E. Capitol Street, Suite 800
Jackson, Mississippi 39201
Tel: (601) 949-4900
Fax: (601) 949-4804
cwebster@joneswalker.com
kpickett@joneswalker.com
astone@joneswalker.com


                              **TRILOGY ENGINEERING SERVICES, LLC**

By:   */s/ Richard G. Daniels*
         Richard G. Daniels, *Admitted Pro hac vice*
         ONE OF ITS ATTORNEYS

OF COUNSEL:

Richard G. Daniels, *Admitted Pro hac vice*
Davide Macelloni, *Admitted Pro hac vice*
DANIELS, RODRIGUEZ, BERKELEY DANIELS & CRUZ, P.A.
4000 Ponce De Leon Boulevard, Suite 800
Coral Gables, Florida 33146
Tel: (305) 448-7988
Fax: (305) 448-7978
rdaniels@drdbc-law.com
dmacelloni@drbdc-law.com

D. Jason Childress, MB #103678
FLETCHER & SIPPEL LLC.
4400 Old Canton Road, Suite 220
Jackson, Mississippi 39211-5982
Tel: (601) 414-6010
jchildress@fletcher-sippel.com

## **CERTIFICATE OF SERVICE**

I, Meade W. Mitchell, one of the attorneys for Defendants Mississippi State Department of Health, do hereby certify that I have this day served a true and correct copy of the above and foregoing document by filing it using the ECF system which sent notice of such filing to all counsel of record.

SO CERTIFIED, this the 10th day of October, 2023.

*/s/ Meade W. Mitchell*
MEADE W. MITCHELL