## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

| | |
|---|---|
| *In Re Jackson Water Cases*, <br><br> v. <br><br> *The City of Jackson, Mississippi, et al.*, | No. 3:23-cv-00614-CWR LGI <br> (Main Docket – All Plaintiffs) <br><br> Hon. Carlton W. Reeves, <br> U.S. District Judge <br><br> Hon. LaKeysha Greer Isaac, <br> U.S. Magistrate Judge |

## PLAINTIFFS' MEMORADUM IN OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY AND THE ENTRY OF A SCHEDULING ORDER

# INTRODUCTION

Defendants' request for a stay of the entry of a scheduling order and discovery should be denied. They have not come close to meeting their burden to warrant such an extraordinary remedy. Instead, Defendants grossly underestimate the duration of their proposed stay; rely on conclusory and inaccurate statements in support of their request; ignore the massive expense that would necessarily flow to thousands of children if their request were granted; and attempt to create a bright line rule regarding *Lone Pine* and discovery that is not at all supported by jurisprudence. For these reasons (set out more fully below), the Court should deny the motion in full, and reject Defendants' attempt to withhold information evidencing their liability as it relates to the Jackson Water Crisis.

# LEGAL STANDARD

"In a civil case, there is a strong presumption in favor of discovery, and the [movant] must overcome that presumption in its request for a stay." *Edwards Family P'ship, LP v. Dickson, No*. 3:13-CV-587-CWR-LRA, 2014 U.S. Dist. LEXIS 126422, at *9 (S.D. Miss. Sep. 10, 2014);[1] *Chamberlain v. Baxter*, No. 4:21-cv-170-SA-JMV, 2022 U.S. Dist. LEXIS 48440, at *3 (N.D. Miss. Mar. 18, 2022).

---

[1] Unless indicated otherwise, case quotes are "cleaned up" throughout, i.e., internal quotation marks and citations are omitted.

1

Separately, the Court may exercise its discretion under Federal Rule of Civil Procedure 26(c) to stay discovery for "good cause." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011). However, good cause is usually only shown if there is a pending ***dispositive motion***—which Defendants' *Lone Pine* motion most certainly is not. *Id.; Vanderlan v. Jackson HMA, LLC*, No. 3:15-cv-767-DPJ-FKB, 2017 U.S. Dist. LEXIS 210726, at *3 (S.D. Miss. Dec. 22, 2017) ("Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced."); *Dowdy & Dowdy P'ship v. Arbitron Inc.*, No. 2:09cv253 KS-MTP, 2010 U.S. Dist. LEXIS 108798, at *4 (S.D. Miss. Sep. 30, 2010) (same). Further, even when a dispositive motion is pending (which is not the case here) "the issuance of [a] stay is by no means automatic … in fact, such a stay ***is the exception rather than the rule***." *Beasley v. Lang*, No. 5:16 cv 82-DCB-MTP, 2018 U.S. Dist. LEXIS 74222, at *12–13 n.3 (S.D. Miss. May 2, 2018) (emphasis added).

## APPLICATION

As an initial matter, Defendants enormously (and perhaps disingenuously) underestimate the duration of the requested stay overall. Defendants presume—without any support whatsoever—that the "*Lone Pine* CMO compliance and

enforcement period would take six months." Main Docket, Doc. 157 at 5.[2] This baseless assertion is made by attorneys who have never represented a lead poisoned child – let alone more than 2,000 children – and is simply unrealistic. Defendants' proposed *Lone Pine* order requests two detailed affidavits for each of the current 2,139 Plaintiffs, at least one of which absolutely requires a full neuropsychological evaluation of each child.[3] Main Docket, Doc. 154-1. Even if Plaintiffs' counsel could schedule two children's examinations per day, every single day, for six months (which is obviously impossible given the fact that they and their families, and the experts, do not have unlimited availability), this would barely be enough time to complete affidavits for three hundred sixty-four of the minor Plaintiffs.

