IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

IN RE JACKSON WATER CASES          CAUSE NO. 3:23-CV-614-CWR-LGI

THIS DOCUMENT RELATES TO ALL
PLAINTIFFS

### REBUTTAL IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY AND ENTRY OF SCHEDULING ORDERS

Defendants The City of Jackson, Mississippi, Mississippi State Department of Health, and Trilogy Engineering Services, LLC (together, "Defendants") submit this Rebuttal in further support of their Motion to Stay Discovery and Entry of Scheduling Orders and Memorandum in Support (Docs. 156, 157).

Defendants' Motion to Stay has two parts: **first**, a stay of scheduling orders and discovery until the Court rules on the *Lone Pine* CMO Request; **second**, if the Court enters a *Lone Pine* CMO (in whole or part), a stay of scheduling orders and discovery until the *Lone Pine* process concludes. Plaintiffs Response fails to offer any reasonable basis for denying either requested stay.

**I.  Plaintiffs do not offer a reasonable basis to deny a stay pending the Court's ruling on the *Lone Pine* CMO Request.**

Plaintiffs' Response is void of a reasonable basis for denying a stay while the Court determines whether to enter a *Lone Pine* CMO. Defendants' request is not unreasonable from a timing standpoint. Plaintiffs do not dispute that the briefing for the *Lone Pine* CMO Request will be submitted by mid-November 2023.[1] Plaintiffs do not (and cannot) dispute that a limited stay

---

[1] Defendants previously estimated briefing would conclude early November. *See* Doc. 157 at 1-3. The Court recently granted Plaintiffs' request for a one-week extension to respond to the *Lone Pine*

1

makes sense, especially given the *Lone Pine* CMO Request and its impact on the future of the litigation. Indeed, Plaintiffs' vehement opposition to a *Lone Pine* CMO itself demonstrates that they realize the impact it will have. The effects of a *Lone Pine* CMO will, *inter alia,* shape the content and scope of any scheduling order or discovery plan. This justifies a stay until the Court has the opportunity to rule on the threshold request for a *Lone Pine* CMO.

**II.     Plaintiffs offer no valid basis to oppose a stay during the *Lone Pine* CMO compliance and enforcement process.**[2]

Plaintiffs oppose a stay pending enforcement of the terms of a *Lone Pine* CMO, if entered. The gravamen of Plaintiffs' opposition is that compliance with the *Lone Pine* CMO would take too long and costs too much. Resp. [Dkt. 158], at 1-4. Yet, on the other hand (and practically opposite to that argument), Plaintiffs suggest that the Court employ a bellwether selection process before Plaintiffs provide *Lone Pine* information. This is premature and improper since the parties cannot meaningfully identify a suitable group of bellwether plaintiffs without basic information.[3] This process can only increase the associated costs of discovery - including

---

CMO Request, making the Response due by October 31, 2023. Defendants' Reply would be due seven days thereafter, subject to a request for extension should the need arise.

[2]  Plaintiffs state that "Defendants attempt to convince the Court that a *Lone Pine* process entitles them to an automatic stay." Pl. Mem., Doc. 159 at 7. Defendants make no such argument. Plaintiffs' contention is belied by the fact Defendants filed a *motion to stay* with citations to the legal authority supporting it.

Plaintiffs also argue about a "presumption in favor of discovery." *See* Pl. Mem., Doc. 159 at 1. That argument has no application here. Defendants did not move to preclude discovery; instead, Defendants moved to stay entry of scheduling order and discovery until the Court rules on the *Lone Pine* CMO and, if granted in whole or in part, for a stay until the process concludes.

[3] Plaintiffs' opposition essentially suggests that Plaintiffs may conduct discovery immediately but postpone all relevant discovery for the individual Plaintiffs until selection of the first Bellwether group. That one-sided approach is both inefficient and unfair. Plaintiffs should not be allowed to conduct mass-scale discovery on Defendants' liability when the parties do not even know which Plaintiffs will make up the first bellwether group.

the myriad of disputes that will surely follow - and Plaintiffs provide no argument or explanation to the contrary.

Rather than addressing propriety of a stay during the *Lone Pine* compliance/enforcement process, Plaintiffs focus on whether a *Lone Pine* CMO should be entered at all. That is not before the Court with this Motion. Plaintiffs can argue whether a *Lone Pine* CMO is warranted in their forthcoming Response to that Motion. The instant issue, instead, is whether the Court has the authority and discretion to enter a limited stay of discovery and scheduling orders during the *Lone Pine* compliance/enforcement period. There is no question that It does.

