IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| IN RE: JACKSON WATER MASTER CASE | ALL PLAINTIFFS |
| VS. | CIVIL ACTION NO. 3:23-CV-00614-CWR-LGI |
| THE CITY OF JACKSON, MISSISSIPPI, MISSISSIPPI STATE DEPARTMENT OF HEALTH, AND TRILOGY ENGINEERING SERVICES, LLC | DEFENDANTS |

## ORDER

This matter is before the Court on *Defendants' Opposed Motion for Stay of Discovery and Entry of Scheduling Orders* [156]. All Plaintiffs, collectively, filed a Response in Opposition [158], and Defendants filed a Rebuttal [161][1]. The Court, having considered the written submissions, oral arguments and discussion, the record and relevant law, finds that Defendants' Motion for Stay of Discovery and Entry of Scheduling Orders [156] is granted in part and denied in part, as discussed below.

Defendants move this Court for: 1) a stay of the entry of a scheduling order and any discovery, pending ruling on the Defendants' previously filed *Opposed Motion for Entry of Pre-Discovery ("Lone Pine") Case Management Order* [154]; and 2) if the Court grants the *Lone Pine* request, a stay of the entry of a scheduling order and any discovery pending the completion of compliance and enforcement of the terms of the *Lone Pine* Case Management Order (CMO). Doc. [157]. Defendants assert their request is limited and does not impact other case management issues, which they posit can proceed while the *Lone Pine* Motion [154] is being considered by the Court. *Id*. at 2. They also assert that entry of a *Lone Pine* CMO will impact the timing and sequence of all

---

[1] On October 18, 2023, the Court held an in-person Case Management Conference, and the undersigned allowed the parties time to address Defendants' motion [156], which was filed shortly before the conference was set to begin. *See* Minute Entry, dated 10/18/2023. Following the conference, the Court set forth an expedited briefing scheduling on the instant motion. *See* Text-only Order, dated 10/18/2023. The briefing period on the instant motion has ended, and this matter is now ripe for review.

discovery, and therefore "a stay of overall discovery in the meantime is warranted" to prevent a waste of all parties' resources and this Court's time. *Id*. at 3.

Plaintiffs oppose Defendants' request "in its entirety," contending that the request is "an extraordinary remedy" that is unwarranted. Doc. [158] at 2; [159] at 1. Plaintiffs argue that Defendants underestimate the duration of the requested stay overall, estimating that Defendants' proposal is "far more likely to take six years rather than six months." Doc. [159] at 5; *see* Doc. [157] at 4 ("Defendants estimate the *Lone Pine* CMO compliance and enforcement period would take six months."). Plaintiffs also reject Defendants "conclusory" assertions that allowing discovery to proceed will impose "tremendous expense and burden for all of the parties, their counsel, and the Court." *Id*. at 5-6. To the contrary, Plaintiffs submit that "liability discovery in these cases will be exactly the same whether there is one, five, five hundred, or five thousand plaintiffs." *Id*. at 6. Plaintiffs urge this Court to reject Defendants' request for a stay based on the *Lone Pine* process. *Id*. at 8.

In their Rebuttal [161], Defendants submit that Plaintiffs' Response "fails to offer any reasonable basis for denying either requested stay." Here, Defendants renew their arguments that the request is reasonable "from a timing standpoint." *Id*. at 1. And, they assert that a limited stay "makes sense," since the *Lone Pine* CMO impacts the future of this litigation. *Id*. at 2. Defendants argue that Plaintiffs can offer no valid basis for opposing a stay during the *Lone Pine* CMO process, and they oppose the use of a bellwether selection process before Plaintiffs provide *Lone Pine* information. Defendants reiterate their request for this Court's consideration.

Upon review, the Court finds it necessary to stay the parties' disclosure and discovery obligations, until such time as a ruling has issued on the pending *Lone Pine* motion.

IT IS, THEREFORE, ORDERED that *Defendants' Opposed Motion for Stay of Discovery and Entry of Scheduling Orders* [156] is hereby GRANTED to the extent that it seeks a stay of the

parties' disclosure and discovery obligations until such time as the Court rules on the pending *Lone Pine* Motion [154].

IT IS FURTHER ORDERED that *Defendants' Opposed Motion for Stay of Discovery and Entry of Scheduling Orders* [156] is hereby DENIED to the extent that it seeks a stay of the entry of a scheduling order and any discovery pending the completion of compliance and enforcement of the terms of a *Lone Pine* Case Management Order (CMO). The Court will take up this issue in its consideration of the pending *Lone Pine* motion [154] and specifically declines to address this issue as part of the instant motion.

IT IS FURTHER ORDERED that the parties shall hereby continue their efforts to assess the issues raised in Plaintiffs' proposed Case Management Order, including efforts to determine whether any common ground exists as to any of the issues raised therein.

**SO ORDERED** this the 14th day of November, 2023.

                                                 */s/*LaKeysha Greer Isaac
                                                 UNITED STATES MAGISTRATE JUDGE