

_____

No. 3:23-CV-614-CWR-LGI

IN RE JACKSON WATER CASES

J.W., *a minor, et al.*,

*Plaintiffs*,

v.

THE CITY OF JACKSON, MISSISSIPPI, *et al.*,

*Defendants*.

_____

ORDER

_____

Before CARLTON W. REEVES, *District Judge*.

The Mississippi State Department of Health and Trilogy Engineering Services object to the Magistrate Judge's discovery order. Docket No. 174. Finding a response unnecessary, the Court overrules the objection.

The objectors suggest that plaintiffs must prove their injuries before discovery. *Id.* at 3. There is no support for such a claim. The objectors insinuate that unless this Court vacates and reverses the discovery order, some plaintiffs will be able to secure a judgment without proving a concrete injury. *Id.* at 8.

That is not true, either. And the objectors complain that the plaintiffs' allegations of injury are stale because they "were submitted two years ago." *Id.* at 9. But discovery didn't commence two years ago because *the objectors* elected to file motions to dismiss. The commencement of discovery will actually help the objectors get to the truth of the plaintiffs' injuries.

Discovery in mass tort cases is not a one-size-fits-all endeavor. The judiciary has long recognized that there is "neither a simplified outline for the easy disposition of complex litigation nor an inflexible formula or mold into which all trial or pretrial procedure must be cast." Federal Judicial Center, *Manual for Complex Litigation, Fourth* at 1 (2004) (quoting Handbook of Recommended Procedures for the Trial of Protracted Cases, 25 F.R.D. 351, 355 (1960)).

Luckily, the Magistrate Judge presiding over discovery in this matter has a wealth of experience in mass torts. She found the objectors' proposal—requiring 2,319 plaintiffs to provide detailed expert affidavits within 90 days—"unworkable" and "disproportionate to the needs of this case." She also found that she could tailor a Case Management Order to the needs of this litigation. She sought the parties' input by January 19.

This Court agrees with the Magistrate Judge's findings and course of action. Her discovery order was neither contrary to law nor clearly erroneous. As such, it is entitled to deference. *See Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 768 (5th Cir. 2015); *Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008). The objection is therefore overruled.

**SO ORDERED**, this the 17th day of January, 2024.

                                               s/ CARLTON W. REEVES
                                               *United States District Judge*