## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

*In Re Jackson Water Cases*,

v.

*The City of Jackson, Mississippi, et al.*,

No. 3:23-cv-00614-CWR-LGI
(Main Docket)

Hon. Carlton W. Reeves

Magistrate Judge LaKeysha Greer Isaac

## CASE MANAGEMENT ORDER NO. _____

**(General Matters; Timing and Sequence of Initial Written Discovery; FOIA; Privileges; Notice to Potential Record Holders; Plaintiff Fact Sheets; Confidentiality; HIPAA; Discovery Disputes; Depositions of Parties and Non-Parties, including Deposition Protocol; Bellwether Process for Case-Specific Work-up; Inspection and Sampling of Plaintiffs' and Defendants' properties; Medical examinations; Disclosure and Discovery of Expert Witnesses; Dispositive Motions, including Expert motions; and Trial Sequence)**

The Court has considered the Parties separate proposals submitted concerning a proposed

Case Management Orders and **ORDERS** as follows.

### I.    GENERAL MATTERS

#### A.    Applicability to All Cases

1.    This Order, and all future CMOs entered in this Main Docket (3:23-cv-

00614-CWR-LGI) shall govern the practice and procedure in this

litigation, including all cases that are currently consolidated in this

litigation and those filed in the future and consolidated into this litigation.

#### B.    No Consent to Trial by Magistrate Judge

1.    The Parties do not consent to trial by the United States Magistrate Judge.

1


EXHIBIT "A"

**C.     Order for Alternate Dispute Resolution**

    1.    The Parties agree alternative dispute resolution ("ADR") techniques may

    be helpful in the future. The Court will address ADR at a later date.

**D.     Modification of Order**

    1.    Any Party may seek a modification of this Order on a showing of good

    cause.

**E.     Appearance and Service**

    1.    All counsel in this litigation must file an appearance in Case No. 3:23-CV-

    614-CWR-LGI.

    2.    Obligations for service and/or notice for matters covered by this Order are

    satisfied if served on all counsel that have appeared.

    3.    All Parties are deemed to consent to service of any discovery document by

    email.

**F.     Preservation**

    1.    All Parties and their counsel are reminded of their duty to take reasonable

    measures to preserve documents and electronically stored information and

    data that are potentially relevant in accordance with the Document

    Production Protocol [Doc. 170] and Confidentiality Order [Doc. 169].

**G.     Status Conferences**

    1.    The Court shall set regular status conferences to discuss the progress of

    any pretrial matters.

    2.    All necessary counsel shall appear for the status conferences on the date,

    or at the time, and in the manner designated by the Court.

    3.    Joint Proposed Agenda

3.1    The Parties shall file a proposed agenda for the status conference no less than three business days before each status conference identifying the issues to be discussed at the conference.

3.2    Each agenda shall include an update on the status of discovery.

3.3    If the Parties cannot agree on items for the agenda, they shall include in the proposed agenda brief statements addressing the items/issues in dispute and the Parties' respective positions.

3.4    If the Parties resolve all or some of the items/issues in dispute subsequent to the submission of the agenda, the Parties shall as soon as practicable notify the Court of the resolution of disputed items/issues.

## II.   WRITTEN DISCOVERY: GENERAL PROVISIONS

### A.   Suspension of Initial Disclosures

1.    The initial disclosure requirements of Federal Rule of Civil Procedure Rule 26(a)(1) and this Court's Local Rules are suspended in lieu of the discovery procedures set forth herein.

## III.   WRITTEN DISCOVERY: PROTOCOL

### A.   Written Discovery-Only Period

1.    The first 150 days following the entry of this order is the written discovery-only period. During said period, no discovery except written discovery may take place unless by the agreement of all Parties or with leave of Court.

**B.**    **Requests for Production of Documents and Tangible Things**

1.    Beginning seven days from entry of this Order, Plaintiffs collectively may
serve master requests for production on each Defendant. Plaintiffs,
collectively, may serve no more than 30 requests for production on each
Defendant.

    1.1    The requests for production may be divided into sets, but no more
than a total of 30 may be served on any Defendant unless by the
agreement of the interested Parties or with leave of court.

2.    Beginning seven days from entry of this Order, each Defendant may serve
a set of master requests for production in this litigation on general  issues.

    2.1    These master requests for production shall not be Plaintiff specific
or otherwise duplicative of the information sought in the Plaintiff
Fact Sheet ("PFS"). Each Defendant may serve no more than 30
requests for production on all Plaintiffs.

    2.2    The requests for production may be divided into sets, but no more
than a total of 30 may be served on all Plaintiffs by any Defendant
unless by the agreement of the interested Parties or with leave of
Court.

    2.3    Individual Plaintiffs are not required to execute the requests for
production. It is sufficient for Plaintiffs counsel to sign these
general requests for production on behalf of all Plaintiffs in the
JWC Litigation.

3.    Beginning seven days from entry of this order, each Defendant may serve
requests for production on other Defendants. Each Defendant may serve

no more than 30 requests for production on any other Defendant.

    3.1    The requests for production may be divided into sets, but no more than a total of 30 may be served on any Defendant unless by the agreement of the interested Parties or with leave of court.

4.    Defendants and Plaintiffs shall be permitted to serve a limited number of Plaintiff-specific requests for production pursuant to Section XVII.  Case-Specific Plaintiff Discovery.

**C.**    **Interrogatories**

1.    Beginning seven days from entry of this Order, Plaintiffs may serve collectively master interrogatories on each Defendant. Plaintiffs, collectively, may serve no more than 30 interrogatories on each Defendant.

    1.1    The interrogatories may be divided into sets, but no more than a total of 30 may be served on any Defendant unless by the agreement of the interested Parties or with leave of Court.

2.    Beginning seven days from entry of this Order, each Defendant may serve a set of master interrogatories in this litigation on general issues.

    2.1    These master interrogatories shall not be Plaintiff specific or otherwise duplicative of the information sought in the PFS. Each Defendant may serve no more than 30 interrogatories on all Plaintiffs.

    2.2    The interrogatories may be divided into sets, but no more than a total of 30 may be served on all Plaintiffs by any Defendant unless by the agreement of the interested Parties or with leave of Court.

2.3     Individual Plaintiffs are not required to verify the responses to these interrogatories. Plaintiffs' counsel may sign these general interrogatories on behalf of all Plaintiffs in this litigation.

3.     Beginning seven days from entry of this order, each Defendant may serve interrogatories on other Defendants. Each Defendant may serve no more than 30 interrogatories on any other Defendant. The interrogatories may be divided into sets, but no more than a total of 30 may be served on any Defendant unless by the agreement of the interested parties or with leave of Court.

4.     Defendants and Plaintiffs shall be permitted to serve a limited number of Plaintiff-specific interrogatories pursuant to Section XVII. Case-Specific Plaintiff Discovery.

