# EXHIBIT 1

**LEVY KONIGSBERG LLP**
**ATTORNEYS AT LAW**
**605 THIRD AVENUE, 33RD FLOOR**
**NEW YORK, N.Y. 10158**

NEW JERSEY OFFICE
QUAKERBRIDGE EXECUTIVE OFFICE
101 GROVERS MILL ROAD
LAWRENCEVILLE, NJ 08648
TELEPHONE: (609) 720-0400
FAX: (609) 720-0457

(212) 605-6200
FAX: (212) 605-6290
WWW.LEVYLAW.COM

ATLANTA OFFICE
ONE GLENLAKE PARKWAY, SUITE 700
ATLANTA, GEORGIA 30328
TELEPHONE: (800) 315-3806
FAX: (212) 605-6290

WRITER'S DIRECT EMAIL: CStern@levylaw.com

JANUARY 19, 2024

**VIA EMAIL & UNITED STATES MAIL**
Honorable Carlton W. Reeves
501 East Court Street, Suite 5.500
Jackson, Mississippi 39201

Honorable LaKeysha Greer Isaac
501 East Court Street, Suite 6.150
Jackson, Mississippi 39201

> RE: **IN RE JACKSON WATER CASES: PROPOSED CMO NO. 2**
> **CIVIL ACTION FILE NO. 3:21-CV-614**

Dear Judge Reeves and Judge Isaac:

This communication is in response to the Court's invitation for suggestions and proposals for organization of a specially tailored, modified case management order to meet the needs of this litigation [ECF No. 172]. To that end, enclosed herewith please find Plaintiffs' proposed Case Management Order No. 2 ("CMO No. 2").

In addition to providing Plaintiffs' proposal, I note that the parties exchanged their respective submissions and concurred in advance of providing them to the Court. To that end, I would be remiss if I did not address some of the distinct differences between how Defendants envision this litigation moving forward compared to Plaintiffs, as well as some of the incongruencies layered throughout Defendants' proposal(s).

To start, Defendants propose a Plaintiff Fact Sheet ("fact sheet") that will require each Plaintiff to provide the same type of information sought by Defendants in their initial *Lone Pine* request. Further, their proposal requires delivery of fact sheets within ninety (90) days. While one might admire their consistency, it is also quite clear Defendants do not care about (and continue to ignore) the Court's rulings on their *Lone Pine* request. In fact, their current fact sheet proposal is even more oppressive than their *Lone Pine* request in terms of the timing requirements they suggest for Plaintiffs' completion. Yet curiously, Defendants then propose an initial bellwether trial for **ONE** (1) Plaintiff. Thus, they seemingly believe that the Court's and the parties' time is best spent in the provision of twenty-four hundred (2,400) *Lone Pine* type fact sheets (within ninety (90) days), to help narrow the pool of Plaintiffs to **ONE** (1) trial plaintiff. This proposition is as

ridiculous as it is untenable in terms of seeking efficiencies and shepherding these cases forward toward a resolution.

Alternatively, Plaintiffs suggest a process that leads to in an initial Bellwether trial for eight (8) Plaintiffs, age six years old or younger during their exposure to the contaminated water; a second Bellwether trial for Plaintiffs who were age seven years old through eleven years old; and a third Bellwether trial for Plaintiffs who were age twelve years old through seventeen years old. Plaintiffs suggest an initial, random selection of forty (40) Plaintiffs for the first group, from whom detailed fact sheets will be provided to Defendants and to the Court, and from which the first eight (8) trial cases will be selected. Plaintiffs suggest the same process for the second and third Bellwether groups. The numbers of fact sheets should suffice in creating an appropriate sample size for each particular group, and the random selection will ensure that no pool is skewed toward any of the parties. In response, Defendants reject the notion of a trial group at all, let alone for Plaintiffs of the same age. They seemingly believe a group of eight (8) Plaintiffs of a similar age is not representative of Plaintiffs generally, but that a trial group of **ONE**, is.

Finally, and despite the inclusion of language in Plaintiffs' proposal that witnesses will only be deposed once, Defendants insist on waiting six months for depositions to begin. It is difficult to comprehend why Defendants care when Plaintiffs begin taking depositions, in light of Plaintiffs' acknowledgment that they only get one chance to depose a witness. And while Plaintiffs would be hard-pressed to take any depositions until receiving documents and other information from Defendants, they should also not be limited to an arbitrary time frame for depositions to begin. Nonetheless, in an effort to appease Defendants, Plaintiffs have included language in their proposal indicating a sixty-day period before they can begin sending notices of depositions, effectively creating a three-month window before the first deposition could occur.

While those mentioned here are but a few of the many differences in the parties' positions, there are more. Therefore, Plaintiffs request a conference with the Court where these (and other issues) can be discussed more fully with an eye toward creating and maintaining efficiencies.

Thank you in advance for your time and attention to these matters.

Sincerely,

**LEVY KONIGSBERG, LLP**

Corey M. Stern

*Enclosures*
*cc – Counsel of record*