# EXHIBIT 2

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| *In Re Jackson Water Cases*, | No. 3:23-cv-00614-CWR-LGI (Main Docket) |
| v. | Hon. Carlton W. Reeves |
| | Magistrate Judge LaKeysha Greer Isaac |
| *The City of Jackson, Mississippi, et al.*, | |

## CASE MANAGEMENT ORDER NO. 2[1]

This Case Management Order ("CMO No. 2") shall apply to all lawsuits filed in this Court, alleging lead poisoning as a result of exposure to toxic water from the City of Jackson's public water system as part of the Jackson Water Crisis ("JWC").

---

[1] The Court entered a Case Management Order No. 1 ("CMO") on September 25, 2023 [ECF No. 146].

Contents

I.      General Matters ..................................................................................................3

        A.     Applicability to All Cases ........................................................................3

        B.     Modification of Order ..............................................................................3

        C.     Preservation.............................................................................................3

        D.     Status Conferences ..................................................................................3

II.     Discovery Coordination Protocol .....................................................................4

        A.     Scope ......................................................................................................4

        B.     Definitions...............................................................................................4

        C.     Depositions..............................................................................................4

        D.     Other Coordination Obligations ..............................................................5

III.    Preliminary Discovery ......................................................................................5

IV.     Written Discovery .............................................................................................7

V.      Requests for Entry on, Inspection, Sampling, and Testing of Land .................9

VI.     Fact Witness Depositions ..................................................................................9

VII.    Plaintiff Examinations .....................................................................................22

VIII.   Expert Witnesses .............................................................................................22

IX.     Bellwether Trial Proceedings ..........................................................................23

        A.     First Bellwether Group............................................................................23

        1. First Bellwether Pool Selection ......................................................................23

        2. Second Bellwether Pool Selection and Written Discovery ...............................25

        3. Third Bellwether Pool Selection and Further Discovery ..................................25

        4. Expert Depositions .........................................................................................25

X.      Discovery Dispute Protocol ............................................................................26

XI.     Pretrial Motions and Completion Date for Discovery .....................................27

## I.    General Matters

### A.    Applicability to All Cases

(1)    This Order, and all future CMOs entered in this Main Docket (3:23-cv-00614-CWR-LGI) shall govern the practice and procedure in this litigation, including all cases that are currently consolidated in this litigation and those filed in the future and consolidated into this litigation.

### B.    Modification of Order

(1)    Any party may seek modification of this Order on a showing of good cause.

### C.    Preservation

(1)    All parties and their counsel are reminded of their duty to take reasonable measures to preserve documents, electronically stored information, and data that are potentially relevant in accordance with the Document Production Protocol [ECF No. 170] and Confidentiality Order [ECF No. 169].

### D.    Status Conferences

(1)    The Court shall set regular status conferences to discuss the progress of any pretrial matters.

(2)    All necessary counsel shall appear for the conference on the date at the time and in the manner designated by the Court.

(3)    Proposed Agenda

   3.1    The parties shall submit their proposed agenda items for the conference no less than three business days before each status conference.

3.2    If the parties resolve all or some of the items/issues in dispute subsequent to the Court's issuance of the agenda, the parties shall as soon as practicable notify the Court of the resolution of disputed items/issues.

## II.    Discovery Coordination Protocol

### A.    Scope

(1)    One of the purposes of this Order is to effectuate efficiency and limit duplication in the discovery processes associated with litigation arising out of the JWC.

(2)    These cases shall be referred to herein as "JWC Cases."

(3)    This Order shall apply to all cases, currently or in the future, consolidated or coordinated into the JWC Cases. In that regard, it applies to all discovery permitted under the Federal Rules of Civil Procedure, including, without limitation: (i) depositions; (ii) document requests and requests to inspect and/or permit entry onto property; (iii) subpoenas duces tecum; (iv) interrogatories; (v) motions for physical and mental examination; and (vi) requests for admissions.

### B.    Definitions

(1)    "JWC Cases" means all cases that are, currently or in the future, consolidated or coordinated into the above captioned case.

### C.    Depositions

(1)    Subject to Section I(C)(2) below, a witness may be deposed only once in the JWC Cases after the date of this order, except by order of the Court based on a showing of good cause or by agreement of all interested parties. Nothing in this order shall be to the prejudice of any party's or witness's right to seek the protection of any court of competent jurisdiction from a deposition, which the party or witness considers to be objectionable under applicable law.

4

(2)     Depositions that are noticed in the JWC Cases shall be noticed pursuant to the Federal Rules of Civil Procedure for a proposed date, time, and location, subject to the provisions of this Order.