---

[2] At the outset, it is also worth noting that Defendants have already benefited from an **extended stay of discovery.** In May 2022, the Court formally stayed discovery during the pendency of several motions to dismiss. 3:23-cv-00614-CWR-LGI ("Main Docket"), Doc. 88. Those motions were adjudicated in March 2023, Doc. 135, and the parties have been negotiating case management details since. As a result, discovery has already been stayed for more than one year (seventeen months). This, in of itself, supports a denial of Defendants' request. *See United States ex rel. Monsour v. Performance Accounts Receivable*, LLC, 2021 U.S. Dist. LEXIS 267693, at *4 (S.D. Miss. Sep. 29, 2021) ("Under these circumstances [(a prior 31 month long stay)], the Court finds that granting a stay would not promote judicial efficiency for the Court, for counsel, or for the litigants, and that Defendant's Motion to Stay should be denied.").

[3] Defendants continue to suggest that these cases should not have been filed before counsel had this information. But as the Court is aware, there is a fundamental difference between having the requisite information to, in good faith, meet the pleading standard for a complaint (and in addition, for this case a Notice of Claim pursuant to the Mississippi Tort Claims Act), and proving liability beyond genuine dispute of material fact. *Compare* Fed. R. Civ. P. 11(b), *with* Fed. R. Civ. P. 56.

Thus, the actual and more realistic duration of the stay requested is far longer than the six months Defendants claim it will be.[4] Indeed, it is far more likely to take six years rather than six months. Thus, Defendants' attempt to show good cause by asserting the stay will be "short," or merely a "pause," should be rejected outright and most certainly does not justify their extraordinary request for a stay. *Cf. Dowdy*, No. 2:09cv253 KS-MTP, 2010 U.S. Dist. LEXIS 108798 at *6 ("[T]he requested stay should be granted because it will be effective for only a short period of time[.]").

Next, Defendants vaguely assert that discovery will be a "tremendous expense and burden for all of the parties, their counsel, and the Court." Main Docket, Doc. 157 at 4. This general and conclusory statement is simply false, and most certainly is not sufficient to warrant a stay. *United States ex rel. Monsour*, 2021 U.S. Dist. LEXIS 267693, at *4 ("The Court finds that Defendants' general and conclusory statement that 'staying discovery might avoid expense if the motion is granted' is not sufficient to establish good cause to stay discovery in this case."); *Boone Funeral Home, Inc. v. Lakeview Gardens, Inc.*, No. 4:16cv180-DMB-RP, 2017 U.S. Dist. LEXIS 227232, at *2 (N.D. Miss. Feb. 21, 2017) ("To establish 'good cause' under Rule 26(c), 'courts have insisted on a particular and specific demonstration of fact,

---

[4] The same is true for Defendants' estimate regarding the duration of the stay during the pendency of their *Lone Pine* motion. Defendants assume it will be decided within six weeks of briefing. However, they have no support for this estimate and even admit that their estimate is likely wrong. *See* Main Docket, Doc. 157, at 3 n.3.

as distinguished from stereotyped and conclusory statements.'") (quoting Supreme Court precedent). Defendants further misrepresent that allowing discovery to proceed during the pendency of their motion would waste resources for all parties because "some (perhaps many)" of Plaintiffs' cases will ultimately be dismissed under the proposed *Lone Pine* process. Main Docket, Doc. 157 at 4. These arguments should be rejected on their face.

Defendants' assertions as to cost and resources are not only conclusory but also plain wrong. Most (if not all) of the liability discovery in these cases will be exactly the same whether there is one, five, five hundred, or five thousand plaintiffs. What the Mississippi Department of Health did or did not do, what its employees did or did not do, what its policies were, how they were implemented, how its staff was trained, who knew what and when, and why they did what they did (or did not do) is not at all plaintiff specific. How the City of Jackson mismanaged its water utility is completely independent of any particular plaintiff. How Trilogy Engineering Services conducted itself and whether its work for the City of Jackson fell below the standard of care is equally independent of any single plaintiff. Simply, the claims as to each of the Defendants do not change on a per plaintiff basis, so to suggest that without the relief requested each Defendant would suffer some outrageous and unnecessary financial burden as to discovery is patently false. The energy and resources that it will take to conduct liability discovery will be the exact

same for all parties regardless of the number of Plaintiffs who survive the proposed oppressive *Lone Pine* process.