Plaintiffs ignore that the Court enjoys inherent authority to manage its cases. *Compare* Pl. Mem., Doc. 159, *with* Defs.' Mem., Doc. 157 at n. 1 (citing *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (federal courts possess inherent authority to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")). Plaintiffs ignore Federal Rules of Civil Procedure 16(a) and (c), which provide exemplar procedures to tailor case management orders to the needs of specific litigation. *Compare* Pl. Mem., Doc. 159, *with* Defs.' Mem., Doc. 157 at n. 1 (citing Fed. R. Civ. P. 1, 16). Plaintiffs ignore that Rules 26(a)(1)(A) and 26(a)(1)(C)-(D) allow the Court to set a different time for initial disclosures; Rule 26(b) provides that discovery may be limited by Court order; Rule 26(d)(1) provides that the timing and sequence of discovery may be altered by Court order; and Rule 26(d)(3) provides that the timing and sequence of discovery may be otherwise ordered by the Court. *Compare* Pl. Mem., Doc. 159, *with* Defs.' Mem., Doc. 157 at n. 1 (citing Fed. R. Civ. P. 26).

Plaintiffs do not address any of these rules, but instead cite Rule 26(c). Rule 26(c) — which governs protective orders — does not appear relevant, as it applies when a party has already been served with a discovery request (Fed. R. Civ. P. 26(c)(1)(A)), which is not the situation here.

3

Even if applicable, the "good cause" standard is satisfied. Defendants' concerns about undue burden and expense of engaging in discovery for an unknown number of Plaintiffs who may not even have standing or be able to show a *prima facie* case is not conclusory or generalized.[4] Courts across the country (cited in Defendants' *Lone Pine* CMO Request) recognize that the extreme expense involved with complex toxic tort cases with thousands of plaintiffs justifies the use of **pre-discovery** case management procedures. These concerns are even more pronounced here, where two of the defendants are taxpayer-funded public entities — although not addressed by Plaintiffs.

Plaintiffs downplay controlling authority in the Fifth Circuit, *Acuna v. Brown & Root, Inc.*, 200 F.3d 335 (5th Cir. 2000). They cannot dispute that *Acuna* — which courts in this Circuit and across the country consistently follow, especially in toxic tort litigation—affirmed the Magistrate Judge's and District Court's myriad rulings employing a *Lone Pine* order as a **pre-discovery** tool—and further ruled that those courts were entitled to "**refus[e] to allow discovery to proceed** without better definition of plaintiffs' claims." *Id*. at 340-41 (emphasis added). The fact that a *Lone Pine* CMO is dubbed in the Fifth Circuit as a **pre-discovery tool** is instructive.

Plaintiffs' citations do not support their opposition. Plaintiffs' cases are a curious lot: they involve a stay due to parallel criminal proceedings (Pl. Mem., *Beasley v. Lang*, 2018 WL 2072856 (S.D. Miss. May 2, 2018) and *Chamberlain v. Baxter*, 2022 WL 831228 (N.D. Miss. Mar. 18,

---

[4] Plaintiffs cite *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) and the Rule 26(c) "good cause" standard. *Fujita* involved a *pro se* federal prison inmate who sued the United States because he was given drugs in prison and developed diabetes. His case was subject to a scheduling order already, and the District Court granted a stay of discovery to allow him to designate an expert to withstand summary judgment. It has no similarity to Defendants' request in this case, which is to employ a recognized pre-discovery tool (*Lone Pine*) and to enter a limited stay until that process is completed. If anything, *Fujita* supports Defendants' request for a stay: the Fifth Circuit found no abuse of discretion in the District Court's decisions (including entry of a stay) in its management of discovery. *See id*. at 403.

4

2022)), a stay pending a dispositive motion (Pl. Mem., *Vanderlan v. Jackson HMA, LLC*, 2017 WL 9360854 (S.D. Miss. Dec. 22, 2017),[5] and one case involving a breach of contract that did not involve a stay at all (Pl. Mem., *Edwards Family P'ship v. Dickson*, 2014 WL 4494283 (S.D. Miss. Sept. 10, 2014)). It is telling that none of the cases cited by Plaintiffs involved a toxic tort or even mass litigation. It is even more telling that none of the cases relied on by Plaintiffs even mentioned the term *Lone Pine*, let alone addressed a stay in the context of complex civil case management.

In contrast, the Fifth Circuit in *Acuna* ruled that the Magistrate Judge and District Court acted within their discretion in entering a CMO that stayed discovery and required *Lone Pine* compliance. Other courts are squarely in accord. *See Matter of AET Inc. Limited*, No. 1:10-CV-51, 2011 WL 13301617, *3 (E.D. Tex. Dec. 14, 2011) ("Indeed, the Fifth Circuit's characterization of such orders as '**pre-discovery**' case management devices lends weight to the conclusion that **such orders are meant to be entered *before* the formal discovery process begins**.") (emphasis added); *Abner v. Hercules Inc.*, No. 2:14-CV-63-KS-MTP, 2016 WL 11609574, * (S.D. Miss. Jan. 13, 2016) ("*Lone Pine* orders are case-specific **pre-discovery** expert disclosure requirements 'designed to handle the complex issues and potential burdens on defendants and the court in mass tort litigation.") (emphasis added); *Steering Comm. V. Exxon Mobil Cop.*, 461 F.3d 598, 604 n.2 (5th Cir. 2006) ("*Lone Pine* orders [] are **pre-discovery** orders designed to handle the complex issues and potential burdens on defendants and the court in mass

---

[5] If anything, Plaintiffs' reliance on these cases supports the entry of a stay pending the *Lone Pine* CMO compliance and enforcement process. As *Acuna* and its progeny demonstrate, a plaintiff's inability to produce *prima facie* information under a *Lone Pine* CMO may well lead to a show cause order or motion to dismiss, as contemplated in Defendants' proposed CMO.

tort litigation by requiring plaintiffs to produce some evidence to support a credible claim.") (emphasis added).