**D.     Requests for Admission**

1.     Beginning seven days from entry of this Order, Plaintiffs may serve collectively master requests for admission on each Defendant on general issues only. Plaintiffs, collectively, may serve no more than 30 requests for admission on each Defendant.

1.1     The requests for admission may be divided into sets, but no more than a total of 30 may be served on any Defendant unless by the agreement of the interested parties or with leave of Court.

2.     Beginning seven days from entry of this Order, each Defendant may serve a set of master requests for admission in the JWC Litigation on general issues.

2.1    These master requests for admission shall not be Plaintiff specific or otherwise duplicative of the information sought in the PFS. Each Defendant may serve no more than 30 requests for admission on all Plaintiffs.

2.2    The requests for admission may be divided into sets, but no more than a total of 30 may be served on all Plaintiffs by any Defendant unless by the agreement of the interested parties or with leave of Court.

2.3    Individual Plaintiffs are not required to execute the responses to these requests for admission. Plaintiffs' counsel may sign these general  requests for admission on behalf of all Plaintiffs in this litigation.

3.    Beginning seven days from entry of this order, each Defendant may serve requests for admission on other Defendants on general issues. Each Defendant may serve no more than 30 requests for admission on any other Defendant. The requests for admission may be divided into sets, but no more than a total of 30 may be served on any Defendant unless by the agreement of the interested parties or with leave of court.

4.    Defendants and Plaintiffs shall be permitted to serve a limited number of Plaintiff-specific requests for admission and/or document authentication only requests for admission pursuant to Section XVII. Case-Specific Plaintiff Discovery.

E.      **Documents-Only Subpoenas to Non-Parties**

1.      This Order applies to subpoenas *duces tecum* issued to non-parties who are commanded by the subpoena to produce documents, electronically stored information, and tangible things, but who are not commanded by the subpoena to provide testimony.

2.      Plaintiffs or any Defendant may cause a subpoena to be properly served on a non-party in accordance with the Federal Rules of Civil Procedure 45.

3.      Once an attorney drafts a non-party documents-only subpoena, he or she shall share the draft with counsel for the parties to the litigation, who shall then have five (5) business days to provide constructive comments, which shall be shared with all counsel upon whom the draft was served.

4.      The subpoena's originator may incorporate the proposed changes to the draft subpoena or choose to serve the subpoena as originally drafted.

5.      Prior to service of the Initial Subpoena, any party to the litigation may choose to be a co-signatory of the Initial Subpoena by advising the originator of that intent, and once so advised, the originator shall include any such party as a co-signatory of the Initial Subpoena.

6.      After five (5) business days have passed, the subpoena's originator may serve the subpoena in accordance with the Federal Rules of Civil Procedure or pursuant to an agreement with the non-party to accept service ("Initial Subpoena"), and shall deliver a copy of such issued subpoena to all parties of record.

7.      Within five (5) business days of the service of the Initial Subpoena, counsel for the remaining parties to the litigation may serve a

8

Supplemental Subpoena on the same non-party requesting additional categories of documents not included in the original subpoena ("Supplemental Subpoena") and shall deliver a copy of such issued subpoena to all parties of record.

8.    The party serving the Initial Subpoena shall at the time of such service advise the non-party that Supplemental Subpoenas may be served by the other parties to the litigation within five business days and the non-party should produce the documents requested by all subpoenas in a contemporaneous production, stating that the production required by the Initial Subpoena and each Supplemental Subpoena shall be made upon counsel for each such requesting party.

9.    After service of the Initial Subpoena, and after service of each Supplemental Subpoena, each party to the litigation shall advise the originator(s) if that party would like to receive copies of the documents produced by the non-party.[1]

10.    If Plaintiffs seek copies related to a subpoena issued by a Defendant or a Defendant seeks copies related to a subpoena by Plaintiffs prior to the service of any other applicable discovery request, fifty percent (50%) of the costs associated with the service of the subpoenas and any related production shall be borne by Plaintiffs and fifty percent of the costs associated with the subpoenas shall be borne by the Defendant. If a co-

---

[1] Counsel proposing changes to an Initial or Supplemental Subpoena is not deemed to be a signatory, or to have requested copies. All signatories are deemed to have requested copies.

Defendant seeks copies of documents related to a subpoena issued only by a Defendant, Defendants shall equally bear the costs of the subpoenas.

11.    Defendants seeking discovery from a non-party or copies shall contribute in equal shares to the costs associated with the service of the subpoena and any production by the non-party subject to that subpoena.

12.    If Plaintiffs or a Defendant that did not initially request issue the subpoena seeks access to the information prior to the service of the subpoena, that party shall then become responsible for its share of the cost of the service of the subpoena and any production by the non-party subject to that subpoena. The party or parties that initially issued the subpoenas shall maintain records of the costs incurred and the initial divisions of costs. If Plaintiffs or an additional Defendant joins in the request or seeks access to the discovery after the costs have been allocated initially, the initial cost shall be reallocated by including the new requestor, and the new requestor shall reimburse the initial Defendant(s) and/or Plaintiffs.

13.    The initial requestors are not required to and shall not provide access to the discovery materials to a new requestor (Plaintiffs or a new Defendant) unless and until the new requestor pays the required amount. Any disputes about these provisions may be brought to the Court (or any later assigned Special Master) for resolution.

14.    Agreements to modify the non-party documents-only subpoena, including without limitation to enlarge the time for responding to it, to change the specified place or manner of production of materials requested by it, or to

modify the scope or description of the requested materials, must be
unanimous by the signatories of the subpoena. If unanimity cannot be
achieved with reasonable promptness, any signatory may contact the Court
(or any later assigned Special Master) to schedule a telephone hearing to
resolve the dispute.

15.    If a non-party serves objections to a non-party documents-only subpoena
or moves for a protective order with respect to the subpoena or to quash it,
any signatory may bring a motion to compel compliance with all or part of
the subpoena or may oppose in whole or in part the motion for a protective
order or to quash.

16.    The attorney who receives a non-party's production in response to a
documents-only subpoena shall promptly notify in writing the lawyers
representing the parties of receipt of the production and shall thereafter
provide copies of all or any parts of the production to the attorneys for
parties to the JWC Litigation who make written request and pay for them.
Production to such other attorneys shall be in the same form and order as
the materials were produced by the non-party unless otherwise agreed in
writing and shall occur as soon as is reasonably feasible in light of the
form and volume of the production. Transmission of the produced
materials should be by the most economical means that is reasonably
feasible, such as, for example, e-mail, FTP, or other electronic means. In
addition to payment to the non-party for the cost of responding to the
subpoena, each party that receives a copy of the production must promptly

reimburse the attorney who provided it for the reasonable actual copying and transmission cost incurred by that attorney in supplying the copy of the production.