### D.     Other Coordination Obligations

(1)     Registration of Counsel. All counsel in the JWC Cases who have not already filed an appearance in in the above-captioned case are required to file an appearance. Any obligation for service and/or notice for matters covered by this Order shall be satisfied if filed in and served on all counsel listed in this case.

(2)     Service by Email. All parties shall be deemed to consent to service of any discovery document by email.

## III.    Preliminary Discovery

### A.     Documents-Only Subpoenas to Non-Parties

(1)     This CMO No. 2 applies to subpoenas issued in the JWC Cases to non-parties who are commanded by the subpoena to produce documents, electronically stored information, and tangible things but who are not commanded by the subpoena to provide testimony.

(2)     Beginning seven days from entry of CMO No. 2, Plaintiffs and/or any Defendants may cause a subpoena to be properly served on a non-party in accordance with the Federal Rules of Civil Procedure or with the non-party's agreement to accept service by other means. Once an attorney drafts a non-party documents-only subpoena, he or she shall share the draft with counsel for the opposing party, who shall then have two (2) business days to provide constructive comments, as well as to propose additional categories of documents, which proposals shall be shared with all counsel upon whom the draft was served. The subpoena's originator may incorporate the proposed changes to the draft subpoena. After two (2) business days have passed,

the subpoena's originator may serve the subpoena in accordance with the Federal Rules of Civil Procedure or pursuant to an agreement with the non-party to accept service (the "Initial Subpoena") and shall deliver a copy of such issued subpoena to all parties of record. Within 5 business days of the service of the Initial Subpoena, counsel for the remaining parties to the litigation may serve a supplemental subpoena on the same non-party requesting additional categories of documents not included in the original subpoena ("Supplemental Subpoena") and shall deliver a copy of such issued subpoena to all parties of record. The lawyer serving the Initial Subpoena shall at the time of such service advise the non-party that Supplemental Subpoenas may be served by the other parties to the litigation within 5 business days and that the non-party should produce the documents requested by all subpoenas in a contemporaneous production, provided that the production required by the Initial Subpoena and each Supplemental Subpoena shall be made upon counsel for each such requesting party, or that counsel's document or copy service provider.

(3)    Prior to service of the Initial Subpoena, any party to the JWC Cases may choose to be a co-signatory of the Initial Subpoena by advising the originator of that intent, and once so advised, the originator shall include any such party as a co-signatory of the Initial Subpoena. After service of the Initial Subpoena, and after service of each Supplemental Subpoena, each party to the litigation shall advise the originator(s) if that party would like to receive copies of the documents produced by the non-party. Counsel that has proposed changes to an Initial or Supplemental Subpoena is not deemed to be a signatory, or to have requested copies, regardless of whether the proposed changes were adopted by the originator.

(4)    Fifty percent of the costs associated with third-party discovery shall be borne by Plaintiffs and fifty percent of the costs associated with third-party discovery shall be borne by the Defendants.

(5)     The signatories may, but need not, agree (unanimously) to identify in the subpoena itself one or more of themselves as persons who the non-party recipient should contact with questions about the subpoena. Agreements to modify the non-party documents-only subpoena, including without limitation to enlarge the time for responding to it, to change the specified place or manner of production of materials requested by it, or to modify the scope or description of the requested materials, must be unanimous by the signatories of the subpoena. If unanimity cannot be achieved with reasonable promptness, any signatory may contact the Court to schedule a telephone hearing to resolve the dispute.

(6)     The attorney who receives a non-party's production in response to a documents-only subpoena shall without delay notify in writing interim opposing counsel of the production and shall thereafter provide copies of all or any parts of the production to the attorneys for parties to the JWC Cases who make a written request and pay for them. Production to such other attorneys shall be in the same form and order as the materials were produced by the non-party unless otherwise agreed in writing and shall occur as soon as is reasonably feasible in light of the form and volume of the production. Transmission of the produced materials should be by the most economical means that is reasonably feasible, such as, for example, e-mail, FTP, or other electronic means. In addition to payment to the non-party for the cost of responding to the subpoena, each party that receives a copy of the production must promptly reimburse the attorney who provided it for the reasonable actual copying and transmission cost incurred by that attorney in supplying the copy of the production.

## IV.     Written Discovery

### A.     Privilege Logs

(1)     Each party must maintain a log of potentially Privileged Communications.