Finally, Defendants assert that because the Fifth Circuit determined it was not clear error for the district court in *Acuna* to prohibit discovery pending the resolution of the *Lone Pine* process, "the same is true here [sic]!!" Main Docket, Doc. 157 at 4 (citing *Acuna v. Brown & Root Inc*., 200 F.3d 335, 340–41 (5th Cir. 2000). This argument is nonsensical. Just because the Fifth Circuit found it was not "clear error" to refuse discovery pending a *Lone Pine* procedure in <u>one case</u>, twenty-three years ago, does not mean that <u>these</u> Defendants have met <u>their</u> burden to stay discovery <u>in this case</u>. Indeed, *Acuna* is devoid of any language whatsoever to even suggest a bright line rule such as the one Defendants attempt to manufacture here: that a stay is automatic once a *Lone Pine* order is entered.[5]

Moreover, Defendants' reference to, reliance on, and inclusion of the Case Management Order entered in *Abner v. Hercules, Inc*. could not be more misleading. Although the Court did stay discovery in *Abner*, it did so ***only after*** "Plaintiffs [had] the benefit of" all discovery materials produced in two other pending cases, against

---

[5] Moreover, as will be more fully set forth in Plaintiffs' brief in opposition to the oppressive *Lone Pine* process suggested by Defendants, *Acuna* is absolutely of no moment here. Briefly, *Acuna* included over one hundred defendants and was about a complex uranium exposure, including a dozen possible pathways occurring over the course of 40 years. Not a case involving lead, with only three defendants, and one alleged pathway– use of Jackson's public water source – during a far shorter period of time.

the same defendants, for the same claims.[6] In addition, the Defendant in *Abner* was "under a continuing obligation to produce any new testing results [from its facility] to Plaintiffs' counsel." No. 2:14-CV-63-KS-MTP, 2016 U.S. Dist. LEXIS 179956, at *23 (S.D. Miss. Jan. 13, 2016). Here, Defendants have not produced even a scintilla of discovery, nor is Plaintiff aware of any preexisting related discovery from other similar cases. Accordingly, Defendants attempt to convince the Court that a *Lone Pine* process entitles them to an automatic stay should be squarely rejected.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Defendants' requested stay.

Dated: October 20, 2023

Respectfully submitted,

*/s/ Corey M. Stern*
Corey M. Stern, *PHV* 49568
*/s/ Melanie Daly*
Melanie Daly, *PHV* 49758
**LEVY KONIGSBERG, LLP**
605 Third Avenue, 33rd Fl.
New York, New York 10158
(212) 605-6200
cstern@levylaw.com
mdaly@levylaw.com

---

[6] The above-mentioned discovery was "[e]xtensive" and included "depositions and production of [defendant] documents going back to 1923." *Ashford v. Hercules, Inc.*, No. 2:15cv27-KS-MTP, 2015 U.S. Dist. LEXIS 141011, at *2, 12 (S.D. Miss. Oct. 16, 2015).

7

**CHHABRA & GIBBS, P.A.**
Rogen K. Chhabra
Darryl M. Gibbs
120 N. Congress St., Suite 200
Jackson, MS 39201
(601) 948-8005
rchhabra@cglawms.com
dgibbs@cglawms.com

## CERTIFICATE OF SERVICE

I, Melanie Daly, counsel for Plaintiffs, hereby certify that on October 20, 2023, the foregoing document was served on all counsel of record via the Court's ECF system.

*/s/ Melanie Daly*
Melanie Daly, *PHV* 49758
**LEVY KONIGSBERG, LLP**