Finally, Plaintiffs challenge the Order staying discovery in *Abner v. Hercules,* arguing that the access to existing discovery in that case distinguishes it. The Response asserts that Defendants "have not produced even a scintilla of discovery," as if Defendants have evaded discovery in some way. Yet discovery has not begun in this case, and discovery requests have not been exchanged. In fact, the parties are still working on appropriate Protective and ESI Orders. Furthermore, MSDH is a public entity which has published significant amounts of information on its website that is relevant to this litigation, such as historical water quality reports and policies and procedures. Finally, Plaintiffs cited (and continue to cite) more than 75 separate, publicly available articles, government-issued reports, public notices, testing result and legal authorities which separately confirm the amount of information available at this stage of the litigation. Plaintiffs' contention that there is no information available relating to the issues in this case is simply inaccurate.

## CONCLUSION

Defendants request that the Court enter an Order staying all discovery obligations and entry of a scheduling order until the Court has ruled on Defendants' Motion for Entry of Pre-Discovery (*"Lone Pine"*) Case Management Order.

Defendants further request that, if the Court enters a *Lone Pine* CMO (whether granting Defendants' request in whole or in part), it enter a stay of all discovery until the periods of compliance and enforcement of all *Lone Pine* CMO requirements have been completed.

Defendants pray for all other relief to which they are entitled.

Respectfully submitted, this the 25th day of October 2023.

**MISSISSIPPI STATE DEPARTMENT OF HEALTH**

By:     */s/ Meade W. Mitchell*
        Meade W. Mitchell, MB #9649
        ONE OF ITS ATTORNEYS

OF COUNSEL:

Meade W. Mitchell, MB #9649
Orlando R. (Rod) Richmond, MB #9885
Edderek (Beau) Cole, MB #100444
Margaret Z. Smith, MB #104178
H. Barber Boone, MB #102266
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, Mississippi 39157
Post Office Box 6010
Ridgeland, Mississippi 39158-6010
Tel: 601-985-4560
Fax: 601-985-4500
Meade.Mitchell@butlersnow.com
Orlando.Richmond@butlersnow.com
Beau.Cole@butlersnow.com
Margaret.Smith@butlersnow.com
Barber.Boone@butlersnow.com

Charles F. Morrow, MB #10240
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
Post Office Box 171443
Memphis, Tennessee 38187-1443
Tel:  (901) 680-7200
Fax: (901) 680-7201
Chip.Morrow@butlersnow.com

Gerald L. Kucia, MB #8716
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERALCIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4072

7

Fax: (601) 359-2003
Gerald.kucia@ago.ms.gov

                         **THE CITY OF JACKSON, MISSISSIPPI**

                By:  */s/ Clarence Webster, III*
                      Clarence Webster, III, MB #102111
                      ONE OF ITS ATTORNEYS

OF COUNSEL:

Clarence Webster, III, MB #102111
Kaytie M. Pickett, MB #103202
Adam Stone, MB #10412
JONES WALKER LLP
190 E. Capitol Street, Suite 800
Jackson, Mississippi 39201
Tel: (601) 949-4900
Fax: (601) 949-4804
cwebster@joneswalker.com
kpickett@joneswalker.com
astone@joneswalker.com

                         **TRILOGY ENGINEERING SERVICES, LLC**

                By:  */s/ Richard G. Daniels*
                      Richard G. Daniels, *Admitted Pro hac vice*
                      ONE OF ITS ATTORNEYS

OF COUNSEL:

Richard G. Daniels, *Admitted Pro hac vice*
Davide Macelloni, *Admitted Pro hac vice*
DANIELS, RODRIGUEZ, BERKELEY DANIELS & CRUZ, P.A.
4000 Ponce De Leon Boulevard, Suite 800
Coral Gables, Florida 33146
Tel: (305) 448-7988
Fax: (305) 448-7978
rdaniels@drdbc-law.com
dmacelloni@drbdc-law.com

D. Jason Childress, MB #103678

FLETCHER & SIPPEL LLC.
4400 Old Canton Road, Suite 220
Jackson, Mississippi 39211-5982
Tel: (601) 414-6010
jchildress@fletcher-sippel.com

## **CERTIFICATE OF SERVICE**

I, Meade W. Mitchell, one of the attorneys for Defendants Mississippi State Department of Health, do hereby certify that I have this day served a true and correct copy of the above and foregoing document by filing it using the ECF system which sent notice of such filing to all counsel of record.

SO CERTIFIED, this the 25$^h$ day of October, 2023.

　　　　　　　　　　　　　　　　　　　　　　*/s/ Meade W. Mitchell*
　　　　　　　　　　　　　　　　　　　　　　MEADE W. MITCHELL