17. Nothing in this Order precludes Plaintiff or Defendants affected by a subpoena from moving to quash or modify a documents-only subpoena consistent with Federal Rule of Civil Procedure 45(d)(3)(B).

18. This Order incorporates and includes all provisions of the Confidentiality Order [Doc. 169].

## IV. FREEDOM OF INFORMATION ACT MATERIALS

### A. Notice

1. Within 14 days from entry of this Order, Plaintiffs and Defendants will give written notice to counsel for Defendants of documents and other information they have obtained by means of Freedom of Information Act (FOIA) requests, requests submitted pursuant to MISS. CODE ANN. § 25-61-1 *et. seq.,* or requests under any statute or regulation of similar purpose elsewhere.

2. This provision applies only to information obtained relating to issues concerning the City of Jackson water supply germane to the JWC Litigation.

3. The notice described above shall concisely identify the public person, agency, or entity that provided the response, approximately when the response was provided, the form in which it was provided, approximately how large the response was, and the general types of materials included in the response.

4.    Counsel wishing to obtain copies of the materials identified in the notice may do so from the counsel who provided the notice, but must reimburse for the reasonable actual expense of providing them.

5.    Copies should be produced in the same form in which they were produced in response to the request unless they are no longer available in that form. Counsel has an obligation to ascertain the responsive materials over which they have control.

6.    All requests for the information authorized under this Section shall be made no later than 45 days from entry of this Order. Production of documents shall be made within 30 days after a requesting party delivers its written request and, if applicable, in accordance with the Confidentiality Order [Doc. 169].

## V.    PRIVILEGES

### A.    Maintenance of Privilege Log

1.    Each party must maintain a log of potentially privileged communications.

2.    No party must include in its privilege log privileged communications between the party or the party's employees and the attorneys who represent the party.

3.    With Defendants, this paragraph only applies to privileged communications occurring on or after the first date the Defendant received notice pursuant to the Mississippi Tort Claims Act or otherwise of potential claims pertaining to the allegations asserted in the JWC Litigation, and at the latest the date that the first complaint was filed naming the Defendant as a party to the JWC Litigation. With Plaintiffs,

13

this paragraph only applies to privileged communications that were had on or after the date that the Plaintiff filed the first complaint in the JWC Litigation. This exception shall not apply to communications shared with someone other than the party, or the party's employees, attorneys, experts, or insurer.

4.    The parties are not required to log privileged communications that are shared among parties who share a Joint Defense Agreement or Common Interest Agreement, if any.

5.    The failure to include in a privilege log any privileged communication exempted by this section shall not constitute a waiver of the privilege.

6.    The inadvertent production by any party, whether in this matter or in any other related proceedings, of a document subject to a claim of privilege, work product, or other statutory or court-ordered confidentiality shall not result in a waiver of any of the foregoing protections in this matter for the produced document or for any other privileged or immune documents containing the same or similar subject matter.

7.    If any party should inadvertently produce a document, upon notice of such disclosure, all originals, and copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be immediately returned to the producing party, and such returned material shall be deleted from any litigation support or other database. If the receiving party wants to challenge the claim of privilege, work product, or other statutory or court-ordered confidentiality, it must also promptly

14

present the information in dispute to the Court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved. If the receiving party does not present the information in dispute to the Court and its motion/challenge is denied, then the receiving party shall promptly comply with the provisions regarding return of documents and materials.

8.    As used in this section, references to an attorney includes other attorneys and employees in an attorney's firm, outside counsel, contract attorneys, and legal services vendors hired by an attorney's firm. With respect to parties that are not natural persons, it also includes in-house attorneys and other employees on the party's legal staff and legal services vendors hired by the party.

## VI.    PLAINTIFFS' NOTICE OBLIGATIONS TO POTENTIAL RECORD HOLDERS

### A.    Timing and Service of Notices

1.    Within 60 days of entry of this Order or of filing a new Complaint or Short Form Complaint, Plaintiffs shall notify the following individuals or entities, if applicable, by registered mail (with return receipt) that the individual or entity may have records relevant to a Plaintiff's claim in these cases and that any records relating to a Plaintiff must be preserved as directed herein, pending collection by the Plaintiff or the Defendants:

1.1    All facilities that conducted or performed any type of testing for lead or other contaminants for the Plaintiff with respect to his/her personal injury claims or property damage claims;

1.2     All employers or entity for whom Plaintiff performed work and received compensation, if any;

1.3     All individuals and/or entities that performed repair work relating to claims of lead or other contaminants for property owned by a Plaintiff, if any;

1.4     All educational institutions and/or schools attended by the Plaintiff, which includes but is not limited to day care, church-based care, and/or in-home care;

1.5     All pharmacies that dispensed any medications to the Plaintiff for the period from one (1) year prior to June 1, 2015, to the present for any medical condition experienced by the Plaintiff;

1.6     For the period of one year prior to June 1, 2015 to the present or for any other medical condition experienced by the Plaintiff:

1.6.1.1 Plaintiff's primary care physician(s) or health care providers;

1.6.1.2 Any healthcare provider(s) who treated Plaintiff for the alleged injury or other medical condition; and

1.6.1.3 Any hospital(s) that treated Plaintiff for any reason.

**B.     Service of Notices to Defendants, Preservation of Notices**

1.     Plaintiffs shall serve on Defendants within 90 days of the date of entry of this Order or the filing of a new complaint or Short Form Complaint, a statement listing the names and addresses of all individuals or entities to which Notices were sent, copies of the Notices, and a certification that the Notices were sent as required by this CMO.

     2.     Plaintiffs shall preserve copies of the Notices for so long as the claim(s) remain(s) pending in this litigation.

**C.    Objections by Potential Record Holders**

     1.     If person (including any organization) to which a signed authorization is presented refuses to provide responsive documents, the individual Plaintiff's counsel and Defendants' counsel shall meet-and-confer to determine the most efficient way to resolve the issue such that the necessary documents are promptly provided.

## VII.    PLAINTIFF FACT SHEETS

**A.    Submission of PFS Materials by All Plaintiffs**

     1.     All Plaintiffs shall complete a Plaintiff Fact Sheet (PFS) in the form attached hereto as Exhibit "A," along with responsive documents and completed authorizations (PFS Materials) .

**B.    Substantial Completion Required**

     1.     PFS Materials must be *substantially complete* when served, meaning a Plaintiff must:

     1.1     Answer all questions in the PFS to the best of their ability and/or recollection. Where indicated or available, a Plaintiff may answer questions in good faith by indicating "not applicable," "I do not know," or "unknown."