(2)     No party must include in its privilege log Privileged Communications between the party or the party's employees and the attorneys who represent the party in the JWC Cases. With Defendants, this paragraph only applies to Privileged Communications created or occurring on or after the date that a complaint was filed naming the Defendant as a party to the JWC Cases or a related matter in this Court or any other. With Plaintiffs, this paragraph only applies to Privileged Communications that were had on or after the date that the Plaintiff filed a complaint in the JWC cases or a related matter in this Court or any other. This exception shall not apply to communications shared with someone other than the party, or the party's employees, attorneys, experts, or insurer.

(3)     The failure to include in a privilege log any Privileged Communication exempted by this section shall not constitute a waiver of the privilege.

(4)     As used in this Section, references to an attorney includes other attorneys and employees in an attorney's firm, outside counsel, contract attorneys, and legal services vendors hired by an attorney's firm. With respect to parties that are not natural persons, it also includes in-house attorneys and other employees on the party's legal staff and legal services vendors hired by the party.

**B.     Requests for Documents and Tangible Things**

(1)     Beginning seven (7) days from entry of CMO No. 2, Plaintiffs may serve requests for production of documents and tangible things on Defendants. Defendants shall engage in discovery as described in Section IX Bellwether Trial Proceedings.

### C.    Interrogatories

(1)    Beginning seven (7) days from entry of CMO No. 2, Plaintiffs may serve interrogatories on Defendants. Defendants shall engage in discovery as described in Section IX Bellwether Trial Proceedings.

### D.    Requests for Admission

(1)    Beginning seven (7) days from entry of CMO No. 2, Plaintiffs may serve requests for admissions on Defendants. Defendants shall engage in discovery as described in Section IX Bellwether Trial Proceedings.

## V.    Requests for Entry on, Inspection, Sampling, and Testing of Land

(1)    Beginning thirty (30) days from entry of CMO No. 2, Plaintiffs may serve requests for entry on, inspection, sampling, and testing of land on Defendants. Plaintiffs shall have the collective right to enter on, inspect, sample, and test each piece of land owned or otherwise controlled by Defendant only once, unless otherwise agreed by all interested parties or with leave of court. Each entry shall not last more than seven (7) hours, unless otherwise agreed by all interested parties or with leave of court. Defendants shall engage in discovery as described in Section IX Bellwether Trial Proceedings.

## VI.    Fact Witness Depositions

### A.    Testimonial Depositions

(1)    Beginning sixty (60) from entry of CMO No. 2, parties may begin serving parties and non-parties with notices of testimonial deposition. However, this is with the exception of the Plaintiffs' depositions, who shall be served in accordance with Section IX Bellwether Trial Proceedings.

(2)     No deposition notice shall specify a deposition date that is less than thirty (30) days from the date the notice is served, unless otherwise agreed by all interested parties or with leave of court.

(3)     There shall not be any numerical limit on the number of testimonial depositions any party may take as a matter of right—but any party or non-party may move for a protective order with respect to any deposition for any of the reasons recognized in the Federal Rules of Civil Procedure.

**B.     Depositions of Health Care Providers, and Education and Plumbing Professionals**

(1)     Because of the very large number of plaintiffs, there are some types of witnesses whose testimony cannot practically be taken only once. This may include, *inter alia*, health care providers, government employees, and third parties. Witnesses of these types are excluded from the one-deposition-only rule.

(2)     Parties shall seek to minimize the unavoidable burden that will be imposed on witnesses of these types in all ways reasonably possible. Measures to be considered with respect to each witness shall include, among others: stipulating in advance to the authenticity and other foundational facts bearing on the admissibility of records related to a Plaintiff in whose case the deposition is taken; designating a single defense attorney and a single Plaintiff's attorney to conduct the deposition on behalf of Defendants and all Plaintiffs; stipulating to the admissibility of testimony by the witness concerning their background, training, experience, and other matters that are of common relevance to more than the specific case in which the deposition is taken; and conducting depositions of the witness in two or more Plaintiffs' cases on a single day if convenient to the witness.

C.    **Deposition Protocol Order**

The Parties will cooperate in the notice and taking of depositions as follows:

(1)    Governing Provisions and Law

This CMO No. 2 controls depositions of all non-expert witnesses, including Non-Parties. It does not apply to depositions of corporate representatives or expert depositions. Discovery shall be governed by the applicable provisions of the Federal Rules of Civil Procedure, except as otherwise provided herein. Unless specifically modified, nothing in this Order shall be construed to abrogate, modify, or enlarge the Federal Rules of Civil Procedure.

(2)    Notices of Deposition

(a)    Cooperation. Plaintiffs' and Defendants' counsel are expected to cooperate and coordinate the scheduling of depositions and shall consider the scheduling needs or requests of all parties. However, subject to the provisions of this CMO No. 2, the deposition date need only be agreed to by the Noticing Party and the Deponent to proceed to scheduling with the Court Reporter.