     1.2     Sign the **VERIFICATION** for yourself and/or as representative for a minor child Plaintiff;

     1.3     Provide the following required Authorization Forms for each Plaintiff: (1) HIPAA Compliant Medical Authorization; (2)

HIPAA Compliant Psychiatric/Psychotherapy Authorization; (3)

Education Records Authorization; (4) Employment and Personnel

Records Authorization; (5) Social Security Disability Records; (6)

Federal Tax Records; and (7) Social Security Earning Records; and

1.4    Produce all responsive documents requested in the PFS.

**C.**    **Manner of Service of PFS Materials and Use of Information**

1.    Plaintiffs shall serve the PFS Materials, one email per Plaintiff, upon

Defendants via email or by certified mail to:

1.1    For the City:

> Clarence Webster, III, MB #102111
> Adam Stone, MB #10412
> JONES WALKER LLP
> 190 E. Capitol Street, Suite 800
> Jackson, Mississippi 39201
> Tel: (601) 949-4900
> Fax: (601) 949-4804
> cwebster@joneswalker.com
> astone@joneswalker.com

> John Hawkins
> Hawkins Law PC
> PO Box 24627
> Jackson MS 39225-4627
> 601.969.9692
> 601.914.3580 (fax)
> john@hgattorneys.com

1.2    For MSDH:

> Meade W. Mitchell, MB #9649
> Margaret Z. Smith, MB #104178
> Karen Evans
> BUTLER SNOW LLP
> 1020 Highland Colony Parkway, Suite 1400
> Ridgeland, Mississippi 39157
> Post Office Box 6010
> Ridgeland, Mississippi 39158-6010
> Tel: 601-985-4560

Fax: 601-985-4500
Meade.Mitchell@butlersnow.com
Margaret.Smith@butlersnow.com
Karen.Evans@butlersnow.com

1.3    For Trilogy:

Davide Macelloni, *Admitted Pro hac vice*
DANIELS, RODRIGUEZ, BERKELEY DANIELS
& CRUZ, P.A.
4000 Ponce De Leon Boulevard, Suite 800
Coral Gables, Florida 33146
Tel: (305) 448-7988
Fax: (305) 448-7978
dmacelloni@drbdc-law.com

D. Jason Childress, MB #103678
FLETCHER & SIPPEL LLC.
4400 Old Canton Road, Suite 220
Jackson, Mississippi 39211-5982
Tel: (601) 414-6010
jchildress@fletcher-sippel.com

**D.    Deadlines**

1.    Plaintiffs who are parties to the consolidated action as of the date of entry

of this Order shall serve their PFS Materials within 120 days from the date

of entry of this Order.

2.    Plaintiffs who later join this litigation shall serve their PFS Materials

within 60 days of the filing of a new complaint (Short Form Complaint or

otherwise).

3.    Plaintiffs shall use best their efforts to serve PFS Materials on a rolling

basis prior to the deadlines set forth above.

**E.    Effect of PFS Materials Submission**

1.    Plaintiffs' submission of PFS Materials shall be treated as sworn answers

to interrogatories under Fed. Civ. P. 33 and responses to requests for

production of documents under Fed. R. Civ. P. 34.

2.  PFS Materials are subject to supplementation under Fed. R. Civ. P. 26.

**F.  Request for Extension**

1.  For good cause shown, if a Plaintiff is unable to serve the PFS Materials by the deadline in this Order, Plaintiff shall contact counsel for Defendants no later than 10 business days before said deadline.

2.  The parties shall meet and confer to discuss the option of additional time prior to proceeding with any remedy set forth below.

**G.  Further Discovery Requests and Use by Defendants Reserved.**

1.  Notwithstanding the above, Defendants' use of the PFS Materials shall be without prejudice to Defendants' rights to serve additional, non-duplicative discovery as part of a bellwether pool case work-up; or later discovery in any non-bellwether pool case; the scope of which is set forth herein or shall be set forth in a future Order(s) of the Court.

2.  Nothing in this Order shall limit the scope of inquiry at depositions or the admissibility of evidence at trial.

3.  All objections to the admissibility of information contained in the PFS Materials are reserved; therefore, no objections shall be lodged in the responses to the questions and requests contained therein.

4.  The admissibility of information in the PFS and documents and information produced in response to the PFS shall be governed by the Federal Rules of Evidence.

## VIII.  PFS MATERIALS: DEFICIENCY PROTOCOL

### A.    Current Plaintiffs

1.    For Plaintiffs who serve their PFS Materials in accordance with this Order, Defendants shall have 45 days to review and notify a Plaintiff's counsel of any deficiencies with respect to the PFS Materials.

2.    In the event this 45-day period is not sufficient for a Defendant's review in any given month, Defense counsel shall contact Plaintiff's counsel via email, and if consent for an extension is not forthcoming, may request an extension from the Court.

### B.    Deficiency Notice Process:

1.    Failure to timely serve a PFS Materials:

1.1    In the event a Plaintiff misses a deadline to timely complete and serve PFS Materials, Defendant(s) shall serve a Notice of Overdue PFS Materials on Plaintiff's counsel of the failure to comply with this Order. Plaintiff shall have 14 days from the date of notice to timely complete, verify, and serve the PFS Materials.

1.2    A Plaintiff who fails to do so by the deadline to cure shall be subject to the process set forth below.

2.    Failure to fully and accurately complete PFS Materials:

2.1    If a Plaintiff serves PFS Materials but fails to fully and accurately complete the PFS, or fails to serve all documents and authorizations required by the PFS, Defendant(s) shall serve a Notice of Deficient PFS Materials, notifying Plaintiff's counsel of any such deficiencies.

2.2    Plaintiff shall have 14 days from the date of notice to timely complete, verify, and serve an amended PFS that cures any deficiencies.

    2.2.1    If a Plaintiff's PFS Materials deficiencies are not cured by the amendment, or in the event that Defendant(s) identify new deficiencies in the amended PFS, Defendant(s) shall notify the Plaintiff of any such deficiencies, and Plaintiff shall again have 14 days from receipt of the notice to cure any such deficiencies.

2.3    In the event any Plaintiff's second amended PFS does still not cure such deficiencies, Plaintiff shall be subject to the process set forth below.

3.    The Court, on motion and for good cause shown, may order an extension of time to comply with this Order.

**C.    Order to Show Cause Process**

1.    If a Plaintiff fails to complete and serve PFS Materials as set forth above, or in the event a Plaintiff fails to cure any deficiencies in his or her PFS pursuant to the Notice of Deficient PFS process set forth above, counsel for Defendant(s) may submit a letter notifying the Court and/or Special Master of Plaintiff's failure to comply, and may seek relief, including but not limited to issuance of an Order to Show Cause why the Plaintiff's case should not be dismissed with prejudice for failure to comply with this Order.

2.     In the event the Court enters an Order to Show Cause, Plaintiff shall have 14 days to cure any noted deficiencies. Defendant(s) shall notify the Court of the status of any deficiencies following the conclusion of the 14day window.

3.     If a Plaintiff fails to satisfy the Order to Show Cause and/or cure any deficiencies, Plaintiff's case will be dismissed with prejudice, pursuant to Fed. R. Civ. P. 41(b).