(b)    Contents and Service of Notice. Notices of Deposition will be served by email on the Deponent, the Court Reporter, and on all parties to the JWC Cases in accordance with this CMO No. 2. The Notice shall state the name of the deponent, contact information for the Noticing Party, and designate the proposed date and location (requiring 30 days' notice unless otherwise agreed to by all interested parties or by leave of court. The notice shall also include a statement that all depositions will be video recorded and include a reference to this CMO No. 2. If the Deponent is a non-party, the Notice shall include a subpoena as appropriate. The notice shall also include substantially the following statement: "If the date and location is not convenient to

the Deponent, the Deponent (or his or her counsel) shall contact the Noticing Party's counsel within five (5) business days to arrange an alternate date and/or location."

(c)    Who Must Agree to Deposition Date. Within five (5) business days of the issuance of the Notice, the Noticing Party and the Deponent, through his or her counsel if known, shall meet and confer to negotiate the deposition date. Any disputes between the Noticing Party and the Deponent regarding the date of a deposition may be raised to the Court following the *Meet and Confer* process. After expiration of the five (5) business days, the Noticing Party shall promptly inform all parties to the JWC Cases and the Court Reporter by email either confirming the original deposition date and location, notifying all parties of the new date or location, or updating the parties as to the status of any dispute with respect to the deposition notice. When sending an email confirming a deposition, the Noticing Party shall circulate a confirming or amending deposition notice with any accompanying subpoena to the Court Reporter with the email title "JWC Cases: CONFIRMED Deposition of [Enter Deponent Name] [ENTER DATES]" and clearly stating in the body of the email that the deposition has been confirmed with the deponent and is proceeding to scheduling. The final notice shall otherwise conform with the other provisions of this CMO No. 2 and shall include any other deposition requirements. Any subpoenas for deposition testimony shall be served as required by governing law, but copies shall be served via email on all parties to the JWC Cases.

(d)    Objections to Deposition Notices. Any party wishing to raise an objection or a scheduling conflict with the Noticing Party shall do so within three (3) business days after the deposition is confirmed by the Noticing Party. The Noticing Party will attempt to resolve the objection. If the objecting party and the Noticing Party cannot agree, they may contact the Court wherein the deposition is noticed for resolution. Any subsequent changes to the date of a deposition

shall be communicated to all parties to the JWC cases by the Noticing Party using the email title "JWC Cases: REVISED CONFIRMED Deposition of [Enter Party/Witness Name] [ENTER NEW DATES]" and explaining the change in date or location in the body of the email.

(e)     Master Schedule and Equipment. The Court Reporter will make arrangements for the services required in the confirmed final Notice of Deposition (including court reporter, videographer, conference room reservations and if indicated, interpreter). The Court Reporter will communicate confirmation that deposition arrangements have been made by uploading an updated Master Deposition Calendar. The parties will be responsible for any additional costs incurred by the Court Reporter for additional services required for any deposition (such as translator, videographer, etc.). The Court Reporter shall maintain a Master Deposition Calendar that will be posted with regular updates to the date, time, and location of any scheduled depositions.

(3)     Depositions

(a)     Number of Depositions. More than one deposition may take place in the JWC Cases at the same time, except that no more than two (2) depositions may be scheduled on the same day absent agreement by the parties or court order.

(b)     Deposition Days. Absent agreement of the parties, all depositions will be scheduled for two (2) days, including the business day on which the deposition is noticed as well as the next business day. The Master Schedule shall so reflect the two-day scheduling for all depositions. A Deposition Day shall typically commence at 9:00a.m. Minimally, there shall be one fifteen (15) minute morning break and two fifteen (15) minute afternoon breaks, with one (1) hour for lunch. Variations in this schedule may be made by agreement of counsel who noticed the deposition and counsel for the deponent.

(c)    Holidays. No depositions may be scheduled on the day of an in-person Court hearing in any of the JWC Cases or any national or religious holiday. For purposes of this deposition protocol, such holidays are: New Year's Eve, New Year's Day, Martin Luther King, Jr.'s Birthday, Presidents' Day, Passover (2 days), Good Friday, Easter Monday, Memorial Day, Independence Day, Labor Day, Rosh Hashanah (2 days), Yom Kippur, Columbus Day, Veterans' Day, Thanksgiving (Wednesday, Thursday, and Friday), Christmas Eve, and Christmas Day.