**D.     Defendants' Rights Reserved**

1.     Nothing in this Order shall prevent Defendant(s) from electing to raise multiple Plaintiff PFS Materials deficiencies in a single letter to the Court and/or Special Master that identifies all outstanding issues for the Court therein.

## IX.    CONFIDENTIALITY OF DATA

**A.     PFS Materials**

1.     Confidentiality of information contained in the PFS Materials shall be governed under the Confidentiality Order (Doc. 169).

## X.    DUTY TO ACCEPT COURT-APPROVED AUTHORIZATIONS

**A.     Approved Provisions**

1.     The HIPAA Compliant Medical Authorization, HIPAA Compliant Psychiatric/Psychotherapy Authorization, the Employment Records Authorization, Educational Records Authorization, Social Security Disability Records Authorization, Social Security Earnings Record Authorization, and Federal Tax Record Authorization attached to this Order have been approved for use in all claims affected by this Order, and

the "HIPAA Compliant Medical Authorization" and "HIPAA Compliant Psychiatric/Psychotherapy Authorization" are HIPAA compliant. Accordingly:

1.1    All physicians, healthcare providers, financial institutions, any federal, state, and/or local government agencies, and any other entity asked to produce medical or employment records relating to a claimant (collectively, "Entities") must accept the Authorization Forms as valid for all claims affected by this Order;

1.2    Entities may not request or insist on different forms or terms different than those contained in the Authorization Forms;

1.3    When signed either electronically or with wet ink signature by a Plaintiff or Plaintiff's personal representative in claims affected by this Order, the Authorization Forms must be relied on by all Entities to authorize the release of all records, including all medical records;

1.4    No facility-specific or different form may be required by any person or entity for the production of any records relating to claims affected by this Order;

1.5    A photocopy or .pdf image of the Authorization Forms must be accepted by all entities;

1.6    No original signatures may be required on the Authorization Forms for the production of any records by any facility, pharmacy, or other entity; and

1.7    Any Authorization Forms dated after the entry of this Order will be effective for the production of any records relating to a plaintiff for the duration of this litigation.

2.    Failure of a facility to accept the Court-approved authorization is not a deficiency, and, in the event a facility refuses to accept such authorization, the parties must meet and confer in good faith to resolve the issue so that records may be collected, including, where applicable, by facilitating Plaintiff's execution of a new authorization that meets the facility's requirements.

## XI.   DISCOVERY DISPUTES

### A.   Special Master Appointment

1.    The Court contemplates the appointment of a Special Master in these matters to govern and resolve discovery disputes pursuant to Rule 53(a)(1)(C) of the Federal Rules of Civil Procedure. An appropriate order shall issue pursuant to Rule 53(b) of the Federal Rules of Civil Procedure.

### B.   Discovery Dispute Protocol

1.    In the event of a discovery dispute, the Parties must meet and confer on the issue.

2.    If the Parties reach an impasse, the Parties must email the Court (or appointed Special Master) with two or three sentences indicating the nature of the dispute, copied to all counsel.

2.1    This email must indicate that there has been a meet and confer on the issue and that there is an impasse.

3.     The dispute must be submitted by the previous Wednesday at 2:00 pm Central to be considered for resolution the following week, unless the Parties specifically agree, or good cause is established by the aggrieved Party.

4.     The Court desires to avoid written motions where Court participation in an informal discussion of the issue might resolve the dispute, even after the Parties have been unsuccessful in a good faith attempt to do so.

5.     If the conference with the Court (or appointed Special Master) is unsuccessful in resolving the issue, the aggrieved Party may file a discovery motion.

6.     No later than two business days prior to the conference call, the Parties to the dispute must submit a one-page, single-spaced summary of the issue via email to the Court (or appointed Special Master), with copies to all counsel. These need not be joint submissions. The Parties are not to file these on the docket.

7.     Upon review of the issue by the Court (of appointed Special Master), the Court (or Special Master) may determine that all other discovery efforts must be stayed pending resolution of the issue(s) presented by the Parties' one-page single-spaced summary of the disputed issue(s). If appointed, the Special Master must issue and file a report to the Court as required by the appointing order and that specifically sets for the reason(s) for the temporary stay of other discovery efforts and the period for same.

8.   If the issue is not resolved at the conference with the Court (or Special
     Master), the requesting Parties may file a formal motion limited to ten (10)
     pages in length identifying the areas of disagreement and relief sought,
     along with proposed orders. Any Party opting to respond must do so in
     accordance with the Local Rules of the Southern District of Mississippi
     and any other orders issued by the Court (or Special Master).

9.   Thereafter, if appointed, the Special Master must issue and file a report to
     the Court as required by the appointing order. Any Party desiring to act on
     the Special Master's order, report or recommendations shall do so in
     accordance with the Local Rules of the Southern District of Mississippi
     and any other orders issued by the Court.

## XII.   DEPOSITIONS

1.   <u>Repeat Depositions</u>: A fact witness may be deposed only once in the JWC
     Litigation, except by agreement of all Parties or by order of the Court
     based on a showing of good cause. This is subject to the Special
     Provisions Regarding of Health Care Providers, Educational Professionals,
     and Plumbing Professionals herein. Notwithstanding the foregoing, a party
     may depose as a fact witness under Rule 30(b)(1) or Rule 45 an individual
     who has been previously deposed or will be deposed as an entity's
     designee under Rule 30(b)(6); but in such instance an individual may be
     deposed only once in his/her capacity as a Rule 30(b)(6) designee and only
     once in his/her individual capacity. Nothing in this order shall be to the
     prejudice of any Party's or witness's right to seek protection from the

Court from a deposition which the party or witness considers to be objectionable.

2.      <u>Depositions of Health Care Providers, Educational Professionals and Plumbing Professionals</u>. Because of the substantial number of Plaintiffs, there are some types of witnesses whose testimony cannot practically be taken only once. These may include health care providers, educational professionals, and plumbing professionals. Witnesses of these types are excluded from the one-deposition-only rule. However, the Parties shall seek to minimize the burden that will be imposed on witnesses of these types in all ways reasonably possible. Measures to be considered shall include, among others: stipulating to the authenticity and other foundational facts bearing on the admissibility of records related to the Plaintiff at issue in the deposition; stipulating to the admissibility of testimony by the witness concerning their background, training, experience and other matters that are of common relevance to more than the specific Plaintiff at issue; and conducting the depositions of the witness in concerning two or more Plaintiffs' cases on a single day if convenient for the witness.

3.      <u>Defendant Depositions</u>. Plaintiffs shall be allowed to take a total 20 Defendant Depositions (i.e. depositions of present or former employees of any Defendants), provided that Plaintiffs may not depose more than the following specific number of present or former employees of any Defendant, as follows:

       3.1     City of Jackson – 10

       3.2     MSDH – 6

       3.3     Trilogy – 4

Each Defendants shall be allowed to take a total 5 Defendant Depositions (i.e., depositions of present or former employees of any other Defendant).