(4)    Deposition Appearance and Location

(a)    Location. Unless otherwise agreed by the parties, or by court order, depositions will take place in Jackson, Mississippi at a location arranged by the Court Reporter or agreed to by the parties, or remotely, via Zoom Application, if any party so wishes. To alleviate costs and promote efficiency, the Court strongly encourages utilization of remote depositions. For live depositions, the Court Reporter will provide a list of approved deposition locations to be selected by the Noticing Party in issuing any deposition notice if the parties cannot agree to a location on their own.

(b)    Remote Depositions. Any remote deposition shall be conducted pursuant to the same rules as apply to in-person depositions. All deponents shall utilize either a computer with a built-in video camera, a phone with a video camera, or a stand-alone video device so that the examiners can see the witness. Witnesses shall be sworn in by the court reporter remotely. All deponents, as part of their oath, shall certify that they will not communicate with anyone but the examining attorney and the Court Reporter during the deposition while on the record. Any deponent's attorney shall utilize either a computer with a built-in video camera, a phone with a video camera, or a stand-alone video device. All counsel shall make all exhibits utilized during a particular deposition available to all counsel/participants during or prior to a deposition before

14

their introduction. Attorneys utilizing exhibits shall be responsible for presenting said exhibits electronically, utilizing a shared screen via the Zoom Application. If a designating party is contacted by another party regarding its lack of access to certain designated deposition exhibits, the designating party will provide copies of those identified exhibits to the requesting party prior to examining the witness on the exhibit.

If, due to technical difficulties, any attorney attending a remote deposition drops off the deposition, that attorney shall immediately notify the other participating attorneys. Best efforts shall be made to pause the deposition to provide an opportunity for said counsel to promptly rejoin the deposition. If that attorney is unable to rejoin the deposition, either by agreement of counsel or by order of the Court, counsel may be permitted to make objections related to the deposition, which counsel would have made had the technical issues not occurred.

If any party requests a remote deposition (versus live/in-person), then all attendees shall appear remotely.

(c)     Arrangement for Deposition Space. The Court Reporter will be responsible for reserving the necessary conference room and providing the necessary technical equipment for each deposition to the extent it is required.

(d)     Notice of Intent to Appear. At least five (5) business days before a deposition, any counsel that intends to attend shall notify the Court Reporter. The Court Reporter will maintain a list of all parties who have given notice of their intent to appear and shall make the list available to all parties on the Master Calendar

(5)     Attendance and Confidentiality

(a)     Protective Order. If good cause exists for limiting access to depositions, the party seeking to exclude individuals from the deposition must move for a protective order

15

"designating the persons who may be present while the discovery is conducted." To meet this burden, the moving party must show "good cause" that an order is necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

   (b) Appearance by Telephone or Other Remote Means. Any party may alternatively appear and participate by telephone or other audiovisual means available and shall give notice of their intent to do so in at least five (5) business days before the deposition. The Party shall not re-record the deposition by video or audio means. Parties participating remotely must identify all persons attending at the deposition with them. If counsel participating remotely believes that an objection not already made must be made on the record, such counsel shall identify themselves and state the objection. Counsel participating in depositions by remote access shall have the same opportunity to examine the witnesses as counsel attending in person.

   (c) Confidentiality Order Provisions Regarding Deposition Materials and Testimony

    (i) Counsel for a producing party may designate testimony as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by identifying it as such on the record at or about the time the testimony is given. With respect to deposition exhibits, counsel for a producing party may designate such exhibits, or portions of them, as "Confidential" or "Highly Confidential – Attorneys Eyes' Only" by identifying them as such on the record at or before the conclusion of the deposition, provided, however, that no such designation need be made with respect to exhibits that have previously been marked in a manner to make them Protected Material.

(ii)     A non-party witness who is not an employee of a party, or the witness's attorney, may designate testimony or exhibits as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in the same manner described in subparagraph (c)(i). But in all cases where such designation is made by a non-party witness or the witness's attorney, both the witness and his or her attorney shall be deemed to have accepted, by making the designation, all obligations created by the Confidentiality Order.

(iii)    If no testimony is designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at a deposition, the deposition testimony and the entire transcript shall be accorded the highest level of protection for a period of fifteen (15) calendar days after the final transcript (that is to say, not a draft transcript) is received by or becomes available to a producing party's attorney of record for a party or party's attorney to identify the testimony or transcript as "Confidential or "Highly Confidential." If, before expiration of such 15-day period, any party or attorney makes or joins in a designation of testimony as "Confidential or "Highly Confidential" that party or attorney must notify counsel of record for all other parties to the actions in which the deposition was taken of the pages and lines of deposition testimony that are "Confidential" or "Highly Confidential – Attorneys' Eyes Only," then those pages and lines, but no other pages and lines, shall remain subject to the protection of this Order after the 15-day period has ended.