4.    <u>Other Depositions</u>. Other than as set forth above, there shall not be a numerical limit set at this time on non-party fact depositions that any Party may take as a matter of right. However, the Court may revisit this issue and any Party or non-party may move for a protective order with respect to any deposition for any of the reasons recognized in the Federal Rules of Civil Procedure.

## XIII. DEPOSITION PROTOCOL

1.    <u>Fact Witness Deposition Protocol</u>. The Parties will cooperate in the noticing and taking of depositions as follows:

    1.1    Beginning 150 days from entry of this Order, Parties may begin serving Parties and non-Parties with notices of testimonial deposition. This does not include Plaintiffs who shall be served consistent with the Case-Specific Plaintiff Discovery provisions of this Order.

    1.2    No deposition notice shall specify a deposition date that is less than thirty (30) days from the date the notice is served, unless agreed by all interested Parties or with leave of Court.

1.3    Counsel is expected to cooperate and coordinate the scheduling of depositions and shall consider the scheduling needs or requests of all Parties, including the needs and requests of the deponent.

1.4    In the event a Party desires to depose a witness more than once, the Parties shall meet and confer to negotiate the appropriateness of the additional deposition. If the Parties are unable to agree, the Party requesting the additional deposition or time may move the Court for an Order granting the additional deposition or time.

1.5    This CMO Section controls depositions of all fact witnesses, including party and non-party witnesses. It does not apply to depositions taken pursuant to Federal Rule of Civil Procedure 30(b)(6), which shall be governed by the Federal Rules of Civil Procedure, or expert depositions, which shall be governed by the Expert-Witness Deposition Protocol in this Order. The applicable provisions of the Federal Rules of Civil Procedure and the Local Rules shall govern all fact-witness depositions, except as otherwise provided herein. Unless specifically modified, nothing in this Order shall be construed to abrogate, modify, or enlarge the Federal Rules of Civil Procedure or the Local Rules.

2.    Notices of Deposition

2.1    Contents and Service of Notice. Deposition Notices shall be in a form consistent with the Federal Rules of Civil Procedure and shall note whether the deposition is to be videotaped. If the deponent is

a non-party, the deposition notice shall include a subpoena as appropriate. The deposition notice shall also include the following statement: "If the date and location is not convenient to the deponent, the deponent (or his or her counsel) shall contact the Noticing Party's counsel within five (5) business days to arrange an alternate date and/or location."

2.2    <u>Objections to Deposition Notices</u>. Any party wishing to raise an objection or a scheduling conflict with the Noticing Party shall do so within five (5) business days after the Deposition Notice is served. The Noticing Party will attempt to resolve the objection. If the Parties cannot agree, the objection may be resolved pursuant to the Discovery Dispute Section of this Order.

3.    <u>Deposition Scheduling</u>

3.1    <u>Number of Depositions</u>. More than one (1) deposition may take place in the Jackson Water Litigation at the same time, except that no more than two (2) depositions may be scheduled on the same day absent agreement by the Parties or Court Order.

3.2    <u>Deposition Days</u>. Absent agreement of the Parties, all depositions are limited to one day of seven hours, pursuant to Fed. R. Civ. P. 30(d)(1). A Deposition Day shall typically commence at 9:00 a.m. Central Standard Time. Minimally, there shall be one (1) fifteen-morning break and two (2) fifteen-minute afternoon breaks, with

one (1) hour for lunch. Variations in this schedule may be made by agreement of the Parties.

3.3 <u>Deposition Week</u>. In any week in which depositions will be taken, such depositions shall commence no earlier than 9:00 a.m. on a Monday and end no later than 3:00 p.m. on Friday of that week, unless by agreement of the Parties.

3.4 <u>Holidays</u>. No depositions may be scheduled on the day of an in-person Court   hearing or any national or religious holiday. For purposes of this deposition protocol such holidays are: New Year's Eve, New Year's Day, Martin Luther King, Jr.'s Birthday, Presidents' Day, Passover, Good Friday, Easter Monday, Memorial Day, Independence Day, Labor Day, Rosh Hashanah (2 days), Yom Kippur, Columbus Day, Veterans' Day, Thanksgiving (Wednesday, Thursday, and Friday), Christmas Eve, Christmas Day, and the day after Christmas Day.

4. <u>Location for Taking Depositions</u>

4.1 <u>Plaintiffs</u>. Unless otherwise agreed by the Parties, or by Court order, the depositions of Plaintiffs shall take place in Hinds County, Mississippi, or other agreed location. The depositions may be taken remotely, via Zoom Application, if all Parties agree.

4.2 <u>Mississippi Residents</u>. Unless otherwise agreed by the Parties, or by Court order, the deposition of fact witnesses located in the State of Mississippi shall take place in accordance with the dictates of

Rule 45 or at another agreed location. The depositions may be

taken remotely, via Zoom Application, if all Parties agree.

4.3    <u>Non-Mississippi Residents</u>. Unless ordered by the Court, the

depositions of fact witnesses located outside the State of

Mississippi shall take place at a location agreed upon by the

Parties. The depositions may be taken remotely, via Zoom

Application, if all Parties agree.

4.4    <u>Defendants</u>. Unless otherwise agreed by the Parties, or by Court

order, the depositions of defendants shall take place in Hinds

County, Mississippi, or where a defendant works or resides. The

depositions may be taken remotely, via Zoom Application, if all

Parties agree.

5.    <u>Attendance and Confidentiality</u>

5.1    <u>Authorized Persons</u>. Unless otherwise agreed to by the Parties,

depositions may be attended only by the Parties, the Deponent, the

Deponent's attorney, counsel of record, the court reporter, and the

videographer.

5.2    <u>Appearance by Telephone or Other Remote Means</u>. Any remote

depositions shall be conducted pursuant to the same rules as apply

to in-person depositions. The Parties agree the witness shall be

sworn by the court reporter remotely. All deponents, as part of

their oath, shall certify that they will not communicate with anyone

but the examining attorney and the court reporter during the

33

deposition while on the record. The Parties shall not re-record the deposition by video or audio means. Parties participating remotely must identify all persons attending at the deposition with them. If counsel participating remotely believes that an objection not already made must be made on the record, such counsel shall identify themselves and state the objection.

5.3 <u>Confidential Documents</u>. Use of confidential information shall be used in accordance with the Confidentiality Order [Doc. 169].

6. Conduct of the Deposition.

6.1 <u>Length of Depositions</u>. Only time on the record shall be computed against the total time allocated to each party. Absent agreement of the Parties or Court order, all depositions are limited to one day of seven hours, pursuant to Fed. R. Civ. P. 30(d)(1).