17

(iv)     All transcripts of depositions at which testimony has been designated in accordance with subparagraph (c)(i) or (c)(ii) as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be marked by the Court Reporter on the cover page with one or both of those designations and each page on which testimony appears that was identified as protectable at the deposition shall likewise be marked with one or both of those designations; but in making use of the deposition testimony and transcript the persons bound by the Confidentiality Order shall be limited in their use only of the testimony and portions of the transcript that was identified as protectable at the deposition.

(v)      All transcripts of depositions at which the statement described in subparagraph (c)(iii) was made shall be marked by the Court Reporter on the cover page with one or both of those designations. In the event no written designation of specific protectable testimony is provided in accordance with subparagraph (c)(iii), persons bound by this Order may obliterate the designations placed on the cover page. In the event a written designation of specific protectable testimony is provided in accordance with subparagraph (c)(iii), all persons bound by this Order shall treat those pages and lines as required by this Order for Protected Material.

(vi)     Deposition exhibits designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be marked as provided in the Confidentiality Order.

(vii)    If testimony taken at an audio-visually recorded deposition is designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the videocassette, other videotape container, disk, or file on which the deposition was recorded shall be marked by affixing a label to it with the appropriate designation.

(6)    Length of Depositions

(a)    Any deposition of a party shall not exceed eight (8) hours unless good cause is shown, or unless there is an agreement between the parties. Any current or former employee of the Defendant shall be considered the Defendant for purposes of this provision.

(b)    Any deposition of a non-party shall not exceed fourteen (14) hours, with the deposition examination time being split equally between Plaintiffs and Defendants (seven (7) hours each).

(7)    Video Recorded Depositions. Audio-Video Recording of All Depositions. All depositions shall be audiovisual depositions recorded pursuant to the Federal Rules of Civil Procedure and subject to the following rules:

(a)    Real-time feed. All video depositions will be stenographically recorded by a Court Reporter with "real-time feed" capabilities. Nothing herein precludes any party from ordering "real-time feed" of any non-video deposition.

(b)    Video Operator. The operator(s) of the video recording equipment shall be subject to the provisions of the Federal Rules of Civil Procedure. At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fair and accurately.

(c)    Filing. The Operator shall preserve custody of the original video medium in its original condition until further order of the Court.

(d)     Interruptions. The video camera operation will be suspended during the deposition only upon stipulation by counsel and "off the record" discussions.

(e)     Filming. The videographer shall film the witness only while the witness is seated in the witness chair and shall not film the witness at any other time, including when entering or leaving the deposition room. The videographer shall not film any other persons in the room, except for the witness.

(8)     Objections and Disputes

(a)     Stipulations and Disputes. The Parties may agree to certain deposition stipulations, however in all other circumstances the Federal Rules of Civil Procedure control. The Parties shall use best efforts to avoid deposition disruptions or adjournments due to discovery disputes. In the event a dispute arises, the parties may contact the Court in an attempt to resolve such dispute informally. If the Court is unavailable, the deposition will continue as to matters not in dispute and the party seeking relief may present the issue to the Court for expedited consideration.

(9)     Transcript Repository, Read and Sign, and Errata Sheets

(a)     Read and Sign. Witnesses shall read and sign their deposition transcripts. The Federal Rules of Civil Procedure shall govern the time each witness has to read and sign unless otherwise agreed by all interested parties or by leave of Court. Counsel for the witness shall submit any errata pages and signatures to the Court Reporter via email. The Court Reporter shall coordinate, track, and maintain a record as to the status and signature by witnesses of deposition transcripts. The Deponent's counsel will be provided with an e-transcript, an errata page and a witness signature page for review, signature and return to the Court Reporter.

(b)     Transcript Repository. The Court Reporter will provide a searchable electronic copy of all deposition transcripts to the parties via the Court Reporter Repository, except that deposition testimony and exhibits designated as "Confidential" or "Highly Confidential" shall only be made available to the appropriate parties under the Confidentiality Order.

(10)    Exhibits

(a)     The Court Reporter shall maintain a Master Exhibit List and an online Deposition Exhibit Repository that will contain a single copy of all deposition exhibits used in the case and will make the Exhibit Repository available at all depositions taken in the JWC Cases. The Court Reporter will maintain an original (hard copy) deposition transcript for all depositions in their office.

(b)     Examining Counsel shall bring paper copies of any documents used at a deposition, to the extent the deposition takes place in person.