6.2 <u>Time Allocation</u>. The Court is not presently entering an order on specific allocation of time in depositions among all Parties. However, the Court may revisit this issue and instructs the Parties to work to ensure that all Parties have appropriate time for examination.

6.3 <u>Sequence of Examination</u>.

6.3.1 Questioning at the deposition for which Plaintiffs are the Noticing Party shall be conducted in the following sequence:

(i) Plaintiffs' counsel;

(ii) Defendants' respective counsel;

(iii) Deponent's counsel; and

(iv) any re-cross or redirect by those mentioned above.

6.3.2 Questioning at the deposition for which a Defendant is the Noticing Party shall be conducted in the following sequence:

(i) Noticing Party-Defendant;

(ii) Other Defendants' respective counsel;

(iii) Plaintiffs' counsel;

(iv) Deponent's counsel; and

(v) any re-cross or redirect by those mentioned above.

7.    Objections.

7.1    All objections as to relevancy and admissibility are preserved for later ruling by the Court. Objections to the admissibility of documents are not waived and are reserved for later ruling by the Court. A Party need not "move" the admittance of a document in a deposition to preserve its use at trial.

7.2    Speaking objections are prohibited.

7.3    The use of the word "objection" shall be deemed to preserve all possible objections to the form of the question or the responsiveness of the answer. An objection made by one party shall inure to the benefit of all Parties.

7.4 Directions Not to Answer. A party may instruct a Deponent not to answer only when necessary to preserve a privilege, to endorse a limitation on evidence directed by the Court, to prevent harassment, or to present a motion to prevent such questioning.

8. <u>Exhibits</u>

8.1 The Parties shall agree to use a single Court Reporter Service for all depositions.

8.2 Deposition exhibits shall be marked sequentially beginning with the first witness, and steps will be taken to ensure that no two exhibits used in a deposition contain the same Exhibit Number. In the event of double tracking depositions, Exhibit Numbers will be blocked in advance to avoid duplication of Exhibit Numbers. Counsel shall not remark documents that have previously been marked as exhibits and shall use the previously marked exhibit number in subsequent depositions. The index of exhibits annexed to each deposition transcript shall contain the Bates number (if any), the exhibit number, and a brief description of the exhibit.

8.3 The Court Reporter shall maintain a copy of the master exhibits and have them available online for access by all Parties at all times.

9. <u>Deposition Subpoenas to Non-Party Witnesses</u>

9.1 Prior to serving a deposition subpoena pursuant to Federal Rule of Civil Procedure 45, the Party serving the subpoena shall provide

pre-notice service to the opposing Parties of no less than fifteen days. The pre-notice service may be made by email. If the opposing Parties fail to move to quash within the fifteen-day period, the serving Party may serve the subpoena upon the witness.

9.2     Witnesses subpoenaed or noticed to testify and to produce documents shall be noticed and served with the subpoena or deposition notice and document request at least thirty days before the scheduled deposition.

9.3     Any deposition notice served pursuant to Federal Rule of Civil Procedure 45 shall attach this Deposition Protocol.

## XIV. CASE POOL

1.     One purpose of this Order is to efficiently obtain sufficient reliable information about the claims asserted in these matters to enable both the Court and the Parties to determine the nature and strengths and weaknesses of the claims. See, generally, Manual for Complex Litigation, Fourth ("MCL" 4th"), § 22.315. The more dependable the information, the more representative the bellwether process.

2.     In furtherance of that objective, the Court anticipates that the representative Plaintiff bellwether case pool ("Case Pool") will be selected within approximately 200 days of the entry of this Order. Fifteen days in advance of this date, based on Plaintiff Fact Sheet submissions, the Parties shall identify certain relevant characteristics representative of the totality of the cases that should be represented in the initial Case Pool selected. Such relevant characteristics may include, but not be limited to, the

following: 1) residency at the time of the alleged exposure; 2) duration of the alleged exposure; 3) diagnosed injury resulting from the alleged exposure; 4) treatment resulting from the diagnosed injury; and 5) the respective age groups of Plaintiffs. Absent agreement of the Parties, Plaintiffs and Defendants collectively shall submit separate submission on the relevant characteristics. The Court will issue a sperate Order defining the relevant characteristics of Plaintiffs that must be encompassed in the initial Case Pool.

3.   The Case Pool for initial full work-up will consist of ten (10) total Plaintiffs' cases. The Case Pool shall be chosen from all cases pending in this Court as of the date of consolidation. Within fifteen (15) days of the Court identifying the relevant characteristics, each side (Plaintiffs and Defendants collectively) will select five (5) cases for inclusion in the Case Pool. On selection of the Case Pool pursuant to this Order, the selections shall be known as the "Wave 1 Case Pool." For purposes of this Wave 1 Case Pool, no Plaintiff may be selected who claims property damage or loss. The Wave 1 Case Pool will be composed of Plaintiffs only claiming personal injuries.

## XV.   SELECTION OF CASES

1.   The Parties will submit their respective Wave 1 Case Pool selections via email to Magistrate Judge Isaac's chambers, copying all counsel of record, within fifteen (15) days of the Court identifying the relevant characteristics. Neither side may select a case for the Wave 1 Case Pool unless the Plaintiff has supplied a fully compliant PFS and completed

authorizations. In the event Defendants select a pick for the Wave 1 Case Pool which is also one of the Plaintiffs' Case Pool selections, Plaintiffs may select another case for inclusion in the Wave 1 Case Pool within 7 days. In the event Plaintiffs select a pick for the Wave 1 Case Pool which is also one of the Defendants' Case Pool selections, Plaintiffs may select another case for inclusion in the Wave 1 Case Pool within 7 days. Upon completion of the selection process, the Court will formally designate ten (10) Plaintiffs as the selected Wave 1 Case Pool.

2.    In the event a Plaintiff selected for the Wave 1 Case Pool voluntarily dismisses a case designated as a "Defense Pick" from the Wave 1 Case Pool, Defendant may select another case for inclusion in the Wave 1 Case Pool. The Parties will not be entitled to an additional pick in the event Defendants settle a case from the Wave 1 Case Pool or Plaintiffs dismiss a case designated as a "Plaintiffs' Pick" from the Case Pool selection. Cases that are dismissed pursuant to an Order of this Court from the Wave 1 Case Pool shall not be substituted.

## XVI.  RULE 35 MEDICAL EXAMINATIONS AND PROPERTY INSPECTIONS

1.    Within 10 days of the Court designation of the Wave 1 Case Pool, the Parties shall submit to the Court a proposed order governing Rule 35 Medical Examinations of the Wave 1 Case Pool Plaintiffs as well as proposed order(s) for protocols for inspection of certain properties of Wave 1 Case Pool Plaintiffs and Defendants' properties.