(c)     Deposition exhibits shall be marked sequentially beginning with the first witness, and steps will be taken to ensure that no two exhibits used in a deposition contain the same Exhibit Number. In the event of double or triple tracking depositions, Exhibit Numbers will be blocked in advance to avoid duplication of Exhibit Numbers. Counsel shall not re- mark documents that have previously been marked as exhibits and shall use the previously marked exhibit number in subsequent depositions. The index of exhibits annexed to each deposition transcript shall contain the Bates number (if any), the exhibit number and a brief description of the exhibit.

(d)     The Court Reporter will make available electronically at every deposition all documents maintained in the Deposition Exhibit Repository for use as exhibits.

(11)    Costs. The Parties will select a Court Reporting Company for the JWC Cases. Costs will be allocated according to each party ordering transcripts, with the exception of remote access and participation which will be charged on a per party basis for those wishing to appear remotely, and videographer costs, which would be allocated amongst parties ordering the video.

## VII.    Plaintiff Examinations

The schedule for examinations of the plaintiffs in the individual cases will be pursuant to Section IX Bellwether Trial Proceedings.

## VIII.    Expert Witnesses

(1)    Parties may serve notice of a deposition on expert witnesses who have been retained or employed by any other party and who have completed an expert report or disclosure in relation to the allegations made the basis of Plaintiffs' claims. These expert witnesses shall be produced for deposition without need for service of a subpoena.

(2)    Expert witnesses shall deliver to the attorney who noticed the deposition an advance production of their complete file no later than five (5) business days before the date set for a deposition. The file shall include all materials compiled up to that time, except that the expert may exclude any portions protected by an appropriate privilege. The attorney who noticed the deposition shall provide copies of the advance production to counsel for all other parties who have notified them of their intent to participate in the deposition.

(3)    The party who notices the deposition shall reimburse the expert for the time reasonably and actually devoted by the expert or their employees to making the advance production; the time reasonably and actually devoted by the expert in traveling to and from the site of the deposition; the time spent by the expert at the deposition; the expense reasonably and actually incurred by the expert in producing other documents in response to any other request for

production of documents; and the reasonable travel expenses (transportation, meals, lodging, miscellaneous) actually incurred by the expert in traveling to and from the site of the deposition and during their attendance at the deposition.

(4)    Unless an expert agrees otherwise, their deposition shall be taken in the locality where they work or reside.

## IX.    Bellwether Trial Proceedings

The initial bellwether trial will begin on Monday, September 8, 2025. The Court will set a date for the second bellwether group trial at a later date.

### A.    First Bellwether Group

#### 1.    First Bellwether Pool Selection

(1)    Within thirty (30) days from entry of this CMO No. 2, the parties shall submit to the Court an agreed-upon form of plaintiff fact sheet. If agreement upon fact sheets cannot be reached, the Court will place this issue on its next available conference date.

(2)    Within ten (10) days from entry of this CMO No. 2, Plaintiffs shall provide Defendants with the birthdays of all Plaintiffs who have been named in all of the lawsuits filed in the JWC Cases.

(2)    Within thirty (30) days from entry of this CMO No. 2, the Magistrate or Special Master will select at random forty (40) Plaintiffs from which the first eight (8) bellwether trial cases will be selected ("Pool One"). The First Bellwether group shall only include Plaintiffs who were born on or after March 20, 2008 (children who were six (6) years old or younger at the time Plaintiffs allege the underlying actionable conduct occurred).

(3)    Within forty-five (45) days from the selection of the Pool One Claimants, each of the forty (40) Plaintiffs shall provide to counsel for Defendant a completed plaintiff fact sheet,

together with authorizations for release of records specified in the fact sheets and any documents specified in the fact sheets which are within their possession, custody, or control.

(5)    To the extent a plaintiff's fact sheet is less than substantially completed, Plaintiffs' Counsel shall be notified within seven (7) days by counsel for Defendants, and the deficiency shall be cured to the extent possible within twenty-one (21) days after receiving notification.

(6)    Within ten (10) days of receiving substantially completed fact sheets from Plaintiffs, Plaintiffs and Defendants shall submit said fact sheets to the Court.

(7)    Within thirty (30) days of receiving Plaintiffs' fact sheets, the Court will select fifteen (15) Plaintiffs for whom more extensive discovery will occur.

(8)    Within ten (10) days of selecting the fifteen (15) Plaintiffs for whom more extensive discovery will occur, Defendants may serve requests for production of documents and tangible things on those Plaintiffs.

(9)    Within ten (10) days of selecting the fifteen (15) Plaintiffs for whom more extensive discovery will occur, Defendants may serve interrogatories on those Plaintiffs.