2.    Rule 35 Medical Examination and property inspections can begin after the entry of said orders.

## XVII.  CASE-SPECIFIC PLAINTIFF DISCOVERY

1.      Case-specific discovery on cases selected for the Wave 1 Case Pool shall commence on _____ and be completed by _____, with discovery in each case being governed by the Federal Rules of Civil Procedure, the Local Rules of this Court, and further orders of this Court.

2.      Case-specific depositions for the Wave 1 Case Pool cases shall be limited to the following until the Court identifies the Wave 1 Bellwether Tranche:

   2.1     Plaintiff and his/her parent(s), guardian(s), and/or representative(s);

   2.2     Treating physician(s);

   2.3     Mental healthcare provider(s); and

   2.4     Educational entity(ies) and/or institution(s).

3.      IMEs and inspections of the homes of the Wave 1 Case Pool Plaintiffs are permitted in this period, though nothing in this order prohibits same from occurring after the Court designates the Wave 1 Bellwether Tranche.

4.      Each Defendant shall also be permitted to serve 10 requests for production, 10 interrogatories, and 10 requests for admissions, not duplicative of the master sets related to each Wave 1 Case Pool Plaintiff. Plaintiffs shall also be permitted to serve 10 requests for production, 10 interrogatories, and 10 requests for admissions, not duplicative of the master sets, to each Defendant related to the Wave 1 Case Pool Plaintiffs.

## XVIII. SELECTION OF CASES FOR WAVE 1 BELLWETHER TRANCHE

1.      On _____, at 5:00 p.m. Central Standard Time, Plaintiffs and Defendants collectively shall file with the Court its proposal for three (3) trial tranche

cases for each side, for a total of six (6) trial tranche cases from the Wave 1 Case Pool. In connection with their proposed selections, the Parties shall submit and file the following:

    1.1    On _____, the Plaintiffs and Defendants shall file a statement with the Court identifying the reason the proffered picks constitute a representative trial pick;

    1.2    On _____, the Parties may file a statement in response to the opposing Parties' selection as a representative trial pick;

    1.3    The Court will select the first Wave 1 Bellwether Tranche on or before _____,

2.    The Court will select a total of four (4) representative cases to populate the Wave 1 Bellwether Tranche, two from Plaintiffs' Picks and two from Defendants' Picks. A replacement pick, if necessary, shall be governed by Section XV. Delay, if any, will be limited to that reasonably necessary to prepare the new selection for trial.

## XIX. EXPERT REPORTS AND EXPERT DISCOVERY FOR WAVE 1 TRIAL POOL

1.    On or before _____, Plaintiffs will disclose in writing the identities of experts as required by Fed. R. Civ. P. 26(a)(2)(A) and will serve the reports and other materials as required by Fed. R. Civ. P. 26(a)(2)(B), for all cases in the Wave 1 Bellwether Tranche, including case specific reports.

2.    On or before _____, Defendants will disclose in writing the identities of their experts as required by Fed. R. Civ. P. 26(a)(2)(A) and will serve the reports and other materials as required by Fed. R. Civ. P. 26(a)(2)(B), for

41

all cases in the Wave 1 Bellwether Tranche, including case specific reports.

3.      On or before _____, Plaintiffs will disclose rebuttal expert reports, if any.

4.      The Parties will make their designated experts available for deposition between _____, and _____.

## XX.    EXPERT WITNESS DEPOSITION PROTOCOL

1.      Parties may serve notice of a deposition of any expert witnesses who has completed an expert report or disclosure in relation to the allegations made based on Plaintiffs' claims. These expert witnesses shall be produced for deposition without need for service of a subpoena.

2.      Expert witnesses shall deliver to the attorney who noticed the deposition an advance production of their file no later than five (5) business days before the date set for a deposition. The file shall include all materials compiled up to that time, except that the expert may exclude any portions protected by an appropriate privilege as well as all drafts, which are protected under FRCP 26(b)(B). The attorney who noticed the deposition shall provide copies of the advance production to counsel for all other Parties who have notified them of their intent to participate in the deposition.

3.      The party who notices the deposition shall reimburse the expert for the time reasonably and actually devoted by the expert or their employees to making the advance production; the time reasonably and actually devoted

by the expert in traveling to and from the site of the deposition; the time

spent by the expert at the deposition; the expense reasonably and actually

incurred by the expert in producing other documents in response to any

other request for production of documents; and the reasonable travel

expenses (transportation, meals, lodging, miscellaneous) actually incurred

by the expert in traveling to and from the site of the deposition and during

their attendance at the deposition.

4.      Unless an expert agrees otherwise, their deposition shall be taken in the

locality where they work or reside.

## XXI.   DISPOSITIVE MOTIONS AND EXPERT MOTIONS

1.      All motions to exclude or limit expert testimony pursuant to Federal Rule

of Evidence 702 and all dispositive motions shall be filed no later than

_____. Responses shall be due within 30 days. Replies shall be due 21

days thereafter.

2.      Total briefing page limits for the Parties' dispositive motions shall be as

set forth in the Local Rules. Total briefing for each Parties' Daubert briefs

shall be limited to 50 collective pages per side for opening briefs, 50

collective pages per-side for opposition briefs, and 25 pages per side for

reply briefs, absent the Parties' agreement or Court Order.

3.      The Court will hold a hearing to consider these motions on a date to be

determined.

## XXII.  FINAL DISCOVERY

1.      The Parties shall complete all remaining discovery of Wave 1 Bellwether
Tranche cases by _____.

## XXIII. SELECTION OF CASES FOR TRIAL

1.      After the Court rules on expert and dispositive motions, on a date fixed by
the Court, Plaintiffs and Defendants collectively shall file with the Court
their proposal for one (1) trial case for each side, for a total of two (2)
cases, from the Wave 1 Bellwether Tranche.

2.      In connection with their proposed selections, each side shall submit and
file a statement with the Court identifying the reason the proffered pick
constitutes a representative trial pick. Within five days, the Parties shall
submit a statement in response to the opposing Parties' selection as a
representative trial pick.

3.      The initial Wave 1 Bellwether Trial will consist of one (1) Plaintiff. The
Court will select the one trial Plaintiff from these two candidates. A
replacement pick, if necessary, shall be governed by Section XV. Delay, if
any, will be limited to that reasonably necessary to prepare the new
selection for trial

4.      If the first trial selection is the Plaintiffs' pick, the second bellwether trial
will be on the Defense's Pick. If the first selection is the Defense's Pick,
the second bellwether trial will be on the Plaintiffs' pick.

## XXIV. TRIAL SCHEDULE

1.     The Court will issue a scheduling order governing all trial-related

obligations, including the specific date for commencement of trial,

following entry of any dispositive motion and Daubert orders.

**SO ORDERED**, this the _____ day of _____, 2024.

_____

United States Magistrate Judge

85558514.v1

45