(10)    Within ten (10) days of selecting the fifteen (15) Plaintiffs for whom more extensive discovery will occur, Defendants may serve requests for admissions on those Plaintiffs.

(11)    Within ten (10) days of selecting the fifteen (15) Plaintiffs for whom more extensive discovery will occur, Defendants may begin conducting Plaintiffs depositions.

(12)    Beginning thirty (30) days from selecting the fifteen (15) Plaintiffs for whom more extensive discovery will occur, Defendants may serve requests for entry on, inspection, sampling, and testing of land on Plaintiffs. Defendants shall have the collective right to enter on, inspect, sample, and test each piece of land owned or otherwise controlled by Plaintiffs only once, unless

otherwise agreed by all interested parties or with leave of court. Each entry shall not last more than seven (7) hours, unless otherwise agreed by all interested parties or with leave of court.

(13)    Upon completion of discovery associated with the fifteen (15) Plaintiffs for whom more extensive discovery will occur, the parties and the Court will determine which eight (8) Plaintiffs will serve as the Bellwether Trial Plaintiffs.

### 2.    Second Bellwether Pool Selection and Written Discovery

(1)    The second bellwether trial will follow the same selection process as the first Bellwether trial and will involve individuals who were between the ages of seven (7) and eleven (11) at the time Plaintiffs allege the underlying actionable conduct occurred.

(2)    Dates TBD.

### 3.    Third Bellwether Pool Selection and Further Discovery

(1)    The second bellwether trial will follow the same selection process as the first Bellwether trial and will involve individuals who were between the ages of twelve (12) and seventeen (17) at the time Plaintiffs allege the underlying actionable conduct occurred.

(2)    Dates TBD

### 4.    Expert Depositions

(1)    On day one hundred eighty (180) following the selection of the fifteen (15) Plaintiffs for whom more extensive discovery will occur, Plaintiffs' Counsel shall serve expert reports and disclosures from all experts who have produced such reports and disclosures with respect to those Plaintiffs. The experts shall also provide three dates on which they are available for deposition. Defendants may begin noticing the depositions of Plaintiffs' experts to take place on one of the three dates provided.

(2)     On day two hundred ten (210) following the selection of the fifteen (15) Plaintiffs for whom more extensive discovery will occur, those Plaintiffs shall begin appearing for Defense Medical Examinations ("DMEs"), on dates reasonably identified by Defendant. These examinations shall be conducted by suitably licensed or certified examiners identified by Defendant. Examiners shall examine the claimant on the same day if the examiners are specialists in the same field unless the nature of the examinations make simultaneous examinations impractical. Examiners who are specialists in different fields may examine the claimant on different days. The Court will further address the substance of the DMEs prior to their occurrence.

(3)     On day two hundred fifty-five (255) following the selection of the fifteen (15) Plaintiffs for whom more extensive discovery will occur, Defendant shall provide full and complete expert reports and disclosures to Plaintiffs' Counsel. The experts shall also provide three dates on which they are available for deposition. Plaintiffs may begin noticing the depositions of the defendants' experts to take place on one of the three dates provided.

## X.     **Discovery Dispute Protocol**

(1)     Conduct a meet and confer on the issue.

(2)     If the parties reach an impasse, email the Court's law clerk (_____) with two or three sentences indicating the nature of the dispute, copied to opposing counsel. This email must indicate that there has been a meet and confer on the issue and that there is an impasse. The dispute must be submitted by the previous Thursday at 2:00 pm in order to be considered for resolution the following Wednesday. The Court will set forth its availability for these conferences in the order that follows each monthly status conference.

(3)     The Court will then accept the topic for a biweekly conference call, authorize briefing on the topic, or place the issue on the agenda for the next status conference. The parties will learn of the Court's decision after the agenda for the next call is set and docketed.

(4)     If the topic is accepted for the biweekly conference call, then pursuant to the timeline specified in the agenda, parties to the dispute must submit a one-page, single-spaced summary of the issue via email to the Court's assigned law clerk. Do not file these on the docket. The disputed request may be attached to the one-page summary of the issue.

(5)     The Court will generally convene a one-hour conference call as needed every two weeks on Monday mornings, usually at 10:00 am. These calls will not normally be on the record. If a party seeks to have the dispute on the record, then this must be requested in advance of the call by email.

## XI.     Pretrial Motions and Completion Date for Discovery

Unless otherwise mentioned above, the date by which all pretrial motions shall be filed and the completion date for discovery will be established by the Court at a later date.

**SO ORDERED** this _____ day of _____, 2024.


_____
The Honorable Carlton W. Reeves
United States District Court Judge